IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALIANZA AMERICAS, and YANET DOE, PABLO DOE, and JESUS DOE on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>RONALD DESANTIS, Governor of Florida in his Official and Personal Capacities; JARED W. PERDUE, Secretary of the Florida Department of Transportation in his Official and Personal Capacities; STATE OF FLORIDA; THE FLORIDA DEPARTMENT OF TRANSPORTATION; DOES #1-5;<br><br>Defendants. | Civil Action No. 22-CV-11550 |

## MOTION TO PROCEED PSEUDONYMOUSLY

Plaintiffs Yanet Doe, Pablo Doe, and Jesus Doe, through their undersigned counsel, respectfully request that this Court grant their Motion to Proceed Pseudonymously in this action and, pursuant to Fed. R. Civ. P. 52 and Local Rule 5.2, enter an Order permitting all documents containing identifying information to be filed under permanent seal to be viewed by the Court in camera, with redacted versions made part of the public record, or in the alternative, to be designated Attorneys' Eyes Only and accessible only by the Court and Defendants' Counsel.

Dated: September 20, 2022

Respectfully submitted,

/s/ Oren Sellstrom
Oren Sellstrom (BBO #569045)
Iván Espinoza-Madrigal (BBO # 708080)
Jacob Love (BBO #699613)
Mirian Albert (BBO #710093)
Lawyers for Civil Rights
61 Batterymarch Street, 5th Floor
Boston, MA 02110
(617) 482-1145
osellstrom@lawyersforcivilrights.org

# PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO PROCEED PSEUDONYMOUSLY

## INTRODUCTION

Plaintiffs Yanet Doe, Pablo Doe, and Jesus Doe ("Plaintiffs") seek authorization to proceed under pseudonyms in the above-captioned matter. Plaintiffs are recent Venezualan immigrants to the United States. At issue in this case is Defendants' transportation of Plaintiffs across state lines under false pretenses. For the reasons explained below, Plaintiffs and their family members will only be safe if they are allowed to move forward in this action under pseudonyms. Additionally, granting this motion would avoid creating a chilling effect on similarly situated individuals who might pursue litigation in the future.

## LEGAL STANDARD

The First Circuit has held that "[l]itigation by pseudonym should occur only in exceptional cases." *Doe v. Mass. Inst. Of Tech.*, No. 22-1056, 2022 WL 3646028, at *7 (1st Cir. Aug. 24, 2022) (internal citations and quotations omitted). Courts considering motions to proceed pseudonymously "should balance the interests asserted by the movant in favor of privacy against the public interest in transparency, taking all relevant circumstances into account." *Id.* at *8. Generally, in doing so, courts in this district should "focus upon the extent to which the facts align with one or more" of four paradigms the First Circuit has identified as exceptional. *Id.* Those paradigms are: (1) cases involving "a would-be Doe who reasonably fears that coming out of the shadows will cause him unusually severe harm (either physical or psychological)"; (2) "cases in which identifying the would-be Doe would harm innocent non-parties"; (3) "cases in which anonymity is necessary to forestall a chilling effect on future litigants who may be similarly situated"; and (4) "suits that are bound up with a prior proceeding made confidential by law." *Id.* at *7-8 (internal citations and quotations omitted).

## ARGUMENT

This case aligns with three of the four paradigms of exceptional cases. First, Plaintiffs reasonably fear unusually severe harm if their identities are revealed. This matter is politically fraught in the United States and Plaintiffs fear that, particularly due to their vulnerable immigration status, revealing their identities will immediately expose them to violence, threats of violence, and severe public backlash that would be psychologically traumatizing and physically dangerous. Additionally, Plaintiffs all hail from Venezuela, a country for which the U.S. Department of State has issued a level four "Do not Travel" advisory "due to crime, civil unrest, poor health infrastructure, kidnapping … terrorism and wrongful detentions." Plaintiffs all have family members who remain in Venezuela. Plaintiffs thus all credibly fear that revealing their identities as part of this litigation will put them – or their family members – in immediate danger of physical harm in reprisal for their decision to flee the country, and/or expose them to potential extortion attempts by state and criminal actors in Venezuela.

Second, revealing Plaintiffs' identities would expose innocent non-parties to harm. It would allow the media or others to easily uncover the identities of Plaintiffs' family members remaining in Venezuela, who would then face an immediate risk of retaliatory violence. Moreover, Plaintiff Yanet Doe has a minor son who is also a victim of the scheme at issue in this case. She should be granted anonymity to protect her vulnerable child. *See Doe v. Eason*, No. Civ.A. 3:98-CV-2454, 1999 WL 33942103, at *3 (N.D. Tex. Aug. 4, 1999) (noting that "[b]ecause a child is especially vulnerable, courts must assess the issue of anonymity in light of the special vulnerability of the child whose identity will necessarily be revealed by disclosure of a party's identity") (cited with approval by the First Circuit in *Doe v. Mass. Inst. Of Tech*).

Third, forcing Plaintiffs to reveal their identities as part of this litigation would produce a chilling effect on potential future litigants who are similarly situated. Plaintiffs, and others not named in this action, were specifically targeted for this scheme by Defendants due to their immigration status. If Plaintiffs have to reveal themselves going forward, others with vulnerable immigration status – or no status at all – will be hesitant to seek redress in the courts. *See Lozano v. City of Hazleton*, 620 F.3d 170, 195 (3rd Cir. 2010) (considering the fact that "prospective litigants lacking lawful status, would be deterred from bringing cases clarifying constitutional rights, if doing so required alerting federal immigration authorities to their presence" in affirming grant of pseudonym status), *judgment vacated on other grounds* by 563 U.S. 1030 (2011).

These privacy considerations substantially outweigh the public's interest in the litigants' identities. *See Ms. Q. v. U.S. Immigration and Customs Enforcement*, No. 1:18-cv-02409, 2018 WL 10050939, at *3 (D.D.C. Oct. 24, 2018) (finding that "[t]he public's interest in the litigants' identity is *de minimus*" in case involving asylum seeker who stated that she and her child would face a "significant risk of persecution" if mother's identity were revealed).

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully requests that this Court grant their motion permitting them to proceed pseudonymously in this civil action.

Respectfully submitted,

/s/ Oren Sellstrom
Oren Sellstrom (BBO #569045)
Iván Espinoza-Madrigal (BBO # 708080)
Jacob Love (BBO #699613)
Mirian Albert (BBO #710093)
Lawyers for Civil Rights
61 Batterymarch Street, 5th Floor
Boston, MA 02110
(617) 482-1145
osellstrom@lawyersforcivilrights.org

**CERTIFICATE OF SERVICE**

   I hereby certify that, on September 20, 2022, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by email to all parties by operation of this Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

Dated: September 20, 2022

/s/   *Jacob M. Love*
Jacob M. Love, Esq. (BBO # 699613)