IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALIANZA AMERICAS, and YANET DOE, PABLO DOE, and JESUS DOE on behalf of themselves and all others similarly situated,<br><br>                              Plaintiffs,<br><br>    v.<br><br>RONALD DESANTIS, Governor of Florida in his official and personal capacities; JARED W. PERDUE, Secretary of the Florida Department of Transportation in his official and personal capacities; STATE OF FLORIDA; THE FLORIDA DEPARTMENT OF TRANSPORTATION; DOES #1-5;<br><br>                              Defendants. | Civil Action No.<br>1:22-cv-11550-ADB |

**PLAINTIFFS' OPPOSITION TO MOTION TO INTERVENE**

Plaintiff Alianza Americas and Individual Plaintiffs Yanet Doe, Pablo Doe and Jesus Doe (collectively, "Plaintiffs") hereby oppose the Motion to Intervene filed by Emanuel McCray. ECF No. 11 (the "Motion").

As best Plaintiffs can discern from the Motion, McCray seeks to intervene in this case on behalf of a class of "all other citizens of the United States" to vindicate his "basic human rights" and "defend our borders and sovereignty" by asking this Court to, *inter alia*, dismiss Plaintiffs' claims and "order[] the immediate removal of the Plaintiff illegals and their proposed class to their countries of origin." Motion at 2, 3, 19, 20. McCray also appears to describe new supposed claims against new parties, under legal theories and facts not at issue in this case. Whatever the merits of McCray's allegations, to the extent he has cognizable claims, he can bring those separately in an appropriate court against appropriate defendants. This case, however, has nothing to do with his

rights nor his purported claims, and intervention should therefore be denied. McCray has not established a right to intervene, and permissive intervention would only serve to prejudice Plaintiffs as described below.

## I. MCCRAY HAS NO RIGHT TO INTERVENE

Intervention by right requires proposed intervenors to show "(1) their motion is timely; (2) they have an interest related to the property or transaction that forms the foundation of the ongoing action; (3) the disposition of the action threatens to impair or impede their ability to protect their interest; and (4) no existing party adequately represents their interest." *Students for Fair Admissions, Inc. v. President & Fellows of Harvard College*, 807 F.3d 472, 474 (1st Cir. 2015). These elements are conjunctive; a proposed intervenor must satisfy all of them. *Ungar v. Arafat*, 634 F.3d 46, 51 (1st Cir. 2011). McCray cannot come close to satisfying the second, third, or fourth prong of this test and the Motion should be denied.

Regarding the second prong, an intervenor's "interest must be direct, not contingent" and his "claim must bear a sufficiently close relationship to the dispute between the original litigants." *Travelers Indem. Co. v. Dingwell*, 884 F.2d 629, 638 (1st Cir. 1989) (quotations omitted). McCray's Motion fails to satisfy those criteria. He has articulated no protectable interest related to this action, nor could he. To the best Plaintiffs can understand, McCray complains that the U.S. immigration laws are not being properly enforced.[1] Motion at 11-18. It is well-established Constitutional law, however, that enforcement of immigration laws is the exclusive domain of the federal government. U.S. Const., Art. I, § 8, cl. 3, 4; *see also Graham v. Richardson*, 403 U.S. 365, 377 (1975); *Hines v. Davidowitz*, 312 U.S. 52, 66 (1941). The purported interest in immigration enforcement of the proposed class of intervenors is too far removed to justify

---

[1] Contrary to McCray's assertions, the Individual Plaintiffs are all authorized by federal immigration officials to be in the United States. *See* ECF No. 1 ("Complaint") ¶¶ 1, 6, 53-55, 68-70, 83-85.

intervention. McCray has no cognizable right to enforce immigration laws himself. Moreover, his requested relief is not properly before this Court—the Individual Plaintiffs' immigration cases are pending in other fora, Complaint ¶¶ 1, 54, 85, and this Court does not have jurisdiction to adjudicate their immigration status.

Far from articulating a protectable interest in this case that warrants intervention, McCray's Motion identifies no connection to Plaintiffs' case at all. The Individual Plaintiffs bring this action, on their own behalf and on behalf of all others similarly situated, seeking redress as victims of a fraudulent scheme perpetrated on them by Defendants in violation of federal and state law. In contrast, McCray seeks to assert new claims and against new defendants. For example, he appears to describe claims against "Massachusetts" for allegedly forcing putative class members "into military confinement aboard [Joint Base Cape Cod]" rather than allowing them "to live in the 'Oak Bluffs' section of Martha's Vineyard with other people of color." Motion at 4. Setting aside whether that is even a claim appropriate for intervention, McCray patently lacks standing to assert it. McCray also appears to fault the U.S. Department of Homeland Security for releasing "extremely inaccurate and or misleading" data regarding immigration to the United States. Motion at 14. McCray has no cognizable interest in such a claim. Simply put, McCray should not be allowed to hijack Plaintiffs' case to air his own grievances, based on purported factual allegations and parties not at issue in this case. *See, e.g.*, *Mullane v. Portfolio Media, Inc.*, 2020 U.S. Dist. LEXIS 71765, at *13-15 (D. Mass. Feb. 28, 2020), *aff'd sub nom.*, *Mullane v. Breaking Media, Inc.*, 2021 U.S. App. LEXIS 21516 (1st Cir. Feb. 26, 2021); *Disability Law Ctr. v. Mass. Dep't of Corr.*, 2007 U.S. Dist. LEXIS 107863, at *7-8 (D. Mass. Sept. 5, 2007).

Elsewhere, and citing posts from a QAnon conspiracy forum,[2] McCray describes an "International 'Infiltration' Conspiracy" that he believes somehow implicates the Individual Plaintiffs. Motion at 6-9. Although difficult to understand, McCray appears to want to litigate "a constitutional question . . . as to whether federal courts must respect 'the independence, the equality, and dignity of the sovereign' as set forth in *The Schooner Exch. v. McFaddon*, 11 U.S. (7 Cranch) 116, 123 (1812), where, as here, the illegal immigration is aimed at destabilization of the United States through infiltration." Motion at 15. Plaintiffs do not comment on the viability of such a claim, but it does not belong here. Not only are all of the issues that McCray raises far afield from the original dispute, the interests of the proposed class of intervenors "are simply too removed, too speculative, and too contingent, to justify intervention as of right." *Students for Fair Admissions, Inc. v. President & Fellows of Harvard College*, 308 F.R.D. 39, 47 (D. Mass. 2015), *aff'd*, 807 F.3d 472 (1st Cir. 2015).

In light of the fact that this case bears almost no relation to the supposed wrongs identified by McCray, it follows that disposition of this action will not threaten to impair or impede his ability to protect his interests. Again, to the extent McCray has an issue with how the federal government is managing national immigration policy, the resolution of this case does not seek to resolve that. Accordingly, he has not come close to meeting the third prong of the intervention test.

McCray also fails the fourth prong. The Motion does not demonstrate that any interests he asserts are inadequately represented by the existing Defendants. This is particularly true here, where the Defendants include a number of governmental entities and officials. *Victim Rights Law Ctr. v. Rosenfelt*, 988 F.3d 556, 561-62 (1st Cir. 2021). In such a case, the Court "start[s] with a

---

[2] QAnon has been described as "the umbrella term for a set of internet conspiracy theories that allege, falsely, that the world is run by a cabal of Satan-worshiping pedophiles." NY Times, *What Is QAnon, The Viral, Pro-Trump Conspiracy Theory?* (Sept. 3, 2021), available at https://www.nytimes.com/article/what-is-qanon.html.

rebuttable presumption that the government will defend adequately its action" and "[a] successful rebuttal requires a strong affirmative showing that the agency (or its members) is not fairly representing the applicants' interests." *Id.* at 561 (quotations omitted). McCray's unsupported assertion that "[t]he interests of the proposed Intervenors . . . are distinct" from those of the current parties, Motion at 18, falls well short of the necessary showing. Moreover, to the extent McCray seeks to defend Defendants' scheme to take advantage of the Individual Plaintiffs, that is not an appropriate basis for intervention. "[A] movant-intervenors' interest in making an additional constitutional argument in defense of government action does not render the government's representation inadequate." *Id.* at 562. McCray has not identified any "tangible basis to support a claim of purported inadequacy" of representation, and his Motion should be denied on this basis too. *Public Serv. Co. v. Patch*, 136 F.3d 197, 207 (1st Cir. 1998).

## II.     THE COURT SHOULD DENY MCCRAY PERMISSION TO INTERVENE

"Upon a timely motion, the court has discretion to allow permissive intervention when an applicant's claim or defense and the main action have a question of law or fact in common. Permissive intervention, however, is wholly discretionary, and when exercising its discretion, the court may consider almost any factor rationally relevant." *Students for Fair Admissions Inc.*, 308 F.R.D. at 46 (quotations omitted). In addition to all the reasons discussed above, this Court should deny McCray permission to intervene because doing so would "further complicate proceedings, lengthen the discovery process, add expense, and significantly delay the ultimate resolution of this case." *Id.* at 52. The claims themselves are virtually incomprehensible, which alone would add significant delay to this case. Moreover, given the utter lack of any connection between McCray's alleged claims and the actual merits of this matter, allowing McCray to intervene in this action to litigate his own potential claims against new parties predicated on internet conspiracy theories

would both "prejudice the existing parties [and] delay the action." *Id.* at 51 (citing Fed. R. Civ. P. 24(b)(3)).

### III.  CONCLUSION

For all of the foregoing reasons, Plaintiffs respectfully request that this Court deny McCray's Motion to Intervene in full, and grant such other and further relief as is just and proper.

Dated: October 19, 2022
        Boston, MA

/s/ *Kenneth S. Leonetti*
Oren Sellstrom (BBO #569045)
Iván Espinoza-Madrigal (BBO # 708080)
Jacob Love (BBO #699613)
Mirian Albert (BBO #710093)
Lawyers for Civil Rights
61 Batterymarch Street, 5th Floor
Boston, MA 02110
(617) 482-1145
osellstrom@lawyersforcivilrights.org

Kenneth S. Leonetti (BBO # 629515)
Madeleine K. Rodriguez (BBO #684394)
Matthew E. Miller (BBO # 655544)
Foley Hoag LLP
155 Seaport Boulevard
Boston, MA 02210
(617) 832-1000
ksl@foleyhoag.com
mrodriguez@foleyhoag.com
mmiller@foleyhoag.com

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

  I hereby certify that, on October 19, 2022 a copy of the foregoing document was filed through the ECF system and will therefore be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those participants indicated as non-registered participants.

  I further certify that on October 19, 2022 a copy the foregoing document was served via email and first class mail on Emanuel McCray at the address listed below.

  Emanuel McCray
  2700 Caples Street
  P.O. Box 3134
  Vancouver, WA 98668
  Emanuel.mccray@hotmail.com

              /s/ *Kenneth S. Leonetti*
              Kenneth S. Leonetti (BBO # 629515)

Dated: October 19, 2022