UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ALIANZA AMERICAS, YANET DOE, PABLO DOE, and JESUS DOE *on behalf of themselves and all others similarly situated*, | * * * * * | |
| Plaintiffs, | * * | |
| v. | * * | Civil Action No. 22-cv-11550-ADB |
| RONALD DESANTIS, Governor of Florida, and JARED W. PERDUE, Secretary of the Florida Department of Transportation, *in their official and personal capacities*; STATE OF FLORIDA; THE FLORIDA DEPARTMENT OF TRANSPORTATION; and Does #1-5, | * * * * * * * | |
| Defendants. | * * | |

## MEMORANDUM AND ORDER DENYING EMANUEL MCCRAY'S MOTION TO INTERVENE

BURROUGHS, D.J.

Currently before the Court is movant Emanuel McCray's ("McCray") motion to intervene. [ECF No. 11]. For the following reasons, the motion is DENIED.

Federal Rules of Civil Procedure 24 allows intervention of right and permissive intervention. Rule 24(a), "intervention of right," provides that, upon a "timely application," the Court "must permit anyone to intervene who . . . claims an interest relating to the . . . transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). A party may intervene as a matter of right under Rule 24(a) if it meets the following four requirements:

> First, the application must be timely.  Second, the applicant must claim an interest relating to the property or transaction which is the subject of the action.  Third, the applicant must be so situated that the disposition of the action may as a practical matter impair or impede [its] ability to protect that interest.  Fourth, the applicant must show that [its] interest will not be adequately represented by existing parties.

Travelers Indem. Co. v. Dingwell, 884 F.2d 629, 637 (1st Cir. 1989).

A "[f]ailure to satisfy any single requirement for intervention . . . is sufficient grounds to deny [the] request.'" Victim Rights Law Center v. Rosenfelt, 988 F.3d 556, 560–61 (1st Cir. 2021).  "[A] party to claim standing [to intervene] must have an interest distinct from that of every other citizen or taxpayer." Daggett v. Comm'n on Governmental Ethics & Election Practices, 172 F.3d 104, 110 (1st Cir. 1999) (citations omitted).  This reflects a well-founded reluctance to allow intervention "by individuals whose interest is infinitely diluted, rests solely on ideological grounds, or could be replicated by an unlimited number of parties or would-be intervenors." Daggett, 172 F.3d at 110 (citing United States v. Richardson, 418 U.S. 166, 179–80 (1974)).

Here, McCray argues that intervention is warranted because he and his proposed class members were "either born or naturalized in the United States and as . . . taxpayer[s], must pay the costs associated with illegal immigration[.]"  [ECF No. 11 at 8].  In his argument for intervention, however, McCray explicitly states that his interest is *not* "distinct from that of every other citizen or taxpayer," Daggett, 172 F.3d at 110, and there is nothing in the record that suggests otherwise.  Consequently, McCray has failed to satisfy a requirement for intervention by right.

Alternatively, under Rule 24(b), "permissive intervention," the Court "may," on a timely motion, "permit anyone to intervene who . . . has a claim . . . that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B).  "Permissive intervention is

2

'wholly discretionary,' and a court should consider whether intervention will prejudice the existing parties or delay the action." In re Bos. Scientific Corp. ERISA Litig., 254 F.R.D. 24, 33 n.82 (D. Mass. 2008) (quoting In re Sonus Networks, Inc. Sec. Litig., 229 F.R.D. 339, 345 (D. Mass. 2005)).  "[A] district court's discretion to grant or deny motions for permissive intervention is very broad." T-Mobile Ne. LLC v. Town of Barnstable, 969 F.3d 33, 42 (1st Cir. 2020) (citations omitted).  The Court may consider various factors to determine whether permissive intervention is warranted.  See id. at 41–42 (explaining that "a district court mulling permissive intervention is free to consider whether 'the applicants may be helpful in fully developing the case[,]'" and  "that 'more parties would complicate' matters unnecessarily").

Here, the Court does not believe that allowing McCray to intervene will be helpful, constructive, or protect an otherwise unrepresented interest.

Therefore, the motion to intervene, [ECF No. 11], is DENIED.

**SO ORDERED.**

November 21, 2022                                     /s/ Allison D. Burroughs
                                                      ALLISON D. BURROUGHS
                                                      U.S. DISTRICT JUDGE