UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALIANZA AMERICAS, YANET DOE, PABLO DOE, and JESUS DOE, on behalf of themselves and all others similarly situated,<br><br>                        Plaintiffs,<br><br>-against-<br><br>RONALD D. DESANTIS, Governor of Florida, in his official and personal capacities; JARED W. PERDUE, Secretary of the Florida Department of Transportation, in his official and personal capacities; LAWRENCE A. KEEFE, Florida Public Safety Czar, in his official and personal capacities; JAMES UTHMEIER, Chief of Staff to Florida Governor, in his official and personal capacities; STATE OF FLORIDA; THE FLORIDA DEPARTMENT OF TRANSPORTATION; JAMES MONTGOMERIE; PERLA HUERTA; and VERTOL SYSTEMS COMPANY, INC.,<br><br>                        Defendants. | Civil Action No. 1:22-cv-11550-ADB |

## **OPPOSITION TO MOTION TO PARTICIPATE AS AMICUS CURIAE**

Defendants Vertol Systems Corp. and James Montgomerie (collectively "Vertol") hereby oppose the motion to participate as amicus curiae filed by the National Latino Evangelical Coalition ("NaLEC"), ECF No. 93. NaLEC has not established that it has a unique special interest in these proceedings.

    1. While discretionary, the First Circuit has cautioned that district courts "should go slow in accepting, and even slower in inviting, an amicus brief unless . . . the amicus has a special interest that justifies his having a say, or unless the court feels that existing counsel may need supplementing assistance." *Strasser v. Doorley*, 432 F.2d 567, 569 (1st Cir. 1970).

    2. NaLEC argues that it has a special interest in these proceedings because "faith-based and

faith-affiliated organizations [] have historically assumed a central role in supporting migrants." ECF No. 93, ¶ 3.

3. Even if factually true, it is unclear how this gives NaLEC itself any sort of special interest in this case—much less a special interest distinct from that already advanced by Plaintiff Alianza Americas ("Alianza"). It is equally unclear how NaLEC can offer assurances that it will present unique perspectives or make unique arguments other than those advanced by the parties before Plaintiffs' opposition to Defendants' pending motion to dismiss has even been filed. NaLEC's lack of a unique special interest alone justifies denial of its motion.

4. Further, there is no suggestion that existing counsel may need supplemental assistance. Indeed, Plaintiffs are already represented by Foley Hoag, one of the top law firms in Boston.

5. Courts also have emphasized that "an amicus who argues facts should rarely be welcomed." *Strasser*, 532 F.2d at 569; *see also Students for Fair Admissions v. President and Fellows of Harvard Coll.*, 2018 WL 9963511, at *1 (D. Mass. Oct. 3, 2018) (Burroughs, J.).

6. NaLEC's motion suggests that it intends to argue the facts here, promising to provide "perspectives other than those represented by the parties," discuss "the impact that different rulings may have on the community," and "focus the Court's attention on the broader implications of the case." ECF No. 93, ¶ 3. This provides another, independent ground for denying NaLEC's motion.

7. Finally, NaLEC's motion suggests that "additional faith-based organizations" may "seek to join NaLEC's brief." *Id.*, ¶ 1. Vertol submits that NaLEC's motion, even if granted, would not automatically grant "additional faith-based organizations" any right to appear in these proceedings and expressly reserves the right to oppose any additional amicus curiae applications made in this case.

Dated: April 26, 2023

        NIXON PEABODY LLP

        /s/ Brian T. Kelly
        Brian T. Kelly (BBO No. 549566)
        Christopher J. Stevens (admitted *pro hac vice*)
        Nixon Peabody LLP
        Exchange Place
        53 State Street
        Boston, Massachusetts 02109-2835
        Telephone:  617-345-1000
        Facsimile:   855-714-9513
        bkelly@nixonpeabody.com

*Attorneys for Defendants Vertol Systems Company, Inc. and James Montgomerie*

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the forgoing was filed electronically on April 26, 2023, and thereby delivered by electronic means to all registered participants as identified on the Notice of Electronic Filing.

                                     */s/ Brian T. Kelly*
                                     Brian T. Kelly
                                     Nixon Peabody LLP
                                     Exchange Place
                                     53 State Street
                                     Boston, Massachusetts 02109-2835
                                     Telephone:  617-345-1000
                                     Facsimile:   855-714-9513
                                     bkelly@nixonpeabody.com

                                   *Attorneys for Defendants Vertol Systems Company, Inc. and James Montgomerie*