# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALIANZA AMERICAS, YANET DOE, PABLO DOE, and JESUS DOE, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>        v.<br><br>RONALD D. DESANTIS, Governor of Florida, in his official and personal capacities; JARED W. PERDUE, Secretary of the Florida Department of Transportation, in his official and personal capacities; LAWRENCE A. KEEFE, Florida Public Safety Czar, in his official and personal capacities; JAMES UTHMEIER, Chief of Staff to Florida Governor, in his official and personal capacities; STATE OF FLORIDA; THE FLORIDA DEPARTMENT OF TRANSPORTATION; JAMES MONTGOMERIE; PERLA HUERTA; and VERTOL SYSTEMS COMPANY, INC.,<br><br>        Defendants. | Civil Action No. 22-11550-ADB |

## PLAINTIFFS' OPPOSITION TO
## DEFENDANTS' JOINT MOTION TO TRANSFER

# TABLE OF CONTENTS

I.   LEGAL STANDARD ................................................................................................... 1

II.   TRANSFER OF VENUE IS UNWARRANTED AND UNNECESSARY .......................... 2

  A.   Plaintiffs' choice of forum should be respected. .............................................................. 2

  B.   The relative convenience of the parties favors this district.................................................... 3

  C.   The relative convenience of the witnesses and location of documents weighs against

    transfer. ....................................................................................................................... 6

  D.   There is a strong connection between this forum and the issues to be litigated. ................. 8

  E.   The law to be applied weighs against transfer. ................................................................. 10

  F.   Massachusetts and its citizens have a significant public interest in this matter................. 11

III.   CONCLUSION.......................................................................................................... 11

# TABLE OF AUTHORITIES

## CASES

*Adams v. Fed. Bureau of Prisons*,
716 F. Supp. 2d 107 (D. Mass. 2010) ............................................................ 3

*Adelson v. Hananel*,
510 F.3d 43 (1st Cir. 2007) ............................................................................ 3

*Alves v. Siegel's Broadway Auto Parts, Inc.*,
710 F. Supp. 864 (D. Mass. 1989) .......................................................... 8, 12

*Anderson Trucking Servs., Inc. v. Hadland*,
2023 U.S. Dist. LEXIS 17379 (D. Minn. Feb. 2, 2023) ............................... 7

*Anderson v. Century Prods. Co.*,
943 F. Supp. 137 (D.N.H. 1996) ................................................................ 5, 9

*Boateng v. Gen. Dynamics Corp.*,
460 F. Supp. 2d 270 (D. Mass. 2006) ......................................................... 5, 6

*Cardiaq Valve Techs., Inc. v. Neovasc, Inc.*,
52 F. Supp. 3d 313 (D. Mass. 2014) .............................................................. 2

*Coady v. Ashcraft & Gerel*,
223 F.3d 1 (1st Cir. 2000) ............................................................................. 1

*Cohen v. McDonnell Douglas Corp.*,
389 Mass. 327 (1983) ................................................................................... 13

*Connell Ltd. P'ship v. Associated Indem. Corp.*,
2023 U.S. Dist. LEXIS 2393 (D. Mass. Jan. 6, 2023) .................................. 3

*Dress v. Capital One Bank (USA), N.A.*,
368 F. 3d 178 (D. Mass. 2019) ............................................................. 4, 6, 7

*FDIC v. Drew Mortg. Assocs.*,
251 F. Supp. 3d 280 (D. Mass. 2017) ....................................................... 8, 12

*Fed. Ins. Co. v. XTRA Intermodal*,
2015 WL 4275181 (D. Mass. 2015) .............................................................. 5

*Gulf Oil Corp. v. Gilbert*,
330 U.S. 501 (1947) .................................................................................. 2, 3

*Hannon v. Beard*,
524 F.3d 275 (1st Cir. 2008) ................................................................................. 13

*Howlett v. Rose*,
496 U.S. 356 (1990) ............................................................................................... 13

*Kleinerman v. Luxtron Corp.*,
107 F. Supp. 2d 122 (D. Mass. 2000) ............................................................. passim

*Nowak v. Tak How Invs., Ltd.*,
94 F.3d 708 (1st Cir. 1996) ..................................................................................... 3

*Piper Aircraft Co. v. Reyno*,
454 U.S. 235 (1981) ................................................................................................. 4

*PTI, Inc. v. Philip Morris Inc.*,
100 F. Supp. 2d 1179 (C.D. Cal. 2000) .................................................................. 7

*Rosenthal v. Unum Grp.*,
2018 U.S. Dist. LEXIS 39937 (D. Mass. Mar. 12, 2018) ....................................... 7

*Scholtens v. Gyrus Amci, Inc.*,
2019 U.S. Dist. LEXIS 104590 (D. Mass. May 10, 2019) ...................................... 10

*Sigros v. Walt Disney World Co.*,
129 F. Supp. 2d 56 (D. Mass. 2001) ................................................................... 6, 9

*Stone v. State of Tex.*,
76 Cal. App. 4th 1043 (1999) .................................................................................. 8

*Stroman Realty, Inc. v. Wercinski*,
513 F.3d 476 (5th Cir. 2008) ................................................................................. 11

*TargetSmart Holdings, LLC v. GHP Advisories, LLC*,
366 F. Supp. 3d 195 (D. Mass. 2019) ..................................................................... 2

*Trans Nat'l Travel, Inc. d/b/a TNT Vacations v. Sun Pacific Int'l, Inc.*,
10 F. Supp. 2d 79 (D. Mass. 1998) ......................................................................... 6

*Vass v. Blue Diamond Growers*,
2015 U.S. Dist. LEXIS 62094 (D. Mass. Apr. 22, 2015) ........................................ 4

*Wiley v. Gerber Prod. Co.*,
667 F. Supp. 2d 171 (D. Mass. 2009) ................................................................. 1, 4

iii

*World Energy Alternatives, LLC v. Settlemyre Indus.*,
671 F. Supp. 2d 215 (D. Mass. 2009) ............................................................................................ 3

**STATUTES**

28 U.S.C. § 1404(a) ............................................................................................................. 1, 11

Plaintiffs did not choose this district, Defendants did. Defendants chose to send Class Plaintiffs to Massachusetts, and Martha's Vineyard specifically, because they believed it presented the ideal conditions to abandon the Individual Plaintiffs, catch a small community off guard, generate the most media coverage, and harm their political opponents. Now Defendants have the gall to argue that this forum is inconvenient for them. Had Defendants wanted to, as they argue, "protect litigants, witnesses and the public against unnecessary inconvenience and expense," they could have chosen to forgo this scheme and leave the Individual Plaintiffs alone entirely. *Wiley v. Gerber Prod. Co.*, 667 F. Supp. 2d 171, 172 (D. Mass. 2009) (quotations omitted). Instead, Defendants manufactured this stunt from beginning to end—recruiting individuals in Texas to highlight an issue supposedly affecting Florida, choosing the island where former President Obama owns property—and now feign indignance that they should have to answer for their actions may be held responsible in the district that they targeted. Defendants' motion to transfer under 28 U.S.C. § 1404(a) should be rejected, and this case should proceed as originally filed by Plaintiffs.

## I.      LEGAL STANDARD

28 U.S.C. § 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." The burden of proof rests with the party seeking transfer. *See Coady v. Ashcraft & Gerel*, 223 F.3d 1, 11 (1st Cir. 2000).

Although section 1404(a) "leaves much to the discretion of the court," *TargetSmart Holdings, LLC v. GHP Advisories, LLC*, 366 F. Supp. 3d 195, 217 (D. Mass. 2019) (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)), "'[u]nless the balance is strongly in favor of defendant, a plaintiff's choice of forum should rarely be disturbed.'" *Cardiaq Valve Techs., Inc.*

*v. Neovasc, Inc.*, 52 F. Supp. 3d 313, 315 (D. Mass. 2014) (quoting *Gulf Oil Corp.*, 330 U.S. at 508).

      To evaluate whether a defendant has met its burden to show transfer is warranted under section 1404(a), courts look to six factors: "(1) the plaintiff's choice of forum, (2) the relative convenience of the parties, (3) the convenience of the witnesses and location of documents, (4) any connection between the forum and the issues, (5) the law to be applied and (6) the state or public interests at stake." *Kleinerman v. Luxtron Corp.*, 107 F. Supp. 2d 122, 125 (D. Mass. 2000)*; see also Gulf Oil Corp.*, 330 U.S. at 508-509.  All of these factors point toward the District of Massachusetts.  Defendants, having in essence selected this forum themselves, have failed to demonstrate that the balance tips sufficiently in their favor to overcome Plaintiffs' choice of forum.

## II.    TRANSFER OF VENUE IS UNWARRANTED AND UNNECESSARY

### A.  Plaintiffs' choice of forum should be respected.

      Defendants open by arguing that this case "*could* have been brought in the Northern District of Florida."  Transfer Motion[1] at 3 (emphasis added).  But that is not the relevant inquiry.  Rather, "[w]here the events giving rise to a claim have taken place in multiple locations, as is the case here, venue may be proper in more than one district.  Under such circumstances, the court is 'not required to determine the best venue, merely a proper one . . . .  And importantly, when more than one proper venue exists, 'there is <u>a strong presumption in favor of the plaintiff's choice of forum</u>.'"  *Adams v. Fed. Bureau of Prisons*, 716 F. Supp. 2d 107, 113 (D. Mass. 2010) (internal citations omitted, emphasis added)*; see also Gulf Oil Corp.*, 330 U.S. at 508; *Adelson v. Hananel*, 510 F.3d 43, 52 (1st Cir. 2007); *Nowak v. Tak How Invs., Ltd.*, 94 F.3d 708, 719 (1st Cir. 1996); *Connell Ltd. P'ship v. Associated Indem. Corp.*, 2023 U.S. Dist. LEXIS 2393, at *26 (D. Mass.

---

[1] "Transfer Motion" refers to Defendants' Memorandum in Support of Joint Motion to Transfer.  D.E. 81-1.

Jan. 6, 2023); *World Energy Alternatives, LLC v. Settlemyre Indus.*, 671 F. Supp. 2d 215, 218 (D. Mass. 2009) ("[A] plaintiff's choice of forum weighs strongly against transfer."); *Wiley v. Gerber Prods. Co.*, 667 F. Supp. 2d 171, 174 (D. Mass. 2009).

Defendants argue, citing *Dress v. Capital One Bank (USA), N.A.*, 368 F. 3d 178, 181 (D. Mass. 2019), that Plaintiffs' choice of forum should be accorded less weight because this is a class action. But Defendants' reliance on *Dress* is misplaced. There, the court gave the plaintiff's choice of forum less weight "because she [brought] a putative class action suit on behalf of persons across the country." *Id.*, 368 F. Supp. 3d at 182. Here, by contrast, Individual Plaintiffs filed this case in the forum where Defendants intentionally transported and then abandoned all members of the proposed class.[2] Thus, Plaintiffs chose their singular "home forum" as their preferred venue.

Where, as here, a named plaintiff seeks to represent a class whose home forum is the same, Plaintiffs' choice of forum should be afforded the same weight without regard to the class allegations. *Vass v. Blue Diamond Growers*, 2015 U.S. Dist. LEXIS 62094, at *14-15 (D. Mass. Apr. 22, 2015) (class action)*; see also Kleinerman v. Luxtron Corp.*, 107 F. Supp. 2d 122, 125 (D. Mass. 2000) (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255 (1981)) ("When a plaintiff chooses his home forum, the choice more likely represents considerations of convenience rather than vexation or harassment to the defendant, thus elevating the hurdle the defendant is required to clear to warrant transfer."). This factor therefore weighs heavily in favor of the Plaintiffs and against transfer.

### B.  The relative convenience of the parties favors this district.

"Weighing the inconvenience to each party requires more than calculating dollars and cents. There is a qualitative component to the balance of convenience which must focus on the

---

[2] In Defendants' Appendix A, they attempt to obfuscate this fact by identifying the Named Plaintiffs based on their citizenship status while including every other party's state of residence within the United States.

comparative financial abilities of the parties and the cost of litigation should be borne by the party in the best position to absorb and spread it." *Anderson v. Century Prods. Co*., 943 F. Supp. 137, 148 (D.N.H. 1996). S*ee also Boateng v. Gen. Dynamics Corp.*, 460 F. Supp. 2d 270, 275 (D. Mass. 2006). Because of the "presumption in favor of plaintiff's choice, transfer is not appropriate where its effect is merely to shift the inconvenience from one party to the other." *Kleinerman*, 107 F. Supp. 2d at 125. Yet that is exactly what Defendants attempt to do; according to them, transfer is warranted because all nine of the defendants reside in Florida and "[t]he center of gravity is [in] Florida." Transfer Motion at 3 (citing *Fed. Ins. Co. v. XTRA Intermodal*, 2015 WL 4275181, at *5 (D. Mass. 2015)). But they misconstrue both the facts of this case and the governing legal standard. Defendants ignore convenience to the Plaintiffs, essentially arguing that the forum should be more convenient for them and less convenient for Plaintiffs. *See Kleinerman v. Luxtron Corp.*, 107 F. Supp. 2d 122, 125 (D. Mass. 2000) (citing *Trans Nat'l Travel, Inc. d/b/a TNT Vacations v. Sun Pacific Int'l, Inc*., 10 F. Supp. 2d 79, 81 (D. Mass. 1998)) (providing that since the "presumption in favor of plaintiff's choice, transfer is not appropriate where its effect is merely to shift the inconvenience from one party to the other."). And the "center of gravity" does not point to Florida, as the Class Plaintiffs were abandoned in Massachusetts and Alianza has its principal place of business in Chicago, a point that the Defendants concede. *See* Transfer Motion at 3.

Moreover, Defendants are in the "best position to absorb" the cost of litigating in this forum. *Boateng*, 473 F. Supp. 2d at 275. Class Plaintiffs are recently arrived and financially insecure immigrants. Because of Defendants' scheme giving rise to this action, Class Plaintiffs' support systems are principally located in Massachusetts, including their *pro bono* counsel. In comparison, the Florida Defendants have a budgetary surplus of $21.8 billion from the 2021-2022

Fiscal Year alone, with $15.7 billion in unallocated General Revenue.[3]  *See Dress*, 368 F. Supp.

3d at 183 (convenience of the parties factor weighs in favor of plaintiff who is of "modest means

and less able to absorb the costs and difficulty litigating in a distant forum" and where defendant

is "a multi-national corporation which can more easily bear the cost of litigation");  *Sigros v. Walt*

*Disney World Co*., 129 F. Supp. 2d 56, 71 (D. Mass. 2001) ("The balance of convenience focuses

on the comparative financial abilities of the parties and the cost of litigation should be borne by

the party in the best position to absorb and spread it.").  The relative financial ability of the parties

weighs against transfer.

In any event, technological advances in e-discovery and video conferencing have made

factors concerning the location of parties and documents less significant, particularly since the

COVID-19 pandemic.  *See, e.g., Dress*, 368 F. Supp. 3d at 183 (citing *Rosenthal v. Unum Grp.*,

2018 U.S. Dist. LEXIS 39937, at *3 (D. Mass. Mar. 12, 2018)); *Anderson Trucking Servs., Inc. v.*

*Hadland*, 2023 U.S. Dist. LEXIS 17379, at *9 (D. Minn. Feb. 2, 2023) (holding that convenience

factor does not weigh in favor of transfer where Plaintiff "represents it will conduct depositions of

Defendants in locations that are convenient for them—which Defendants admit will alleviate some

of their burden—and that Zoom depositions are always an option.").  Moreover, in the interest of

costs and convenience to the parties, the Plaintiffs are willing to conduct the Defendants'

depositions via video conferencing and/or in locations convenient to them.

The Florida Defendants also argue that having to defend the litigation in Massachusetts

burdens their sovereignty.  *See* Transfer Motion at 4 (citing *PTI, Inc. v. Philip Morris Inc.*, 100 F.

Supp. 2d 1179, 1190 n.8 (C.D. Cal. 2000); *Stone v. State of Tex.*, 76 Cal. App. 4th 1043, 1050

(1999)).  To the extent that the case stays in Massachusetts, and Plaintiffs strongly believe it should

---

[3] *Governor Ron DeSantis Announces Record Surplus for Fiscal Year 2021-22*, News Releases, State of Florida (July 7, 2022), https://flgov.com/2022/07/07/governor-ron-desantis-announces-record-surplus-for-fiscal-year-2021-22/.

even if that means proceeding without the State of Florida or FDOT, the Florida Defendants in their official capacity will not continue as Defendants to the litigation, therefore removing any concerns about their sovereignty.  *See* Plaintiffs' Opposition to Defendants' Motions to Dismiss, filed herewith.  In any event, courts regularly interpret and decide cases based on another state's substantive laws.  *See, e.g*., *FDIC v. Drew Mortg. Assocs.*, 251 F. Supp. 3d 280 (D. Mass. 2017) (applying Florida law); *Alves v. Siegel's Broadway Auto Parts, Inc.*, 710 F. Supp. 864, 869 (D. Mass. 1989) (applying Connecticut law).  This factor weighs in favor of the Plaintiffs and against transfer.

### C. The relative convenience of the witnesses and location of documents weighs against transfer.

Defendants next argue that it would be more efficient to conduct depositions and live testimony in Florida and, therefore, that this case should be transferred there.  In Defendants' view, the Amended Complaint "makes clear that Plaintiffs will seek" each Defendant's testimony and "highlights" other officials' conduct supposedly relevant to Plaintiffs' claims.  Defendants also believe that Vertol employees may be called as witnesses.  Plaintiffs address these points in turn.[4]

First, it is too early in the litigation to know who may be called as witnesses to this action. Nevertheless, this factor weighs in favor of retaining venue in Massachusetts.  Many of Plaintiffs' witnesses are located in Massachusetts, including all of the people named in the complaint who witnessed the flight and its arrival, who assisted the Plaintiffs after they arrived and were abandoned in Martha's Vineyard, and who have information regarding Plaintiffs' injuries, which

---

[4] Defendants' arguments here largely rehash the second factor—convenience of the parties.  To the extent that is the case, Plaintiffs have discussed that factor *supra* in Section I.b.

in large part occurred in Massachusetts.[5]  AC[6] ¶¶ 152-154.  These witnesses are not parties to the action and have no relation to the parties and their location is a key factor in the analysis. Compared to the Defendants, as discussed below, the Individual Plaintiffs may not be able to assure as easily the presence of these local witnesses in Florida as they can in Massachusetts, where a court order can compel attendance.  *See Kleinerman*, 107 F. Supp. 2d at 125-126; *Sigros*, 129 F. Supp. 2d at 71 (D. Mass. 2001).

Defendants argue that Plaintiffs are likely to call several Florida residents to testify during the course of this litigation, including employees of Vertol and the Florida executive branch.  Even assuming Defendants are correct, this factor still weighs in favor of the Plaintiffs.  If "a court order or the persuasion of an employer who is a party to the action can secure the appearance of witnesses regardless of the location of the forum, [the convenience of witnesses] factor becomes less important."  *Kleinerman*, 107 F. Supp. 2d at 125-126 (citing *Anderson*, 943 F. Supp. at 149).

Defendants complain that they and their employees would be inconvenienced by having to litigate in Massachusetts.  Defendants' argument should be given little weight when, as here, the potential witnesses are employees of the parties, who can persuade and secure their appearance regardless of the location of the forum.  *See Scholtens v. Gyrus Amci, Inc.*, 2019 U.S. Dist. LEXIS 104590, at *14 (D. Mass. May 10, 2019) ("Employees of a defendant party are non-factors in the convenience-to-witnesses analysis, since the employer has leverage by virtue of the employment relationship to require employees to appear at proceedings.").  Defendant DeSantis describes

---

[5] Defendants' "Appendix A" selectively lists only the Florida-based witnesses and leaves off all of the nonparty witnesses who reside here or elsewhere.

[6] "AC" refers to Plaintiffs' First Amended Class Action Complaint.  D.E. 21.

himself as the state's "chief executive officer."[7]   In that role, he can assuredly secure the appearance in Massachusetts of Florida employees whose witness testimony is necessary to the defense of this case.  Defendant Vertol likewise can secure the appearance of its employees as witnesses regardless of whether the litigation is in Massachusetts or in Florida.  Indeed, it is especially easy for an aviation company with proven experience and access to Massachusetts airports to transport individuals needing to participate in this litigation to the Commonwealth. Therefore, this factor also weighs in favor of the Plaintiffs and against transfer.

> **D.  There is a strong connection between this forum and the issues to be litigated.**

This factor weighs heavily against transfer.  The issues to be decided here are whether it was unlawful and/or tortious to lie to Class Plaintiffs in an effort to entice them unwittingly to travel to Massachusetts.  Indeed, the entire scheme would not have been complete but for the transports of Class Plaintiffs to this district, and Defendants specifically chose this forum as the intended target for the completion of their scheme.  *See* AC ¶¶ 178-185 (Governor Ron DeSantis claimed credit for flying Class Plaintiffs to Martha's Vineyard and stating in the days afterwards "[t]here were more Acela corporate journalists in Martha's Vineyard today than have ever gone down to the southern border.").

Defendants argue incorrectly that this case addresses the legality of a Florida state law and policy, funded by a Florida legislative appropriation, which was executed by Florida officials and individuals who live there.  But the Amended Complaint challenges Defendants' unconstitutional course of conduct, not legality of the particular budgetary law funding it.  As such, Defendants

---

[7] Despite Defendants' arguments that Governor Ron DeSantis needs to be in Florida in order to fulfill his chief executive duties, Governor DeSantis has recently spent considerable time outside of Florida, much of which have been unrelated to his official duties. *See* T. Wood, *Where'd Ron go? Keeping track of Florida Gov. DeSantis' out-of-state travels*, City & State Florida (last visited May 8, 2023), https://www.cityandstatefl.com/politics/2023/04/wheres-ron-keeping-track-florida-governor-ron-desantis-travels-presidential-run/384468/.

reliance on *Stroman Realty, Inc. v. Wercinski*, a Fifth Circuit decision considering whether personal jurisdiction could be properly extended over the defendant, is inapposite. *See id.*, 513 F.3d 476, 487 (5th Cir. 2008) (evaluating the reasonableness factor of personal jurisdiction). This case centers on issues of federal law and Massachusetts tort law.

Moreover, Defendants argue that "almost all relevant conduct occurred in Florida." Transfer Motion at 6. Not so. While the scheme may have been concocted in Florida, at root, this case concerns misrepresentations made to the Class Plaintiffs in Texas combined with injuries and torts that were completed in Massachusetts, facts acknowledged by Defendants in their Motion to Dismiss. *See* State Defs. MTD[8] at 46. Defendants: (1) led operations of the scheme in San Antonio, Texas; (2) searched for and recruited Class Plaintiffs to board the flights to Martha's Vineyard by misrepresenting their intended destination, the availability of various resources and job opportunities, and the identity of the flights' sponsor; (3) isolated Class Plaintiffs in a Texas hotel; (4) arranged the flights to Martha's Vineyard; (5) induced Class Plaintiffs to sign contracts while in Texas; (6) flew the unwitting Class Plaintiffs to Martha's Vineyard and did not inform them of their destination until they were minutes from landing; (7) abandoned Class Plaintiffs in Martha's Vineyard without informing Massachusetts prior to their arrival, or arranging for or providing the promised resources; and (8) prepared for national media to capture the moment that Class Plaintiffs landed and disembarked in Martha's Vineyard. Defendants, through their own actions, directed Class Plaintiffs and this case to Massachusetts. Transfer is not warranted here.

---

[8] "State Defs. MTD" refers to Defendants' Memorandum of Law in Support of State Defendant's Motion to Dismiss Plaintiff's First Amended Complaint. D.E. 86.

### E.  The law to be applied weighs against transfer.

Defendants argue that transfer is appropriate because the Northern District of Florida will be better able to construe Florida's immunities laws, including absolute immunity for claims against state officials and limited immunity for claims against Florida, and that Florida law governs the merits of Plaintiff's state tort claims.  *See* Transfer Motion at 6-7.  Both arguments fail.

First, courts regularly interpret and decide cases based on other state's substantive laws.  *See*, *e.g., FDIC*, 251 F. Supp. 3d 280 (applying Florida law); *Alves*, 710 F. Supp. at 869 (applying Connecticut law).  In any event, Massachusetts, not Florida, law governs the merits of the Plaintiffs' state law claims.  As explained in Plaintiffs' Opposition to Defendants' Motions to Dismiss, filed herewith, under Massachusetts choice-of-law rules, tort claims are by default governed by the law of the state in which the place of injury occurred.  *E.g.*, *Cohen v. McDonnell Douglas Corp*., 389 Mass. 327, 333-334 (1983) ("The place where the injury occurred is the place where the last event necessary to make an actor liable for an alleged tort takes place.").  Here, the Plaintiffs have alleged that the last event giving rise to liability occurred when the Class Plaintiffs were falsely imprisoned and then landed and were abandoned in Martha's Vineyard as a result of Defendants' intentional and premeditated scheme.  Therefore, Massachusetts substantive law governs Class Plaintiffs' tort claims and thus provides no reason to transfer this case to Florida.

Second, sovereign and qualified immunity are matters of federal law, and to the extent any state-law immunities (whether deriving from Massachusetts or Florida law) are implicated, this Court is perfectly competent to address them.  Similarly, whether a state law is preempted by federal law is a question that can be, and should be, considered by the federal courts.  *See Howlett v. Rose*, 496 U.S. 356, 378 (1990).

**F.  Massachusetts and its citizens have a significant public interest in this matter.**

Finally, Massachusetts has a significant interest in ensuring that out-of-state defendants do not use the Commonwealth to abuse already vulnerable human beings for personal or political gains, and in preventing torts from being committed within its borders.  *See Hannon v. Beard*, 524 F.3d 275, 285 (1st Cir. 2008) (recognizing that Massachusetts "has a significant interest in ensuring that out-of-state defendants do not retaliate against unwanted prisoners by casting them into Massachusetts.").  Massachusetts and its residents dedicated their own resources to emergency support services for Plaintiffs after Defendants abandoned them, including transportation off of Martha's Vineyard and temporary housing.[9]  Massachusetts thus has a direct and significant relationship to the cause of action and interest in adjudicating this dispute.

Defendants argue that transfer is appropriate because there are substantial personal jurisdiction and venue questions that weigh in favor of transfer.  *See* Transfer Motion, at 7, citing 15 Wright & Miller § 3854 & n.35 (4th ed. 2022).  However, transfer under § 1404(a) presumes that venue in the forum court is proper now and that it is only convenient for it to be transferred elsewhere.  That is the correct presumption in this case, because, for the reasons explained in Plaintiffs' Opposition to Motions to Dismiss, the Court plainly has personal jurisdiction over all the Defendants.  Therefore, the Defendants arguments on this factor fails.

**III.    CONCLUSION**

For all the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendants' motion to transfer the case out of this District with prejudice.

---

[9] *See* M. Fortier, *Migrants Flown to Martha's Vineyard Brought to Joint Base Cape Cod*, NBCBoston (Sept. 16, 2022), https://www.nbcboston.com/news/local/gov-baker-announces-coordinated-support-for-migrants-flown-to-marthas-vineyard/2836498/.

Dated: Boston, MA
     May 10, 2023

                     Respectfully submitted,

                     /s/ *Kenneth S. Leonetti*
                     Kenneth S. Leonetti (BBO # 629515)
                     Madeleine K. Rodriguez (BBO #684394)
                     Matthew E. Miller (BBO # 655544)
                     Nicole Smith (BBO # 710314)
                     Matthew Casassa (BBO #707012)
                     Foley Hoag LLP
                     155 Seaport Boulevard
                     Boston, MA 02210
                     (617) 832-1000
                     ksl@foleyhoag.com
                     mrodriguez@foleyhoag.com
                     mmiller@foleyhoag.com
                     nsmith@foleyhoag.com
                     mcasassa@foleyhoag.com

                     Benjamin H. Weissman (*pro hac vice*)
                     Foley Hoag LLP
                     1301 Avenue of the Americas
                     New York, NY 10019
                     (212) 812-0400
                     bweissman@foleyhoag.com

                     Oren Sellstrom (BBO #569045)
                     Iván Espinoza-Madrigal (BBO # 708080)
                     Jacob Love (BBO #699613)
                     Mirian Albert (BBO #710093)
                     Lawyers for Civil Rights
                     61 Batterymarch Street, 5th Floor
                     Boston, MA 02110
                     (617) 482-1145
                     osellstrom@lawyersforcivilrights.org

                     *Attorneys for Plaintiffs*

12

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that, on May 10, 2023, a copy of the foregoing document was filed through the ECF system and will therefore be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those participants indicated as non-registered participants.


Dated: Boston, MA
     May 10, 2023                          /s/ Kenneth S. Leonetti_____
                                         Kenneth S. Leonetti (BBO # 629515)