# UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALIANZA AMERICAS, YANET DOE, PABLO DOE, and JESUS DOE, on behalf of themselves and all others similarly situated,<br><br>    *Plaintiffs*,<br><br>  v.<br><br>RONALD D. DESANTIS, Governor of Florida, in his official and personal capacities; JARED W. PERDUE, Secretary of the Florida Department of Transportation, in his official and personal capacities; LAWRENCE A. KEEFE, Florida Public Safety Czar, in his official and personal capacities; JAMES UTHMEIER, Chief of Staff to Florida Governor, in his official and personal capacities; STATE OF FLORIDA; THE FLORIDA DEPARTMENT OF TRANSPORTATION; JAMES MONTGOMERIE; PERLA HUERTA; and VERTOL SYSTEMS COMPANY, INC.,<br><br>    *Defendants*. | Civil Action No. 1:22-cv-11550-ADB<br><br>**Leave to file granted on May 24, 2023** |

## DEFENDANTS' REPLY TO JOINT MOTION TO TRANSFER

Defendants' motions to dismiss and reply briefs explain why this case should be dismissed outright for multiple reasons. *See, e.g.*, State Defs. MTD §§I, II; State Defs. MTD Reply 9-10. But if the Court concludes otherwise (or if it thinks the issue is close), then it should transfer the case to the U.S. District Court for the Northern District of Florida—the district with the most substantial relationship to this matter.

To that end, Plaintiffs do not dispute that the action could have been brought in the Northern District of Florida. The only issue is whether the interests of justice and convenience of parties and witnesses warrant transfer to the Northern District of Florida. They do.

* * *

***(1) Plaintiffs' choice of forum.*** Plaintiffs argue that this factor strongly cuts against transfer, but it is neutral at best. Plaintiffs appear to agree that this factor carries less weight in class actions. *See* MTV Opp. 3; *see also Dress v. Cap. One Bank (USA), N.A.*, 368 F. Supp. 3d 178, 182 (D. Mass. 2019).

They argue that principle does not apply, however, because all the class members' "home forum is the same," *i.e.*, Massachusetts. *Id.* Yet Plaintiffs themselves allege that "[m]any of the Class members, who were transported to Martha's Vineyard … , *intend to relocate to other parts of the country.*" Am. Compl. ¶202 (emphasis added). And even setting that aside, the rest of the potential class is not restricted to Massachusetts. Plaintiffs "seek to certify a class comprising all immigrants who have been, *or will in the future be*, transported across state lines by Defendants." *Id.* ¶197 (emphasis added). The class is not restricted to Massachusetts residents in any way.

There is a bigger problem for Plaintiffs on this factor. "Where it appears the plaintiff forum shopped, plaintiff's selection of forum is not entitled to any weight." *Dress*, 368 F. Supp. 3d at 184; *see also, e.g., Foster v. Nationwide Mut. Ins. Co.*, 2007 WL 4410408, at *2 (N.D. Cal.) ("Where forum-shopping is evident, however, courts should disregard plaintiff's choice of forum."); *Mikkilineni v. Gibson-Thomas Eng'g Co.*, 2003 WL 1846047, at *2 (D.D.C.) ("The court gives less weight to the plaintiff's choice of forum in this instance because the plaintiff is forum shopping."). That is what is happening here. *See* State Defs. MTD Reply 1. Plaintiffs "consent to dismissal" of their claims against Florida, FDOT, and the four official-capacity defendants but "*only* if the Court retains the case, and reserve their right to pursue them in the event of transfer to the Northern District of Florida." MTD Opp. 16 n.4. Plaintiffs are so intent to stay here that they will dismiss *six* Defendants and proceed with a severely stripped-down case in Massachusetts rather than litigate all their claims in Florida. That is open forum shopping. To be sure, this is not a case where there are zero connections with the forum that Plaintiffs selected. *See Dress*, 368 F. Supp. 3d at 184. But it is hard to see this as anything other than "'forum shopping alone motivat[ing] the choice.'" *Id.*

**(2) *The relative convenience of the parties.*** Plaintiffs assert that "transfer is not appropriate where it is 'merely to shift the inconvenience from one party to the other,'" and "Defendants ignore convenience to the Plaintiffs." MTV Opp. 4. Here again, Plaintiffs themselves have alleged that

"many" of them "intend to relocate to other parts of the country." Am. Compl. ¶202. That means the Northern District of Florida is just as convenient as this district. This also undermines Plaintiffs' argument that the "relative financial ability of the parties weighs against transfer." MTV Opp. 5. If they plan to leave Massachusetts, then the cost of litigating here is no different for them than the cost of litigating in Florida; they must travel to each location. Nor does the fact that Class Plaintiffs' "*pro bono* counsel" reside here affect the analysis. MTV Opp. 4; *see Princess House, Inc. v. Lindsey*, 136 F.R.D. 16, 18 (D. Mass. 1991) ("No case articulates that the convenience of counsel is a consideration in deciding a motion to transfer pursuant to §1404(a)."). This point tips in Defendants' favor under the convenience factor.

Plaintiffs also argue that their willingness to dismiss Florida, FDOT, and the four official-capacity defendants has "remov[ed] any concerns about their sovereignty." MTV Opp. 5-6. Yet Plaintiffs are still seeking injunctive relief against the individual-capacity defendants. *See, e.g.*, MTD Opp. 31-32, 50. If they are allowed to pursue that relief, that would subject Florida to the Court's jurisdiction just the same. "Regardless of the manner by which a plaintiff designates the action, a suit should be regarded as an official-capacity suit … 'if the effect of the judgment would be to restrain the Government from acting, or to compel it to act.'" *Howe v. Bank for Int'l Settlements*, 194 F. Supp. 2d 6, 19 (D. Mass. 2002). Because Plaintiffs seek injunctive relief against the officials "that would require them to exercise their official powers in certain ways," "[i]t follows that the [State] is the real party in interest." *Libby v. Marshall*, 833 F.2d 402, 405 & n.3 (1st Cir. 1987). The personal-capacity claims separately implicate sovereign interests because the State of Florida has extended sovereign immunity to officials in their personal capacity. *See* State Defs. MTD 28-29, 33-34; State Defs. MTD Reply 9-11. For these reasons, the burden on Florida's sovereignty remains and weighs in favor of transfer.

***(3) The convenience of the witnesses and location of documents.*** Defendants provided an appendix of potential witnesses to support why the Northern District of Florida is more convenient

on this factor. Plaintiffs respond that "[m]any of Plaintiffs' witnesses are located in Massachusetts" and refer generally to the Amended Complaint. MTV Opp. 6-7. On a motion to transfer, this district asks the parties to "'specify the key witnesses to be called, accompanied by a general statement as to what their testimony will entail.'" *Fed. Ins. Co. v. XTRA Intermodal, Inc.*, 2015 WL 4275181, at *5 (D. Mass.) (Burroughs, J.); *see also Atari v. United Parcel Serv., Inc.*, 211 F. Supp. 2d 360, 365 (D. Mass. 2002) (analyzing both parties' witness lists). Defendants did so. Plaintiffs did not, and it is not up to the Court to go "'hunting for truffles'" in the Amended Complaint to construct a list for them. *Rodriguez-Machado v. Shinseki*, 700 F.3d 48, 50 (1st Cir. 2012). This factor favors transfer.

    *(4) Any connection between the forum and the issues.* Plaintiffs contend this factor weighs against transfer because "Defendants argue incorrectly that this case addresses the legality of a Florida state law and policy, funded by a Florida legislative appropriation, which was executed by Florida officials and individuals who live there." MTV Opp. 8. But that is exactly what "this case addresses." For example, one of Plaintiffs' claims is that the law's implementation is preempted. *See* Am. Compl. ¶¶243-52. Another claim is that Defendants exceeded their authority under state law in implementing the program. *Id.* ¶¶336-42. Furthermore, Plaintiffs' argument that State Defendants exceeded their authority depends on their interpretation of Florida's Section 185. MTD Opp. 71; State Defs. MTD Reply 24-25. The validity of a Florida law and its implementation (under Florida law) is directly at stake. Plaintiffs also acknowledge that most of the conduct occurred outside Massachusetts. *See* MTV Opp. 9 (outlining some of the relevant conduct); *see also* Am. Compl. ¶¶32-59. And indeed, the alleged torts were all completed before Plaintiffs stepped foot in the Commonwealth. *See* State Defs. MTD Br. 18, 27-28; State Defs. MTD Reply 4-5. That leaves little connection to this venue as compared to others.

    *(5) The law to be applied.* The parties have a square disagreement on which State's law applies. Defendants argue that Florida's immunities and substantive law govern. *See* State Defs. MTD

Reply 10-11, 22-24. For their part, Plaintiffs appeared to agree that Florida law applied when they filed their Amended Complaint. *See* Am. Comp. ¶314 (citing sovereign immunity law Fla. Stat. §768.28(1)). And Defendants have explained why that is the correct path after the Supreme Court held "that States retain their sovereign immunity from private suits brought in the courts of other States." *Franchise Tax Bd. of California v. Hyatt*, 139 S. Ct. 1485, 1492 (2019); *see* State Defs. MTD 59; State Defs. MTD Reply 10-11, 22. Defendants have also explained why Florida substantive law also applies under basic choice-of-law principles. *See, e.g.*, State Defs. MTD 59; State Defs. MTD Reply 23-24; Vertol MTD 29-31; Vertol MTD Reply 17; Huerta MTD 19-20. Defendants do not repeat those arguments here. Because "a district's familiarity with the governing law is an appropriate factor to consider in this analysis," *Riemer & Braunstein LLP v. Monroe Cap. Mgmt. Advisors, LLC*, 2019 WL 2141821, at *6 (D. Mass) (Burroughs, J.) (cleaned up), this factor turns in part on which State's law the Court finds applies to this dispute, *see Jackson Nat'l Life Ins. Co. v. Economou*, 557 F. Supp. 2d 216, 223-24 (D.N.H. 2008) ("There can be little question that the United States District for the [Northern] District of Florida is better versed in, and in a better position to apply, Florida law."). Even if Massachusetts tort law applies, however, the constitutionality of Florida's Section 185 and SB 6-B are at stake, and federal courts in one State do not typically decide the constitutionality of another State's laws. *See Omaha Tribe of Nebraska v. Barnett*, 245 F. Supp. 2d 1049, 1055 (D. Neb. 2003) ("The merits of the claims go to construction of state and federal law. The fundamental sovereignty of these jurisdictions could be impinged if they are not permitted to determine in their states whether these statutes are constitutional.").

**(6)** ***State or public interests at stake.*** The First Circuit has explained that Florida's sovereign interests point toward having its laws, immunities, and conduct adjudicated in Florida. *See Pritzker v. Yari*, 42 F.3d 53, 64 n.9 (1st Cir. 1994) ("[W]e think that the Commonwealth also possesses an

atypically strong interest in having Puerto Rico-based courts hear and resolve controversies involving its litigated credit statute.'"); *Stroman Realty, Inc. v. Wercinki*, 513 F.3d 476, 487 (5th Cir. 2008) (similar).

In addition, Defendants highlighted (at 7) that "courts have concluded that it conserves judicial resources, and furthers the interests of the parties, to transfer a case from a forum in which there is a difficult question of personal jurisdiction or venue to a district in which there are no such uncertainties." 15 Wright & Miller §3854 & n.35 (4th ed. 2022). Plaintiffs respond that "transfer under §1404(a) presumes that venue in the forum court is proper now and that it is only convenient for it to be transferred elsewhere." MTV Opp. 11. Yet Plaintiffs provide no citation to support that proposition. And there are ample cases holding otherwise. *See* 15 Wright & Miller §3854 & n.35 (collecting cases); *see also, e.g.*, *Mentor Graphics Corp. v. Quickturn Design Sys., Inc.*, 77 F. Supp. 2d 505, 512 (D. Del. 1999) (agreeing that "both judicial economy and the interests of justice would be served by transferring" because it "would obviate a substantial dispute as to whether this court can exercise personal jurisdiction over [the defendant]"). This case raises difficult threshold issues concerning personal jurisdiction, venue, and certain immunities that bar the Court from hearing the case. *See, e.g.*, State Defs. MTD 15-30. The Court need not decide those issues if it transfers the case.

## CONCLUSION

For all these reasons, the Court should grant the motion to transfer to the Northern District of Florida.

Dated: June 16, 2023

/s/ *Thomas C. Frongillo*
Thomas C. Frongillo
  (BBO# 180690)
CAMPBELL CONROY & O'NEIL, P.C.
1 Constitution Wharf, Suite 310
Boston, MA 02129
Tel: 617-241-3092
TFrongillo@campbell-trial-lawyers.com

Respectfully submitted,

/s/ *Bryan Weir*
Jeffrey M. Harris (admitted *pro hac vice*)
Bryan Weir (admitted *pro hac vice*)
C'Zar Bernstein (admitted *pro hac vice*)
Thomas S. Vaseliou (admitted *pro hac vice*)
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Ste. 700
Arlington, VA 22209
Tel: (703) 243-9423
bryan@consovoymccarthy.com
jeff@consovoymccarthy.com
czar@consovoymccarthy.com
tvaseliou@consovoymccarthy.com

*Counsel for State of Florida, Florida Department of Transportation, Governor DeSantis, and Secretary Perdue*

Ashley Moody
Attorney GENERAL OF FLORIDA

/s/ *Bilal Ahmed Faruqui*
Bilal Ahmed Faruqui (admitted *pro hac vice*)
SPECIAL COUNSEL
Office of the Attorney General
Civil Litigation Division
The Capitol, PL-01
Tallahassee, Florida 32399-1050
Bilal.Faruqui@myfloridalegal.com
(850) 414-3757
Florida Bar Number 0015212

*Counsel for the State of Florida*

/s/ *Jeff Aaron*
Jeff Aaron (admitted *pro hac vice*)
GRAYROBINSON, P.A.
301 East Pine Street, Suite 1400
Orlando, FL 32801
Tel: 407-244-5644
jeff.aaron@gray-robinson.com
cindi.garner@gray-robinson.com

/s/ *Jesse Panuccio*
Jesse Panuccio (admitted *pro hac vice*)
BOIES SCHILLER FLEXNER LLP
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
Tel: (954) 356-0011
jpanuccio@bsfllp.com

*Counsel for James Uthmeier*

/s/ *Brian T. Kelly*
Brian T. Kelly (BBO# 549566)
Christopher J. Stevens (admitted *pro hac vice*)
NIXON PEABODY LLP
Exchange Place
53 State Street
Boston, MA 02109-2835
Tel: 617-345-1000
bkelly@nixonpeabody.com
*Counsel for Vertol Systems Company, Inc., and James Montgomerie*

Ashley Lukis (admitted *pro hac vice*)
GRAYROBINSON, P.A.
301 S Bronough Street, Suite 600
Tallahassee, FL 3230
Tel: 850-507-9090
ashley.lukis@gray-robinson.com
vanessa.reichel@gray-robinson.com

*Counsel for Lawrence A. Keefe*

s/ *George W. Vien*
_____
George W. Vien (BBO# 547411)
Nicholas J. Ramacher (BBO# 680258)
DONNELLY, CONROY & GELHAAR, LLP
260 Franklin Street, Suite 1600
Boston, MA 02110
Tel: 617-720-2880
gwv@dcglaw.com
njr@dcglaw.com

*Counsel for Perla Huerta*

**CERTIFICATE OF SERVICE**

      I hereby certify that I filed this document through the Court's ECF system on June 16, 2023, which will therefore automatically be sent electronically to all counsel of record via the CM/ECF system.

Dated: June 16, 2023                      *s/ Bryan Weir*