## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ALIANZA AMERICAS, YANET DOE, PABLO DOE, and JESUS DOE, on behalf of themselves and all others similarly situated,<br><br>               Plaintiffs,<br><br>       v.<br><br>RONALD D. DESANTIS, Governor of Florida, in his official and personal capacities; JARED W. PERDUE, Secretary of the Florida Department of Transportation, in his official and personal capacities; LAWRENCE A. KEEFE; Florida Public Safety Czar, in his official and personal capacities; JAMES UTHEIMER, Chief of Staff to Florida Governor, in his official and personal capacities; STATE OF FLORIDA; THE FLORIDA DEPARTMENT OF TRANSPORTATION; JAMES MONTGOMERIE; PERLA HUERTA; and VERTOL SYSTEMS COMPANY, INC.,<br><br>               Defendants. | Civil Action No.<br>22-11550-ADB |

## PLAINTIFFS' SUR-REPLY MEMORANDUM IN OPPOSITION
## TO DEFENDANTS' MOTIONS TO DISMISS

Defendants induced 49 destitute immigrants to fly across the country through fraud and misrepresentation and, after using them as unwitting props in a stunt devised for the personal political gain of defendant DeSantis, abandoned them on an island.  In an attempt to avoid responsibility for their actions, defendants the State of Florida, the Florida Department of Transportation, Ronald D. DeSantis, Jared W. Perdue, Lawrence A. Keefe, and James Uthmeier (together the "Florida Defendants") assert that "[i]njunctive relief is not available against a defendant sued in his individual capacity."  Dkt. 105 ("Fl. Defs.' Reply") at 1 (quoting *Omran v. United States*, 2016 U.S. Dist. LEXIS 190990 (D. Mass. June 1, 2016) (internal punctuation

omitted)).  In support of this argument, the Florida Defendants rely on cherry-picked case law and ignore the well-established distinction between individual-capacity and official-capacity injunctions.  But, as the Supreme Court, the First Circuit, and other federal courts have made clear, injunctive relief may be issued against state officials such as DeSantis, Perdue, Keefe, and Uthmeier (together, the "Florida Officials") in their individual capacities where such relief would run against the officials personally, not the state.  That is the case here, where Plaintiffs seek to prevent the Florida Officials from using fraud and misrepresentation, in contravention of federal law and the Constitution, to advance their own personal political interests.

Plaintiffs submit this limited sur-reply to respond to the Florida Defendants' new argument and explain why the injunctive relief Plaintiffs seek may be issued against the Florida Officials in their individual capacities.  Plaintiffs otherwise rest on the arguments set forth in their Consolidated Opposition to Defendants' Motions to Dismiss, and such other argument as is developed at any hearing on this matter.

## ARGUMENT

In their two prior submissions, the Florida Officials assert that this case is "largely a policy disagreement in search of a legal claim."  Fl. Defs.' Reply at 1; Dkt. 86 ("Fl. Defs.' MTD") at 4 (attempting to reduce plaintiffs' claim to their "obvious[] disagreements with Florida's policies and political leaders").  That assertion leads the Florida Officials to bring a second, related argument: that even though Plaintiffs seek equitable relief against the Florida Officials in their individual capacities, it is the State of Florida that is "the real party in interest" because its officials would be required "to exercise their official powers in certain ways," affecting Florida's policies.  Fl. Defs.' Reply at 9 (quoting *Libby v. Marshall*, 833 F.3d 402, 405 & n.3 (1st Cir. 1987)).  Based on this purported logic, the Florida Officials then claim that individual-capacity injunctive relief

cannot be issued against them because any such relief would operate, as a practical matter, against Florida, with the result of "impermissibly subject[ing] Florida to personal jurisdiction in Massachusetts." *Id.* Nothing is further from the reality here.

What runs through the Florida Officials' efforts to deflect attention from their conduct and reframe this case as a "policy disagreement" is a refusal to acknowledge that it is their own, individual actions, namely, the fraud and deception that they personally perpetrated against Class Plaintiffs, to which Plaintiffs object. Yet, there was no legislative or administrative directive to the Florida Officials that any injunction against them would somehow interfere with. To the contrary, in their Amended Complaint, Plaintiffs allege that the Florida Officials used fraud and false promises to deceive them into accepting transportation, *see, e.g.,* AC ¶¶ 69-98, 106; 110-114, and in their request for relief, Plaintiffs pray that the Court "enjoin[] Defendants, their officials, agents, employees, assigns, and all persons acting in concert or participating with them *from inducing immigrants to travel across state lines by fraud and misrepresentation*" and issue "[a] declaration pursuant to 28 USC §§ 2201 and 2202 that Defendants' practice of *inducing immigrants to travel across state lines by fraud and misrepresentation* is unlawful, invalid, and *ultra vires*," *id.* at 85 (emphasis added).

Throughout their opposition to the defendants' various motions to dismiss, Plaintiffs reiterated that the conduct to which they object and the relief they seek is not concerned with Florida's immigrant relocation policy as such, but rather Defendants' illegal, unconstitutional, and tortious practice of using fraud and deception to transport immigrants under the auspices of that policy for their own personal political gain. *See, e.g.*, Dkt 98 ("Opp.") at 39 (explaining that "Defendants—a Governor, high-ranking government officials, and contractors—undertook a concerted campaign of deception against Class Plaintiffs, not in the service of any legitimate

3

governmental objective, but rather to use Class Plaintiffs as unwitting props in a political game.");
*id.* at 13 (describing Alianza America's efforts to assist immigrants who "may be vulnerable to
similar deceptive acts in the future"); *id.* at 72 (explaining that defendants' actions were
"duplicitous, fraudulent, and taken in bad faith as part of a political stunt to boost defendant
DeSantis's national profile").

Nevertheless, the Florida Officials persist in describing Plaintiffs' allegations of fraud and
deception as a mere "policy disagreement." Fl. Defs.' Reply at 1. In self-serving reliance on this
inaccurate characterization, they insist that injunctive relief is unavailable because it would have
the effect of restraining action by Florida, even if entered against the Florida Officials solely in
their individual capacities. *Id.* at 19.

The Florida Officials are wrong. The injunctive and declaratory relief that Plaintiffs seek
against the Florida Officials in their individual capacities is both available and warranted.
Individual-capacity suits "seek to impose *individual* liability upon a government officer for actions
taken under color of state law." *Lewis v. Clarke*, 581 U.S. 155, 162-63 (2017) (quoting *Hafer v.
Melo*, 502 U.S. 21, 25 (1991)); *see also Kentucky v. Graham*, 473 U.S. 159, 165 (1985) ("Personal-
capacity suits seek to impose personal liability upon a government official for actions he takes
under color of state law."). Consequently, whether injunctive relief may be issued against an
individual-capacity defendant depends upon the nature of the relief sought. *Lewis*, 581 U.S. at 162
(explaining that, to determine whether the state or the individual is the real party interest, the court
"must determine in the first instance whether the remedy sought is truly against the sovereign.");
*see also Muirhead v. Mecham*, 427 F.3d 14, 18 (1st Cir. 2005) (noting that "both the conduct
challenged and the relief sought" are relevant in this determination). "A suit is against an
individual in her personal capacity when the relief 'will not require action by the sovereign or

4

disturb the sovereign's property.'" *Mestek v. Lac Courte Oreilles Cmty. Health Ctr.*, __ F.4th __, 2023 U.S. App. LEXIS 16507, *14 (7th Cir. June 29, 2023) (quoting *Lewis*, 581 U.S. at 163). On the other hand, if "the redress obtained against the officer will, in practical effect, be obtained through the sovereign," the sovereign is the real party in interest and a suit against its officers is construed as being brought against them in their official capacities. *Muirhead*, 427 F.3d at 18.

Here, Plaintiffs seek to enjoin the Florida Officials from engaging in unlawful, unconstitutional, and tortious conduct that is not permitted or justified by any Florida statute and that contravenes federal and constitutional law. *See* AC at 85 (requesting injunction prohibiting defendants "from inducing immigrants to travel across state lines by fraud and misrepresentation"). The Florida Officials, not Florida, are the real parties in interest. Florida has no cognizable interest in its officials using fraud and deception, in violation of federal law and the Constitution, to induce immigrants from Texas or other states to travel across state lines to Massachusetts and other so-called "sanctuary states." Nor does Florida have any interest in its officials ignoring the bounds of one of its own laws—a law which the Florida Officials themselves repeatedly characterize as facilitating the "voluntary" transportation of immigrants, *see* Fl. Defs.' MTD at 9, 51, 58, 67—in order to do so. And although defendant DeSantis occupies the Governor's office (and the other officials various positions in Florida's executive branch), the national political ambitions which have animated this scheme are decidedly his own.

The injunctive and declaratory relief requested by Plaintiffs would not, as the Florida Officials assert, "restrain [Florida] from acting, or compel it to act." Fl. Defs.' Reply at 9 (quoting *Howe v. Bank for Int'l Settlements*, 194 F. Supp. 2d 6, 19 (D. Mass. 2002)). Rather, it would prohibit Defendants from engaging in fraud and deception to induce immigrants to travel across state lines, and would declare such action unlawful. *See* AC at 85. Because the Florida Officials'

conduct is unconstitutional, contrary to federal law, and, by the Florida Defendants' own characterization, inconsistent with the "voluntary" transportation enabled by the Florida statute, an order enjoining it would not "require action by the sovereign or disturb the sovereign's property" and thus may be entered against the Florida Officials in their individual capacities. *See Lewis* 581 U.S. at 163; Fl. Defs.' MTD at 9, 51, 58, 67.

The Florida Officials also maintain that "[c]ourts in every circuit—including this one—recognize that they cannot enjoin public officials in their personal capacities." Fl. Defs.' Reply at 2. But, the First Circuit has actually recognized the opposite. In *Redondo-Borges v. United States HUD*, the First Circuit clearly stated that the immunity of a state does not "bar relief (whether in the form of money damages *or an injunction*) against the commonwealth defendants in their individual capacities." 421 F.3d 1, 7 (1st Cir. 2005) (emphasis added). Defendants attempt to wave *Redondo-Borges* away as "stray dicta," asserting that the First Circuit "has elsewhere explained that 'equitable relief runs against officers in their official capacities,'" and citing *Martinez-Velez v. Rey-Hernandez*, 50 F.3d 32, 39 (1st Cir. 2007) for that proposition. Fl. Defs.' Reply 2 n.2. The Florida Officials' excerpt of *Martinez-Velez*, however, is selective and misleading, and the quoted portion reproduced in their reply is plucked from the First Circuit's description of how such claims are "usually brought." *See Martinez-Velez*, 506 F.3d at 39.[1] The fact that claims for injunctive relief are "usually brought" against defendants in their official

---

[1] The First Circuit's full explanation is as follows: "The usual vehicle for such claims against state actors is section 1983, whose remedy embraces actual and (sometimes) punitive damages, as well as attorneys' fees. Because of the eleventh amendment, the damages claims are *usually* brought against individual government officials in their personal capacities while equitable relief runs against officers in their official capacities (*i.e.*, effectively against the state entity itself)." *Id.* (emphasis added).

capacity does not mean that they *cannot* be brought against them in their individual capacity; to the contrary, the phrase implies the opposite.[2]

The Florida Officials further rely upon two district court cases, *Omran v. United States*, 2016 U.S. Dist. LEXIS 190990 (D. Mass. June 1, 2016) and *VAMOS, Concertación Ciudadana, Inc. v. Puerto Rico*, 494 F. Supp. 3d 104, 121 (D.P.R. 2020). Neither is persuasive authority for their point. In *Omran*, a *pro se* plaintiff sought the return of a computer that defendant federal agents seized during a search of his apartment, as well as a declaration that the search and seizure were unconstitutional. *Omran*, 2016 U.S. Dist. LEXIS 190990, at *9-10. After concluding, on numerous other grounds, that the plaintiff's case would be dismissed, the district court asserted in two conclusory sentences (and without citation to any Supreme Court or First Circuit case) that an injunction could not be issued against the defendants in their individual capacity. *Id.* at *32-33. In *VAMOS*, plaintiffs sued various Puerto Rican officials, some in their personal capacity, challenging as unconstitutional certain provisions of a Puerto Rican law setting a referendum on Puerto Rican statehood. *VAMOS*, 494 F. Supp. 3d at 117. The district court, recognizing that the plaintiffs' requested relief—namely, to declare various provisions of the enabling statute unconstitutional and enjoin their enforcement on that basis—could, due to its nature, "only be obtained from [defendants] in their official capacities," held that individual-capacity injunctive relief was unavailable to them. *Id.* at 121. The situation presented here is wholly distinguishable: Plaintiffs do not seek to enjoin officials from implementing a state law, but instead to enjoin their *illegal conduct in their personal capacities.*

---

[2] *Martinez-Velez* is not the only case in which the First Circuit has made clear that official-capacity injunctions, while typical, do not preclude individual-capacity relief. In *Dirrane v. Brookline Police Dep't*, for example, the First Circuit explained that an injunction "*can* be issued against the official in his official capacity," without asserting that it *must* be, and elaborated that "[w]here the injunction does not implicate direct payments, the difference between personal and official capacity is largely in the details, (e.g., whether the injunction runs against a successor in office)." 315 F.3d 65, 71-72 (1st Cir. 2002) (emphasis added).

Unable to avail themselves of First Circuit precedent, the Florida Officials cherry-pick out-of-circuit decisions in an effort to create the impression that "[c]ourts in every circuit" have "recognized that they cannot enjoin public officials in their personal capacities."  Fl. Defs.' Reply at 2 n.1.  Closer examination of the cases cited by the Florida Officials belies that assertion.  The cases cited by the Florida Officials either (1) concern relief that, as a practical matter, cannot be sought against individual-capacity defendants, such as reinstatement to a job; (2) simply assert, with little or no analysis, that individual-capacity injunctions are not available; or (3) do not support the Florida Officials' argument.[3]  While various courts have declined to issue injunctive relief against individual-capacity defendants where the specific relief sought would run against the state, the cases cited by the Florida Officials do not evidence a wholesale, nationwide prohibition

---

[3] *See Frank v. Relin* 1 F.3d 1317, 1327 (2d Cir. 1993) (holding that equitable relief plaintiff sought, which was reinstatement to position from which she had been fired, could be obtained from defendant supervisor in his official capacities); *Murray v. S.C. Dep't of Corr.*, 2020 U.S. Dist. LEXIS 117053, at *6-7 (D.S.C. July 1, 2020) (declining to enjoin two former DOC officials in their personal capacities in prisoner's-rights suit and explaining that an individual-capacity injunction cannot issue where it relates only to the defendant's official duties); *Scott v. Flowers*, 910 F.2d 201, 213 n.25 (5th Cir. 1990) (explaining that the defendant "commissioners can expunge the subject language from the reprimand only while acting in their official capacity. Hence, there is no basis for suit against them as individuals"); *Feit v. Ward*, 886 F.2d 848, 858 (7th Cir. 1989) (finding no individual-capacity injunction could afford the relief requested: "a declaration that the [Forest Service] policy [prohibiting employees from participating in anti-spearfishing activities] is unconstitutional and an injunction barring the defendants from implementing the policy in the future"); *Wolfe v. Strankman*, 392 F.3d 358, 360 n.2 (9th Cir. 2004) (asserting, without citation, that injunctive relief is only available in an official-capacity suit; *Brown v. Montoya*, 662 F.3d 1152, 1161 n.5 (10th Cir. 2011) (asserting that "[s]ection 1983 plaintiffs may sue individual-capacity defendants only for money damages and official-capacity defendants only for injunctive relief" and citing *Hafer*, which does not so hold); *Hines v. Smith*, 2018 U.S. Dist. LEXIS 219500, at *7 (D. Minn. Dec. 20, 2018) (asserting that injunctive relief is unavailable in individual-capacity case and citing, *inter alia*, *Wolfe* and *Brown*); *Corsi v. Mueller*, 422 F. Supp. 3d 51, 68-69 (D.D.C. 2019) (holding, in case brought against former Special Counsel Robert Mueller and others for injunctive relief and $1.6 billion in damages for allegedly leaking information to press about plaintiff, a target of defendant's investigation, after investigation was over and grand jury no longer in existence, where Mueller had not been served in personal capacity, and where claims were found to lack merit and harm to be speculative, that injunctive relief was not available against defendants in their individual capacities.); *Cmty. Mental Health Servs. v. Mental Health & Recovery Bd.*, 150 F. App'x 389, 401 (6th Cir. 2005) (explaining that "a plaintiff should not be able to sue a defendant in his individual capacity for an injunction in situations in which the injunction relates only to the official's job, i.e., his official capacity"); *Acierno v. Cloutier*, 40 F.3d 597, 608 (3d Cir. 1994) (considering appeal of denial of qualified immunity without squarely addressing the availability of individual-capacity injunctive relief); *Mulvaney v. Meeks*, 2021 U.S. Dist. LEXIS 6509, at *21 (M.D. Ala. Jan. 13, 2021) (asserting individual-capacity injunctive relief unavailable to plaintiff prisoner, citing only one out-of-circuit case).

against individual-capacity injunctions.  Indeed, numerous courts outside the First Circuit have acknowledged the availability of such injunctions.[4]

Finally, Defendants attempt to tie the individual-capacity issue into an argument about "forum shopping."  Fl. Defs.' Reply at 1.  But, as they do throughout their briefing, Defendants miss the salient point: that Defendants themselves targeted Massachusetts for their scheme.  This is not a case where the question of whether Massachusetts is a proper forum hangs on one or two phone calls.  *See Sawtelle v. Farrell*, 70 F.3d 1381 (1st Cir. 1995).   Rather, Defendants, with an eye towards which locale would provide the maximum media attention and personal political boost to defendant DeSantis, strategically chose Massachusetts, flew two planeloads of vulnerable immigrants to the Commonwealth, and then abandoned them here for the media attention Defendants so desperately sought.  Now, in an incredible about-face, Defendants argue in their submissions that Massachusetts has only a "minimal" interest in this dispute, that it is burdensome and inconvenient for them to appear here, and that the state is not a proper venue, *see, e.g.,* Fla. Defs.' MTD at 22-23, 26-27, going so far as to accuse Plaintiffs of forum-shopping by filing suit in the very jurisdiction Defendants chose, Fl. Defs.' Reply at 1.  This self-serving argument, animated by Defendants' litigation interests, is belied by their own actions and should not be credited.

---

[4] *See, e.g.*, *Thompson v. Lengerich*, 798 F. App'x 204, 211 (10th Cir. 2019) ("Unlike the official-capacity claims, Thompson is not limited to injunctive relief with regard to the individual-capacity claims."); *Tanvir v. Tanzin*, 894 F.3d 449, 463 n.9 (2d Cir. 2018) (acknowledging that individual-capacity injunctive relief is available even though "individual capacity suits tend to be associated with damages remedies, and official capacity suits with injunctive relief"); *Barachkov v. Davis*, 580 F. App'x 288, 294 (6th Cir. 2014) (explaining that defendants are not shielded by qualified immunity "from individual-capacity claims for equitable relief"); *Hale v. Arizona*, 967 F.2d 1356, 1369 (9th Cir. 1992) ("[T]he individual defendants may be sued both for injunctive relief and for damages in their individual capacity, even though they are officers of the state and even if they were acting in their official capacity when they performed the acts complained of."), *rev'd on other grounds by Hale v. Arizona*, 993 F.2d 1387 (9th Cir. 1993); *ACLU of Minn. v. Tarek Ibn Ziyad Acad.*, 788 F. Supp. 2d 950, 959 (D. Minn. 2011) (allowing individual-capacity claims for injunctive relief to proceed against defendants, directors of charter school who allegedly used tax funds to promote religion at school in violation of Establishment Clause, because of the "nature of relief sought by Plaintiff in this case and the alleged roles of the Individual Defendants").

## **CONCLUSION**

For the reasons set forth above, and those set forth in Plaintiffs' opposition, the Court

should deny Defendants' motions to dismiss.


Dated:  July 14, 2023                                    Respectfully submitted,

                                                        /s/ *Kenneth S. Leonetti*
                                                        Kenneth S. Leonetti (BBO # 629515)
                                                        Madeleine K. Rodriguez (BBO #684394)
                                                        Matthew E. Miller (BBO # 655544)
                                                        Nicole Smith (BBO #710314)
                                                        Matthew Casassa (BBO #707012)
                                                        Foley Hoag LLP
                                                        155 Seaport Boulevard
                                                        Boston, MA 02210
                                                        (617) 832-1000
                                                        ksl@foleyhoag.com
                                                        mrodriguez@foleyhoag.com
                                                        mmiller@foleyhoag.com
                                                        nsmith@foleyhoag.com
                                                        mcasassa@foleyhoag.com

                                                        Benjamin H. Weissman (*pro hac vice*)
                                                        Foley Hoag LLP
                                                        1301 Avenue of the Americas
                                                        New York, NY 10019
                                                        (212) 812-0400
                                                        bweissman@foleyhoag.com

                                                        Oren Sellstrom (BBO #569045)
                                                        Iván Espinoza-Madrigal (BBO #708080)
                                                        Jacob Love (BBO #699613)
                                                        Mirian Albert (BBO #710093)
                                                        Lawyers for Civil Rights
                                                        61 Batterymarch Street, 5th Floor
                                                        Boston, MA 02110
                                                        (617) 482-1145
                                                        osellstrom@lawyersforcivilrights.org

                                                        *Attorneys for Plaintif*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document, filed through the Court's ECF System, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on July 14, 2023.

*/s/ Kenneth S. Leonetti*