UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| ALIANZA AMERICAS, YANET DOE, PABLO DOE, and JESUS DOE *on behalf of themselves and all others similarly situated*, <br><br> Plaintiffs, <br><br> v. <br><br> RONALD D. DESANTIS, Governor of Florida, in his official and personal capacities; JARED W. PERDUE, Secretary of the Florida Department of Transportation, in his official and personal capacities; LAWRENCE A. KEEFE, Florida Public Safety Czar, in his official and personal capacities; JAMES UTHMEIER, Chief of Staff to Florida Governor, in his official and personal capacities; STATE OF FLORIDA; THE FLORIDA DEPARTMENT OF TRANSPORTATION; JAMES MONTGOMERIE; PERLA HUERTA; and VERTOL SYSTEMS COMPANY, INC., <br><br> Defendants. | Civil Action No. 22-cv-11550-ADB |

# **MEMORANDUM AND ORDER**

BURROUGHS, D.J.

Plaintiffs Alianza Americas ("Alianza"), Yanet Doe ("Yanet"), Pablo Doe ("Pablo"), and Jesus Doe ("Jesus"), on behalf of themselves and all others similarly situated (collectively, "Plaintiffs"),[1] bring several constitutional, federal, and state claims in connection with alleged false promises that led Plaintiffs to board two flights (the "Flights") from San Antonio, Texas, to

---

[1] Plaintiffs seek class certification. [ECF No. 21 ("Amended Complaint" or "Am. Compl.") at 60–63]. Though the Court has not yet addressed class certification in this case, it refers to Plaintiffs collectively for convenience at this stage.

Martha's Vineyard, Massachusetts on September 14, 2022. [Am. Compl. at 1–2, 64–85]. Currently before the Court is defendants Ronald D. DeSantis ("DeSantis"), Jared W. Perdue ("Perdue"), Lawrence A. Keefe ("Keefe"), James Uthmeier ("Uthmeier"), the State of Florida, the Florida Department of Transportation ("Florida DOT"), James Montgomerie ("Montgomerie"), Perla Huerta ("Huerta"), and Vertol Systems Company, Inc.'s ("Vertol") (collectively, "Defendants") Joint Motion to Transfer to the Northern District of Florida. [ECF No. 81]. For the following reasons, the motion is DENIED.[2]

## I.   BACKGROUND

### A.   Procedural History

Plaintiffs filed the operative Amended Complaint on November 29, 2022. [Am. Compl.]. On February 28, 2023, Defendants moved to dismiss in three separate motions: (1) DeSantis, Perdue, Keefe, Uthmeier, the State of Florida, and the Florida Department of Transportation, [ECF No. 80]; (2) Montgomerie and Vertol, [ECF No. 82]; and (3) Huerta, [ECF No. 84]. In addition, Defendants filed the instant motion to transfer on February 28, 2023. [ECF No. 81]. Plaintiffs opposed on May 10, 2023, [ECF No. 96], and Defendants replied on June 16, 2023, [ECF No. 106]. Plaintiffs then filed a sur-reply on July 14, 2023. [ECF No. 111].

On March 29, 2024, the Court granted the motions to dismiss at ECF Nos. 80 and 84. [MTD Order]. With respect to the motion to dismiss at ECF No. 82, the Court granted the motion as to Montgomerie, and granted it in part and denied in part as to Vertol. [Id.].

---

[2] The Court dismissed without prejudice all claims against all Defendants except Vertol. [ECF No. 112 ("MTD Order")]. Accordingly, the motion to transfer as to all Defendants except Vertol is DENIED as moot, and the remainder of this order addresses the motion to transfer with respect to Vertol.

B.      Relevant Facts

The Court set out the facts relevant to this case in detail in its motion to dismiss order, [MTD Order at 3–15], and it assumes familiarity with those facts and incorporates them herein. Nevertheless, the Court provides the following facts that are particularly relevant to Vertol's motion to transfer.

Vertol, a Florida corporation with its principal place of business in Florida, was the operator of the Flights.  [Am. Compl. ¶ 25].

In the summer of 2022, Defendants Perdue and Florida DOT solicited bids from vendors "to implement and manage a program to relocate out of the State of Florida foreign nationals who are not lawfully present in the United States" under the supervision of a "Department Project Manager." [Am. Compl. ¶¶ 40–41].  Vertol submitted a bid in August 2022, stating that it owned a fleet of aircraft that could meet the Florida DOT's request for flights "[a]s needed and requested by [Florida] DOT or its authorized representative." [Id. ¶¶ 45–46, 48–49].

The first project in Vertol's proposal, "Project 1," was for the "relocation of individuals to the State of Massachusetts or other, proximate northeastern state designated by FDOT based upon the extant conditions." [Am. Compl. ¶ 51].  Vertol did ultimately operate the Flights to Massachusetts, which arrived in Martha's Vineyard between 3:00 and 3:30 PM on September 14, 2022. [Id. ¶ 147].

II.    LEGAL STANARD

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a).  The venue transfer provision "was designed as a 'federal

housekeeping measure,' allowing easy change of venue within a unified federal system." Piper Aircraft Co. v. Reyno, 454 U.S. 235, 254 (1981) (quoting Van Dusen v. Barrack, 376 U.S. 612, 613 (1964)). "The decision to transfer a case under § 1404 lies within the discretion of the trial court," First State Ins. Co. v. XTRA Corp., 583 F. Supp. 3d 313, 318 (D. Mass. 2022) (citing Astro-Med, Inc. v. Nohon Kohden Am., Inc., 591 F.3d 1, 12 (1st Cir. 2009)), and calls for "an 'individualized, case-by-case consideration of convenience and fairness,'" Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988) (quoting Van Dusen, 376 U.S. at 622).

When considering a motion to transfer venue, courts consider both private and public interest factors, including "1) the plaintiff's choice of forum, 2) the relative convenience of the parties, 3) the convenience of the witnesses and location of documents, 4) any connection between the forum and the issues, 5) the law to be applied and 6) the state or public interests at stake." Momenta Pharms., Inc. v. Amphastar Pharms., Inc., 841 F. Supp. 2d 514, 522 (D. Mass. 2012).[3]  Because "[t]he overriding principle in any transfer analysis . . . is that 'the plaintiff's choice of forum is entitled to great weight,'" it is the defendant's burden to show that transfer of venue to the Northern District of Florida is warranted. Shipley Co. v. Clark, 728 F. Supp. 818, 823 (D. Mass. 1990) (quoting Home Owners Funding Corp. of Am. v. Century Bank, 695 F. Supp. 1343, 1347 (D. Mass. 1988)).

---

[3] Because the parties apparently do not dispute that this case could have been brought in the Northern District of Florida, see generally [ECF Nos. 81, 96], the Court proceeds directly to addressing the convenience factors under § 1404(a).

III.     ANALYSIS

As explained below, all of the relevant factors weigh against transfer or are neutral, and thus the Court declines to transfer the case.

   1.     **Plaintiffs' Choice of Forum**

First, "when more than one proper venue exists, there is a strong presumption in favor of the plaintiff[s]' choice of forum." Adams v. Fed. Bureau of Prisons, 716 F. Supp. 2d 107, 113 (D. Mass. 2010). This is a proper venue for this case, [MTD Order at 38–39], and Plaintiffs chose it after Vertol, among others, decided to send them here, see [Am. Compl. ¶¶ 51, 147].[4] Accordingly, the Court finds this factor weighs strongly against transfer.

   2.     **Relative Convenience of the Parties**

Second, "because there is a presumption in favor of plaintiff[s]' choice, transfer is not appropriate where its effect is merely to shift the inconvenience from one party to the other." Kleinerman v. Luxtron Corp., 107 F. Supp. 2d 122, 125 (D. Mass. 2000). Moreover, "[t]here is a qualitative component to the balance of convenience which must focus on the comparative financial abilities of the parties and the cost of litigation should be borne by the party in the best position to absorb and spread it." Id. Here, with the state officials dismissed at this stage, the Defendants' argument in favor of transfer rests primarily on the fact that Vertol resides in Florida. See [ECF No. 81-1 at 3–4]. Moreover, the Amended Complaint makes clear that several if not all of the individual Plaintiffs "had no money or resources." See, e.g., [Am.

---

[4] "The weight to be accorded plaintiff's choice of forum varies with the circumstances of the case," Fed. Ins. Co., 2015 WL 4275181, at *4 (quoting Brant Point Corp. v. Poetzsch, 671 F. Supp. 2, 5 (D. Mass. 1987)), and the Court gives that choice particular weight here given that Vertol and the other Defendants specifically targeted Massachusetts for their conduct, see, e.g., [MTD Order at 36].

5

Compl. ¶ 155]. Where Plaintiffs have chosen this forum, the only apparent reason to transfer is for the convenience of Vertol, and Vertol is in a better position to bear the costs of litigation than the Plaintiffs, the Court finds this factor weighs strongly against transfer.

### 3.     Convenience of the Witnesses and Location of Documents

Third, "[w]hile the development of digital technology has caused the importance of the location of documentary evidence to wane, the convenience of expected witnesses remains 'probably the most important factor' bearing upon a motion to transfer." First State Ins. Co., 583 F. Supp. at 319 (quoting Boateng v. Gen. Dynamics Corp., 460 F. Supp. 2d 270, 275–76 (D. Mass. 2006)). With respect to witnesses, there is a "preference of live testimony over testimony by deposition." Kleinerman, 107 F. Supp. 2d at 125. "If, however, a court order or the persuasion of an employer who is a party to the action can secure the appearance of witnesses regardless of the location of the forum, that factor becomes less important." Id. at 125–26.

Here, Vertol is an employer that can compel, or at least strongly incentivize, the appearance of any Vertol witnesses. With respect to other potential state-related witnesses, Defendants argue that "[d]iverting these individuals away from their official duties to travel to Massachusetts for trial—rather than in their home district—will be burdensome." [ECF No. 81-1 at 5]. Vertol and the other defendants cannot specifically target this jurisdiction by sending destitute individuals here, see, e.g., [Am. Compl. ¶ 155 ("As Defendants knew, Class Plaintiffs had no money or resources at their disposal to hire a plane or boat off the island, and they were trapped on Martha's Vineyard with no prospect of leaving on their own."); id. ¶ 183 (DeSantis explaining that "[i]n Florida, we take what is happening at the southern border seriously. We are not a sanctuary state, and we will gladly facilitate the transport of illegal immigrants to sanctuary jurisdictions")], and then claim that it is burdensome for them to make the same trip. In any

6

event, given Vertol's position in the case, as well as the resource disparity between Plaintiffs and Defendants, this factor is at best neutral.

### 4. Connection Between the Forum and the Issues, Law to be Applied, State and Public Interests at Stake

Finally, Defendants argue that "[t]he final three factors are interrelated and also favor transfer." [ECF No 81-1 at 5]. Specifically, and as relevant here, they argue that (1) the "dispute addresses the legality of a Florida state law and policy," [id.]; (2) "almost all of the relevant conduct occurred in Florida (and Texas)," [id. at 6]; and (3) the case involves "difficult question[s] of personal jurisdiction or venue" that would be eliminated if the case were transferred to Florida, [id. at 7].

As the Court held in its order on the motions to dismiss, it has jurisdiction over the remaining Defendant Vertol, [MTD Order at 15–38], venue is proper in this district, [id. at 38–39], Massachusetts law applies, [id. at 64–66], and Massachusetts has a direct interest in this case because it was specifically chosen by Vertol and other Defendants to be the place where they brought and ultimately abandoned Plaintiffs, see, e.g., [id. at 66]. For largely those same reasons, the Court finds that all three of these factors weigh against transfer.

## IV. CONCLUSION

Accordingly, having considered the relevant factors for transfer and finding that they all weigh against transfer or are neutral, the Court DENIES Vertol's request to transfer, [ECF No. 81].

**SO ORDERED.**

March 29, 2024                                /s/ Allison D. Burroughs
                                              ALLISON D. BURROUGHS
                                              U.S. DISTRICT JUDGE