**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ALIANZA AMERICAS, YANET DOE, PABLO DOE, and JESUS DOE, on behalf of themselves and all others similarly situated,<br><br>       Plaintiffs,<br><br>       v.<br><br>RONALD D. DESANTIS, Governor of Florida, in his official and personal capacities; JARED W. PERDUE, Secretary of the Florida Department of Transportation, in his official and personal capacities; LAWRENCE A. KEEFE, Florida Public Safety Czar, in his official and personal capacities; JAMES UTHMEIER, Chief of Staff to Florida Governor, in his official and personal capacities; STATE OF FLORIDA; THE FLORIDA DEPARTMENT OF TRANSPORTATION; JAMES MONTGOMERIE; PERLA HUERTA; and VERTOL SYSTEMS COMPANY, INC.,<br><br>       Defendants. | Civil Action No.<br>22-11550-ADB |

## ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT

 Defendant Vertol Systems Company, Inc. ("Vertol"), by and through its attorneys, submits its Answer and Affirmative Defenses to the First Amended Class Action Complaint (the "First Amended Complaint") filed by Plaintiffs Alianza Americas ("Alianza Americas") and Yanet Doe, Pablo Doe, and Jesus Doe (collectively, the "Individual Plaintiffs") on behalf of themselves and others similarly situated (the "Putative Class Members"), as follows.  To the extent not expressly admitted herein, Vertol denies each and every other allegation, express or implied, contained in the First Amended Complaint.

1

## RESPONSE TO "INTRODUCTION"[1]

1.      Vertol states that Paragraph 1 of the First Amended Complaint is introductory in nature and does not require a response from Vertol.  To the extent a response is required, Vertol admits that the Individual Plaintiffs and Putative Class Members were provided a flight on a privately chartered airplane from San Antonio, Texas to Martha's Vineyard, Massachusetts.  Vertol denies the remaining allegations set forth in Paragraph 1 of the First Amended Complaint.

2.      Vertol states that Paragraph 2 of the First Amended Complaint is introductory in nature and does not require a response from Vertol.  To the extent a response is required, Vertol admits that the Individual Plaintiffs and Putative Class Members arrived in Martha's Vineyard.  Vertol denies the remaining allegations set forth in Paragraph 2 of the First Amended Complaint.  Stating further, Vertol denies that the Individual Plaintiffs or the Putative Class Members were promised that they would be transported to any specific location in Massachusetts or that the Immigrant Plaintiffs or the Putative Class Members would be welcomed upon arrival to any such destination with job offers and resources.  Additionally, Vertol denies that it authorized Defendant Perla Huerta ("Ms. Huerta"), an independent contractor for Vertol, to inform the Individual Plaintiffs or the Putative Class Members that they would be transported to Boston or any other large city in the Northeast, or that the Individual Plaintiffs or the Putative Class Members should be promised job offers or other resources.

---

[1] The Federal Rules of Civil Procedure do not require Vertol to respond to any allegations made in headings and subheadings provided in the First Amended Complaint.  To the extent a response is required, Vertol denies the allegations contained in each and every heading and subheading in the First Amended Complaint.

3.      Vertol states that Paragraph 3 of the First Amended Complaint is introductory in nature and does not require a response from Vertol.  To the extent a response is required, Vertol denies the allegations set forth in Paragraph 3 of the First Amended Complaint.

4.      Vertol states that Paragraph 4 of the First Amended Complaint is introductory in nature and does not require a response from Vertol.  To the extent a response is required, Vertol denies the allegations set forth in Paragraph 4 of the First Amended Complaint.

5.      Vertol states that Paragraph 5 of the First Amended Complaint is introductory in nature and does not require a response from Vertol.  To the extent a response is required, Vertol denies the allegations set forth in Paragraph 5 of the First Amended Complaint.

6.      Vertol states that Paragraph 6 of the First Amended Complaint is introductory in nature and does not require a response from Vertol.  To the extent a response is required, Vertol lacks sufficient information to form a belief as to whether the Individual Plaintiffs or the Putative Class Members have escaped poverty, political turmoil, or violence.  Vertol denies the remaining allegations set forth in Paragraph 6 of the First Amended Complaint.

7.      Vertol states that Paragraph 7 of the First Amended Complaint is introductory in nature and does not require a response from Vertol.  To the extent a response is required, Vertol admits that the allegations set forth in Paragraph 7 of the First Amended Complaint purport to quote news media reporting on press conference delivered by Defendant Ronald D. DeSantis ("Governor DeSantis") concerning the flights, and denies those allegations to the extent that they inaccurately or incompletely characterize those sources of information.

8.      Vertol states that Paragraph 8 of the First Amended Complaint is introductory in nature and does not require a response from Vertol.  To the extent a response is required, Vertol denies the allegations set forth in Paragraph 8 of the First Amended Complaint.

9.      Vertol states that Paragraph 9 of the First Amended Complaint is introductory in nature and does not require a response from Vertol.  To the extent a response is required, Vertol admits that Plaintiffs have accurately characterized the nature of the relief sought in the First Amended Complaint.  Vertol denies the remaining allegations set forth in Paragraph 9 of the First Amended Complaint and specifically denies any wrongdoing.

## RESPONSES TO "JURISDICTION AND VENUE"

10.      Paragraph 10 of the First Amended Complaint states a conclusion of law to which a response is not required.  To the extent a response is required, Vertol denies the allegations.

11.      Paragraph 11 of the First Amended Complaint states a conclusion of law to which a response is not required.  To the extent a response is required, Vertol denies the allegations.

12.      Paragraph 12 of the First Amended Complaint states a conclusion of law to which a response is not required.  To the extent a response is required, Vertol denies the allegations.

## RESPONSE TO "PARTIES"

### Response "Plaintiffs"

13.      Vertol does not have sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 13 of the First Amended Complaint.  To the extent a response is required, Vertol denies these allegations.

14.      Vertol does not have sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 14 of the First Amended Complaint.  To the extent a response is required, Vertol denies these allegations.

15.      Vertol does not have sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 15 of the First Amended Complaint.  To the extent a response is required, Vertol denies these allegations.

16.     Vertol does not have sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 16 of the First Amended Complaint.  To the extent a response is required, Vertol denies these allegations.

17.     Vertol does not have sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 16 of the First Amended Complaint.  To the extent a response is required, Vertol denies these allegations.

### Response to "Defendants"

18.     Vertol states that no response is required to the allegations set forth in Paragraph 18 of the First Amended Complaint because Governor DeSantis has been dismissed from this action. *See* Mem. & Order, ECF. No. 112, at 77 (hereinafter, the "March 29, 2024, Order").  To the extent a response is required, Vertol admits the allegations set forth in Paragraph 18 of the First Amended Complaint.

19.     Vertol states that no response is required to the allegations set forth in Paragraph 19 of the First Amended Complaint because Defendant Jared W. Perdue ("Mr. Perdue") has been dismissed from this action.  *See* March 29, 2024, Order, at 77.  To the extent a response is required, Vertol admits that Mr. Perdue was the Secretary of the Florida Department of Transportation, but Vertol lacks information sufficient to form a belief about the exact nature and responsibilities of his role, and, therefore, denies those allegations.

20.     Vertol states that no response is required to the allegations set forth in Paragraph 20 of the First Amended Complaint because Defendant Lawrence A. Keefe ("Mr. Keefe") has been dismissed from this action.  *See* March 29, 2024, Order, at 77.  To the extent a response is required, admits that Mr. Keefe was the Public Safety Czar for the State of Florida, but Vertol lacks

information sufficient to form a belief about the exact nature and responsibilities of his role and, therefore, denies those allegations.

21.     Vertol states that no response is required to the allegations set forth in Paragraph 21 of the First Amended Complaint because Defendant James Uthmeier ("Mr. Uthmeier") has been dismissed from this action.  *See* March 29, 2024, Order, at 77.  To the extent a response is required, admits that Mr. Uthmeier was Chief of Staff to Governor DeSantis, but Vertol lacks information sufficient to form a belief about the exact nature and responsibilities of his role, and thus denies those allegations.

22.     Vertol states that no response is required to the allegations set forth in Paragraph 22 of the First Amended Complaint because Ms. Huerta has been dismissed from this action.  *See* March 29, 2024, Order, at 77.  To the extent a response is required, Vertol denies the allegations set forth in Paragraph 22 of the First Amended Complaint.

23.     Vertol states that no response is required to the allegations set forth in Paragraph 23 of the First Amended Complaint because Defendant State of Florida ("State of Florida") has been dismissed from this action.  *See* March 29, 2024, Order, at 77.  To the extent a response is required, Vertol admits the allegations set forth in Paragraph 23 of the First Amended Complaint.

24.     Vertol states that no response is required to the allegations set forth in Paragraph 24 of the First Amended Complaint because Defendant State of Florida Department of Transportation ("FDOT") has been dismissed from this action.  *See* March 29, 2024, Order, at 77.  To the extent a response is required, Vertol admits that the allegations set forth in Paragraph 24 purport to characterize the contents of FDOT's Relocation Program Guidelines and denies those allegations to the extent that they inaccurately or incompletely characterize the guidelines.

25.     Vertol admits the allegations set forth in Paragraph 25 of the First Amended Complaint.

26.     Vertol states that no response is required to the allegations set forth in Paragraph 26 of the First Amended Complaint because Defendant James Montgomerie ("Mr. Montgomerie") has been dismissed from this action.  *See* March 29, 2024, Order, at 77.  To the extent that a response is required, Vertol admits the allegations contained in the first two sentences of Paragraph 26.  Additionally, to the extent that a response is required, Vertol states that the allegations set forth in the third and final sentence of Paragraph 26 of the First Amended Complaint purport to quote an article published in the *New York Times* and denies those allegations to the extent that they inaccurately or incompletely characterize that source.

## RESPONSE TO "FACTS"

### Response to "Defendant DeSantis Uses Immigrant Relocation as a Political Stunt to Elevate His National Profile"

27.     This paragraph does not state allegations against Vertol, so no response is required. To the extent a response is required, Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 27 of the First Amended Complaint, and, therefore, denies these allegations.  To the extent that these allegations purport to characterize facts set forth in news media cited in this paragraph, Vertol denies those allegations to the extent that they inaccurately or incompletely characterize those sources of information.

28.     This paragraph does not state allegations against Vertol, so no response is required. To the extent a response is required, Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 28 of the First Amended Complaint, and, therefore, denies these allegations.  To the extent that these allegations purport to characterize facts or quote

statements set forth in news media cited in this paragraph, Vertol denies those allegations to the extent that they inaccurately or incompletely characterize those sources of information.

29.     This paragraph does not state allegations against Vertol, so no response is required. To the extent a response is required, Vertol admits that Governor DeSantis sought nomination as a candidate for President of the United States.  Vertol lacks information sufficient to form a belief as to the truth of the other allegations set forth in Paragraph 29 of the First Amended Complaint and, therefore, denies these allegations.  To the extent that these allegations purport to characterize facts set forth in news media cited in this Paragraph, Vertol denies those allegations to the extent that they inaccurately or incompletely characterize those sources of information.

30.     This paragraph does not state allegations against Vertol, so no response is required. To the extent a response is required, Vertol admits that Florida does not border Mexico.  Vertol lacks information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 30 of the First Amended Complaint and, therefore, denies these allegations.  To the extent that these allegations purport to characterize facts set forth in news media cited in this paragraph, Vertol denies those allegations to the extent that they inaccurately or incompletely characterize those sources of information.

31.     This paragraph does not state allegations against Vertol, so no response is required. To the extent a response is required, Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 31 of the First Amended Complaint and, therefore, denies these allegations.  To the extent that these allegations purport to characterize facts or quote statements set forth in news media cited in this paragraph, Vertol denies those allegations to the extent that they inaccurately or incompletely characterize those sources.

32.     This paragraph does not state allegations against Vertol, so no response is required. To the extent a response is required, Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 32 of the First Amended Complaint and, therefore, denies these allegations.  To the extent that these allegations purport to characterize facts or quote statements set forth in news media cited in this paragraph, Vertol denies those allegations to the extent that they inaccurately or incompletely characterize those sources of information.

33.     This paragraph does not state allegations against Vertol, so no response is required. To the extent a response is required, Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 33 of the First Amended Complaint and, therefore, denies these allegations.  To the extent that these allegations purport to characterize facts or quote statements set forth in news media cited in this paragraph, Vertol denies those allegations to the extent that they inaccurately or incompletely characterize those sources of information.

34.     This paragraph does not state allegations against Vertol, so no response is required. If a response is required, to the extent that the allegations set forth in Paragraph 34 purport to characterize lawful appropriations made by the Florida legislature, the provisions of any such appropriations bill speak for themselves, and any characterization of these provisions is a conclusion of law to which no response is required.  To the extent a response is required, Vertol denies the allegations set forth in Paragraph 34 of the First Amended Complaint.

35.     This paragraph does not state allegations against Vertol, so no response is required. To the extent a response is required, Vertol admits that Governor DeSantis signed Florida's 2022 General Appropriations Act into law on June 2, 2022.

36.     To the extent that the allegations set forth in Paragraph 36 of the First Amended Complaint purport to quote Section 185 of the General Appropriations Act, these provisions speak

for themselves, and any characterization of these provisions is a conclusion of law to which no response is required and is, therefore, deemed denied.

37.     This paragraph does not state allegations against Vertol, so no response is required. To the extent a response is required, Vertol lacks information sufficient to form a belief as to the source of funding for Florida's Relocation Program and whether $350 billion in aid has been provided to state, local, and tribal governments and, therefore, denies these allegations.  The remaining allegations set forth in Paragraph 37 of the First Amended Complaint are conclusions of law concerning the American Rescue Plan Act to which no response is required and are deemed denied.

38.     This paragraph does not state allegations against Vertol, so no response is required. To the extent a response is required, Vertol lacks information sufficient to form a belief as to the allegations set forth in Paragraph 38 of the First Amended complaint and, therefore, denies these allegations.

39.     This paragraph does not state allegations against Vertol, so no response is required. To the extent a response is required, Vertol lacks information sufficient to form a belief as to the allegations set forth in Paragraph 39 of the First Amended Complaint.  To the extent that the second sentence of Paragraph 39 purports to quote another source of information, Vertol denies those allegations to the extent that they inaccurately or incompletely characterize that source.

**Response to "Defendants FDOT and Perdue Award the
Relocation Program Contracts to Defendant Vertol"**

40.     Vertol admits the allegations set forth in Paragraph 40 of the First Amended Complaint.

41.     Paragraph 41 of the First Amended Complaint purports to quote from a request for proposal issued by FDOT.  Vertol denies these allegations to the extent that they inaccurately or incompletely characterize or quote the contents of the request for proposal.

42.     Paragraph 42 of the First Amended Complaint purports to characterize government contract guidelines issued by the State of Florida.  Vertol denies these allegations to the extent that they inaccurately or incompletely characterize the guidelines referenced in this paragraph.

43.     This paragraph does not state allegations against Vertol, so no response is required. To the extent a response is required, Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 43 of the First Amended Complaint and, therefore, denies these allegations.   To the extent that Paragraph 43 purports to quote any source of information, Vertol denies these allegations to the extent that they inaccurately or incompletely characterize that source.

44.      This paragraph does not state allegations against Vertol, so no response is required. To the extent a response is required, Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 44 of the First Amended Complaint and, therefore, denies these allegations.   To the extent that Paragraph 44 purports to quote any source of information, Vertol denies these allegations to the extent that they inaccurately or incompletely characterize that source.

45.     This paragraph does not state allegations against Vertol, so no response is required. To the extent a response is required, Vertol admits the allegations set forth in Paragraph 45 of the First Amended Complaint, except that it denies that Paul Baker's position is titled "Commodities and Contractual Services Administrator."

46.     Vertol admits the allegations set forth in the first two sentences of Paragraph 46 of the First Amended Complaint, except that it denies the characterization that Mr. Keefe and Mr. Montgomerie were in "regular" contact.  The remaining allegations set forth in Paragraph 46 purport to quote from screenshots of text messages between Mr. Keefe and Mr. Montgomerie; Vertol denies these allegations to the extent that they inaccurately or incompletely quote this source of information.

47.     Vertol denies that Mr. Montgomerie texted and called Mr. Keefe on September 1, 2024.  Vertol further denies Plaintiffs' characterization that Mr. Keefe was "shepherd[ing]" Vertol through the bidding process.   The remaining allegations set forth in Paragraph 47 of the First Amended Complaint purport to characterize or quote text messages depicted in a screenshot. Vertol denies these allegations to the extent that they inaccurately or incompletely characterize or quote the conversation between Mr. Montgomerie and Mr. Keefe.

48.     The allegations set forth in Paragraph 48 of the First Amended Complaint purport to quote a proposal submitted by Vertol to FDOT on August 2, 2022.  Vertol denies these allegations to the extent that they inaccurately or incompletely characterize or quote the information contained in that proposal.

49.     The allegations set forth in Paragraph 49 of the First Amended Complaint purport to quote a proposal submitted by Vertol to FDOT on August 2, 2022.  Vertol denies these allegations to the extent that they inaccurately or incompletely characterize or quote the information contained in that proposal.

50.     Vertol admits that it submitted a revised proposal to FDOT on September 2, 2022. The remaining allegations set forth in Paragraph 50 of the First Amended Complaint purport to

quote the September 2, 2022, proposal.  Vertol denies these allegations to the extent that they inaccurately or incompletely characterize or quote the information contained in that proposal.

51.     The allegations set forth in Paragraph 51 of the First Amended Complaint purport to quote a proposal submitted by Vertol to FDOT on September 2, 2022.  Vertol denies these allegations to the extent that they inaccurately or incompletely characterize or quote the information contained in that proposal.

52.     The allegations set forth in Paragraph 52 purport to quote documents that were obtained and referenced in a news article.  Vertol denies these allegations to the extent that they inaccurately or incompletely characterize or quote the information contained in those original sources.

53.     The allegations set forth in Paragraph 53 of the First Amended Complaint purport to quote a proposal submitted by Vertol to FDOT on September 2, 2022.  Vertol denies these allegations to the extent that they inaccurately or incompletely characterize or quote the information contained in that proposal.

54.     Vertol admits that it was paid $615,000 by FDOT on or around September 8, 2022. Vertol lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 54 of the First Amended Complaint, including the allegations in footnote 22, and, therefore, denies these allegations.

55.     Vertol admits that it was paid $950,000 by FDOT on or around September 19, 2022. Vertol lacks information sufficient to form a belief as to the truth of the allegation that the line item for this payment was "Relocation Program of Unauthorized Aliens and, therefore, denies this allegation.  Stating further, this payment was unrelated to the Martha's Vineyard flights.

56.     Vertol lacks information sufficient to form a belief as to the truth of Plaintiffs'
allegations set forth in Paragraph 56 of the First Amended Complaint and, therefore, denies these
allegations.

57.     Vertol admits that it engaged Ms. Huerta, who speaks Spanish, as an independent
contractor to help Vertol coordinate with immigrants who chose to fly to Massachusetts.  Vertol
further admits that Ms. Huerta helped Vertol provide meals, lodging, and other services like
haircuts, to the Putative Class Members while they awaited their flight to Massachusetts.  Vertol
admits that, through Ms. Huerta, the Individual Plaintiffs and Putative Class Members were
required to show their immigration papers to prove that they were immigrants in need of assistance.
Vertol denies that the Individual Plaintiffs or the Putative Class Members were required to sign
any consent forms against their will and denies that the consent forms were a sham.

**Response to "Defendants Deceive Recent Immigrants in Texas Into Accepting Transportation"**

58.     Vertol admits that it was secured as a contractor in late summer 2022.  Vertol lacks
information sufficient to form a belief as to the truth of the remaining allegations set forth in
Paragraph 58 of the Amended Complaint and, therefore, denies them.  Additionally, several
allegations set forth in Paragraph 58 appear to quote a news article or other sources of information,
which allegations Vertol denies to the extent that they inaccurately or incompletely characterize or
quote those sources of information.

59.     This paragraph does not state allegations against Vertol, so no response is required.
To the extent a response is required, Vertol lacks sufficient information to form a belief as to the
truth of the allegations set forth in Paragraph 59 of the First Amended Complaint and, therefore,
denies them.

14

60.     Vertol admits that its employees and independent contractors traveled to San Antonio, Texas, to execute its contract with FDOT.  Vertol further admits that some of the other defendants or their representatives also visited San Antonio, Texas.  Vertol denies the allegations concerning the purported purpose, motivation, and/or goal of the visit.

61.     Vertol denies the allegations in Paragraph 61 of the First Amended Complaint to the extent that it implies that Ms. Huerta was, at this time, an employee at Vertol and to the extent it purports to characterize Ms. Huerta's role and responsibilities with respect to the flights.  Vertol admits the remaining allegations in Paragraph 61.

62.     Vertol denies the allegations set forth in Paragraph 62 of the First Amended Complaint to the extent that the allegations inaccurately or incompletely characterize the text messages referenced therein.

63.     Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 63 of the First Amended Complaint and, therefore, denies them. Furthermore, to the extent that certain allegations purport to quote a news article, Vertol denies these allegations to the extent that these allegations inaccurately or incompletely characterize or quote that source of information. Stating further, Vertol had frequent communication with Mr. Keefe and others to execute the contract, which communications were necessary and typical.

64.     Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 64 of the First Amended Complaint and, therefore, denies them. Furthermore, to the extent that certain allegations purport to quote a news article, Vertol denies these allegations to the extent that these allegations inaccurately or incompletely characterize or quote that source of information.

65.     Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 65 of the First Amended Complaint and, therefore, denies them. Furthermore, to the extent that certain allegations purport to quote a news article, Vertol denies these allegations to the extent that these allegations inaccurately or incompletely characterize or quote that source of information.

66.     Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 66 of the First Amended Complaint and, therefore, denies them. Furthermore, to the extent that certain allegations purport to quote Ms. Huerta, Vertol denies these allegations to the extent that these allegations inaccurately or incompletely characterize or quote Ms. Huerta's words.

67.     Vertol denies the allegations set forth in Paragraph 67 of the First Amended Complaint to the extent that these allegations inaccurately or incompletely characterize or quote the text messages referenced therein.

68.     Vertol admits the allegations set forth in Paragraph 68 of the First Amended Complaint.  Stating further, all communications and interactions between Mr. Keefe and Mr. Montgomerie were necessary interactions to execute the contract between Vertol and FDOT.

69.     Vertol admits that Ms. Huerta, a Spanish speaker, interacted with immigrants in San Antonio, Texas, to ask if they would like to fly to Massachusetts or another northern state.  Vertol lacks information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 69 of the First Amended Complaint and, therefore, denies them.

70.     Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 70 of the First Amended Complaint and, therefore, denies them.

71.     Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 71 of the First Amended Complaint and, therefore, denies them.  Stating further, Vertol did not instruct Ms. Huerta to conceal the source of funding for the flight to Martha's Vineyard.

72.     Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 72 of the First Amended Complaint and, therefore, denies them.

73.     Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of Paragraph 72 of the First Amended Complaint and, therefore, denies them.  Vertol admits that there are substantial numbers of immigrants of all racial, ethnic, and national backgrounds in the United States.  However, all of the immigrants who lacked food, money, and shelter that Vertol's representatives encountered in San Antonio, Texas, were Latino asylum-seekers.  Stating further, Vertol denies that it directed its representatives or Ms. Huerta to identify immigrants who were willing to participate in the flights based on their race, ethnicity, or nationality.

74.     Vertol admits that the Individual Plaintiffs and the Putative Class Members were located outside of the Migrant Resource Center in San Antonio, that immigrants are typically allowed to stay at the Migrant Resource Center for approximately three days because the center was overwhelmed with immigrants seeking care, and that immigrants like the Individual Plaintiffs and Putative Class Members were in need of help.  Stating further, Vertol denies that it directed its representatives or Ms. Huerta to identify immigrants who were willing to participate in the flights based on their race, ethnicity, or nationality.  Upon information and belief, by the time Ms. Huerta, interacted with the Individual Plaintiffs and Putative Class Members, they had already stayed three

days at the Migrant Resource Center, were without food, money, and shelter, and were unable to locate other assistance.

75.     Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 75 of the First Amended Complaint and, therefore, denies these allegations.

76.      Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 76 of the First Amended Complaint and, therefore, denies these allegations.

77.     Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 77 of the First Amended Complaint and, therefore, denies these allegations.

78.     Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 78 of the First Amended Complaint and, therefore, denies these allegations.

79.     Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 79 of the First Amended Complaint and, therefore, denies these allegations.

80.     Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 80 of the First Amended Complaint and, therefore, denies these allegations. Stating further, Vertol did not direct Ms. Huerta to conceal the existence of its contract with FDOT or its source of funding, nor did Vertol or Ms. Huerta have any obligation to disclose its source of funding.

81.     Vertol admits that arrangements were made to provide short-term housing, as well as food and other resources, for the Individual Plaintiffs and Putative Class Members who agreed to participate in the flights while they waited for the flights to occur.  Vertol denies the remaining allegations in Paragraph 81 of the First Amended Complaint.  Furthermore, to the extent that the Individual Plaintiffs and Putative Class Members accepted an offer to stay at the hotel during the days leading up to the flights, Vertol states that their choice was, at all times, voluntary.

82.     Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 82 of the First Amended Complaint and, therefore, denies these allegations.

83.     Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 83 of the First Amended Complaint and, therefore, denies these allegations.

84.     Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 84 of the First Amended Complaint and, therefore, denies these allegations.

85.     Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 85 of the First Amended Complaint and, therefore, denies these allegations.

86.     Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 86 of the First Amended Complaint and, therefore, denies these allegations.

87.     Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 87 of the First Amended Complaint and, therefore, denies these allegations.

88.     Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 88 of the First Amended Complaint and, therefore, denies these allegations.

89.     Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 89 of the First Amended Complaint and, therefore, denies these allegations.

90.     Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 90 of the First Amended Complaint and, therefore, denies these allegations.

91.     Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 91 of the First Amended Complaint and, therefore, denies these allegations.

92.     Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 92 of the First Amended Complaint and, therefore, denies these allegations.

93.     Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 93 of the First Amended Complaint and, therefore, denies these allegations.

94.     Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 94 of the First Amended Complaint and, therefore, denies these allegations.

95.     Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 95 of the First Amended Complaint and, therefore, denies these allegations.

96.     Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 96 of the First Amended Complaint and, therefore, denies these allegations.

97.     Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 77 of the First Amended Complaint and, therefore, denies these allegations. To the extent that the allegations set forth in Paragraph 97 purport to quote from a *New York Times* article, Vertol denies these allegations to the extent that they incompletely quote or characterize the contents of the article.

98.     Vertol admits that all immigrants that boarded the flights in San Antonio, Texas were present in Texas when they agreed to board the flights.  Vertol denies the remaining allegations set forth in Paragraph 98 of the First Amended Complaint.

99.     Vertol admits that none of the Individual Plaintiffs or Putative Class Members were located in Florida when they agreed to board the flights.  Vertol lacks information sufficient to form a belief as to the truth of Plaintiffs' allegations that the Putative Class Members had never set foot in Florida previously and, therefore, denies these allegations.

**<u>Response to "Defendants Prepare the Flights to Martha's Vineyard"</u>**

100.     Vertol denies the allegations set forth in Paragraph 100 of the First Amended Complaint to the extent they purport to characterize Ms. Huerta's role and responsibilities.  Vertol admits that it was completing flight preparations while Ms. Huerta was asking immigrants if they would agree to board the flights and coordinating the provision of other resources to the Individual Plaintiffs and Putative Class Members.

101.     Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 101 of the First Amended Complaint and, therefore, denies these allegations. To the extent that Paragraph 101 purports to quote text messages between Mr. Keefe and Mr. Uthmeier, Vertol denies these allegations to the extent that they inaccurately or incompletely quote those text messages.

102.     Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 102 of the First Amended Complaint and, therefore, denies these allegations. Vertol admits that Texas officials were involved in flight preparations.  To the extent that Paragraph 102 purports to quote text messages between Mr. Keefe and Mr. Uthmeier, Vertol denies these allegations to the extent that they inaccurately or incompletely quote those text messages.

103.     Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 103 of the First Amended Complaint and, therefore, denies these allegations. To the extent that Paragraph 103 purports to quote text messages between and Mr. Uthmeier and Luis Saenz, Vertol denies these allegations to the extent that they inaccurately or incompletely quote those text messages.

104.     Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 104 of the First Amended Complaint and, therefore, denies these allegations.

To the extent that Paragraph 104 purports to quote text messages between Mr. Keefe and Mr. Uthmeier, Vertol denies these allegations to the extent that they inaccurately or incompletely quote those text messages.

105.    Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 105 of the First Amended Complaint and, therefore, denies these allegations. To the extent that Paragraph 105 purports to quote text messages exchanged between Mr. Keefe and Mr. Uthmeier, Vertol denies these allegations to the extent that they inaccurately or incompletely quote those text messages.

106.    Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 106 of the First Amended Complaint and, therefore, denies these allegations. To the extent that Paragraph 106 purports to quote a news article quoting an address by Governor DeSantis, Vertol denies these allegations to the extent that they inaccurately or incompletely quoted in this source of information.

107.    Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 107 and, therefore, denies these allegations.

108.    Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 108 of the First Amended Complaint and, therefore, denies these allegations. To the extent that Paragraph 108 purports to quote text messages between Mr. Keefe and Mr. Uthmeier, Vertol denies these allegations to the extent that they inaccurately or incompletely quote those text messages.

109.    Vertol denies the allegations set forth in Paragraph 109 of the First Amended Complaint to the extent that they inaccurately or incompletely quote the text messages exchanged between Mr. Keefe and Mr. Montgomerie.

110.     Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 110 of the First Amended Complaint.  To the extent that Paragraph 110 purports to quote text messages exchanged between Mr. Keefe and Mr. Uthmeier, Vertol denies these allegations to the extent that they inaccurately or incompletely quote those text messages.

111.     Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 111 of the First Amended Complaint.  To the extent that Paragraph 111 purports to quote text messages exchanged between Mr. Keefe and Mr. Uthmeier and Ms. Huerta and Mr. Keefe, Vertol denies these allegations to the extent that they inaccurately or incompletely quote those text messages.

112.     Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 112 of the First Amended Complaint.  To the extent that Paragraph 112 purports to quote text messages between Mr. Keefe and Mr. Uthmeier, Vertol denies these allegations to the extent that they inaccurately or incompletely quote those text messages.

113.     Vertol admits that it was aware that the State of Florida was paying for the flights. Vertol denies awareness of the remaining allegations set forth in Paragraph 113 of the First Amended Complaint.  Vertol lacks information sufficient to form a belief as to the truth of the allegations concerning the other defendants' awareness and, therefore, denies the allegations.

114.     Vertol denies the allegations set forth in Paragraph 114 of the First Amended Complaint with respect to its own awareness.  Vertol lacks information sufficient to form a belief as to the truth of the allegations concerning the other defendants' awareness and, therefore, denies the allegations.

**Response to "Class Plaintiffs Are Unwittingly Flown to Martha's Vineyard"**

115.    Vertol lacks information sufficient to form a belief as to the truth of the allegations concerning the exact time when Ms. Huerta supplied the Individual Plaintiffs and Putative Class Members with the consent forms or whether Ms. Huerta explained the contents of the document, which was written in English and Spanish.  Vertol admits that the Individual Plaintiffs and Putative Class Members were provided with a gift card to obtain food while they waited to board the airplanes.  Stating further, Vertol provided Putative Class Members with food, beds, hot showers, and in some instances provided clothing and arranged for the migrants to get haircuts while they waited for their flights.  Vertol denies that any Individual Plaintiffs or Putative Class Members were induced to sign the Official Consent to Transport Form.

116.    Vertol lacks information sufficient to form a belief as to the truth of the allegations concerning the nature of what Ms. Huerta said to Jesus Doe or whether Jesus Doe felt that he had an appropriate amount of time to read the document or felt induced to sign the document in exchange for food.  Vertol denies that Jesus Doe was induced to sign the Official Consent to Transport form.

117.    Vertol admits that the Individual Plaintiffs and Putative Class Members were asked to sign a consent form substantially in the form as depicted in Paragraph 117 of the First Amended Complaint.

118.    Vertol admits that the consent forms do not name the State of Florida as the source of funding for the flight to Martha's Vineyard.  Stating further, the Official Consent to Transport form was prepared based on a similar consent form utilized by the State of Texas.  Vertol denies that the Official Consent to Transport form intentionally hid the State of Florida's role in funding

the flight to Martha's Vineyard and denies that the flights solely advanced the interests of the defendants, including Vertol.

119.    Vertol admits that the Official Consent to Transport form specifies that the Individual Plaintiffs and the Putative Class Members would reach a "final destination of Massachusetts" but that it does not specify the exact location within Massachusetts.  Vertol denies that the Individual Plaintiffs and Putative Class Members did not consent to transport through other jurisdictions because the Official Consent to Transport form includes a waiver of liability that applies "in locations outside of Texas until the final destination of Massachusetts."

120.    Vertol denies the allegations set forth in Paragraph 120 of the First Amended Complaint.

121.    Vertol denies the allegations in Paragraph 121 of the First Amended Complaint to the extent that they characterize the Official Consent to Transport forms as illegitimate.  Vertol admits the remaining allegations set forth in Paragraph 121.

122.    Vertol lacks information sufficient to form a belief as to the truth of the allegations of what Ms. Huerta told the Individual Plaintiffs and Putative Class Members and, therefore, denies the allegations.  Vertol admits that the Individual Plaintiffs and Putative Class Members lined up to board the flight.

123.    Vertol lacks information sufficient to form a belief as to the truth of Yanet Doe's recollection or that videos depicted a uniformed officer leading a dog along the line of immigrants waiting to board the aircraft.  Vertol admits that government officials were present at the time of boarding.

124.    Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 124 of the First Amended Complaint and, therefore, denies these allegations.

125.     Vertol lacks information sufficient to form a belief as to whether the photograph was produced by the State of Florida in response to a records request and, therefore, denies this allegation.  Vertol admits that the Individual Plaintiffs and the Putative Class Members boarded the plane.

126.     Vertol admits the allegations set forth in the first sentence of Paragraph 126 of the First Amended Complaint, as well as that Ms. Huerta did not board the flight.  Vertol lacks information sufficient to form a belief as to the truth of the allegations that Ms. Huerta told Yanet Doe and other Putative Class Members that she would board the plane and, therefore, denies this allegation.

127.     Vertol lacks information sufficient to form a belief as to whether the *Miami Herald* obtained document or that the State of Florida produced text messages showing that Mr. Keefe and Mr. Montgomerie boarded the flights and, therefore, denies these allegations.  Vertol admits that Mr. Keefe and Mr. Montgomerie boarded the flights.

128.     Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 128 of the First Amended Complaint and, therefore, denies these allegations.  To the extent that these allegations purport to quote text messages exchanged between Mr. Keefe and Mr. Uthmeier, Vertol denies these allegations to the extent that they inaccurately or incompletely quote or characterize those text messages.

129.     Vertol admits the allegations set forth in Paragraph 129 of the First Amended Complaint.

130.     Vertol denies the allegations set forth in Paragraph 130 of the First Amended Complaint.  Stating further, Vertol operates its airplanes from an airport located in Crestview, Florida.

131.    Vertol admits the allegations set forth in Paragraph 131 of the First Amended Complaint.

132.    Vertol denies that the Individual Plaintiffs and Putative Class Members were required to continue traveling on the flight.  Vertol admits the remaining allegations set forth in Paragraph 132 of the First Amended Complaint.

133.    Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 133 of the First Amended Complaint and, therefore, denies these allegations.

134.    Vertol admits the allegations set forth in Paragraph 134 of the First Amended Complaint.

135.    Vertol admits the allegations set forth in Paragraph 135 of the First Amended Complaint.

136.    Vertol admits the allegations set forth in Paragraph 136 of the First Amended Complaint.

137.    Vertol admits that the brochure was included in the red folder.  Vertol denies the allegations quoting the brochure to the extent that they inaccurately or incompletely characterize or quote the contents of the brochure.

138.    Vertol admits that the brochure was not prepared by a Massachusetts agency. Stating further, the brochure contains information that is provided on websites maintained by Massachusetts governmental agencies.  Vertol denies the remaining allegation in Paragraph 138 of the First Amended Complaint.

139.    Vertol admits that the brochure contained the images specified in Paragraph 139 of the First Amended Complaint.  Vertol denies the remaining allegations set forth in Paragraph 139 of the First Amended Complaint.

140.    Vertol lacks information sufficient to form a belief as to the truth of the allegations concerning the knowledge of the Individual Plaintiffs or Putative Class Members or whether they met the eligibility requirements for these programs and, therefore, denies these allegations.  Vertol admits that the brochure does not display the official Massachusetts flag.  Vertol denies the remaining allegations set forth in Paragraph 140 of the First Amended Complaint.

141.    Vertol lacks information sufficient to form a belief as to the nature of Ms. Huerta's conversations with the Individual Plaintiffs and Putative Class Members, and therefore denies these allegations.  Vertol denies that it authorized Ms. Huerta to promise support.  Vertol denies the allegations that the brochure states the quoted language to the extent that it inaccurately or incompletely quotes or characterizes that source.  Stating further, the language quoted in Paragraph 141 is a quote from a website operated by the Massachusetts government.

142.    Vertol admits the allegations set forth in the first sentence of Paragraph 142 of the First Amended Complaint.  Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in the second sentence of Paragraph 142 and, therefore, denies these allegations.

143.    Vertol admits the allegations set forth in Paragraph 143 of the First Amended Complaint.

144.    Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 144 of the First Amended Complaint and, therefore, denies these allegations.

145.    Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 145 of the First Amended Complaint and, therefore, denies these allegations.  Stating further, Plaintiffs' allegation that Jesus Doe was told he would be traveling to Boston is contradicted by Plaintiffs' own previous allegations in Paragraph 92 of the First Amended

Complaint, which alleged that Ms. Huerta told Jesus Doe that the flights would depart for "Washington, Oregon, or Massachusetts."

146.    Vertol denies the allegations set forth in Paragraph 146 of the First Amended Complaint.  Stating further, the Individual Plaintiffs and Putative Class Members signed the Official Consent to Transport form and agreed to be transported to Massachusetts, without regard to the specific destination within the Commonwealth.

### Response to "Class Plaintiffs Arrive in Martha's Vineyard, Where No One Is Expecting Them"

147.    Vertol admits the allegations set forth in Paragraph 147 of the First Amended Complaint.

148.    Vertol denies the allegations set forth in the first sentence of Paragraph 148 of the First Amended Complaint.  Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in the second sentence of Paragraph 148 and, therefore, denies the allegations.

149.    Vertol admits that the Individual Plaintiffs and Putative Class Members were deplaned, asked to board vans, and transported to a local community center.  Vertol lacks information sufficient to form a belief as to the truth of the allegations concerning Governor DeSantis's actions and whether the still photo is derived from the specified source and, therefore, denies these allegations.

150.    Vertol admits the allegations in Paragraph 150 of the First Amended Complaint.

151.    Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 151 of the First Amended Complaint and, therefore, denies these allegations. To the extent that Paragraph 151 purports to quote statements published a news article, Vertol

denies these allegations to the extent that they inaccurately or incompletely characterize or quote the cited source.

152.    Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 152 of the First Amended Complaint and, therefore, denies these allegations. To the extent that Paragraph 152 purports to quote statements published a news article, Vertol denies these allegations to the extent that they inaccurately or incompletely characterize or quote the cited source.

153.    Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 153 of the First Amended Complaint and, therefore, denies these allegations. To the extent that Paragraph 153 purports to quote statements published a news article, Vertol denies these allegations to the extent that they inaccurately or incompletely characterize or quote the cited source.

154.    Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 154 of the First Amended Complaint and, therefore, denies these allegations. To the extent that Paragraph 154 purports to quote statements published a news article, Vertol denies these allegations to the extent that they inaccurately or incompletely characterize or quote the cited source.

155.    Vertol admits that Martha's Vineyard is an island that is not connected to other land masses by a bridge.  As to the remaining allegations, Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 155 of the First Amended Complaint and, therefore, denies these allegations.  To the extent that Paragraph 155 purports to quote statements published a news article, Vertol denies these allegations to the extent that they inaccurately or incompletely characterize or quote the cited source.

156.    Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 156 of the First Amended Complaint and, therefore, denies these allegations. Vertol denies responsibility for any wrongdoing alleged in Paragraph 156.

157.    Vertol admits that government defendants in this action have produced records in response to public records requests.  As to the remaining allegations, Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 157 of the First Amended Complaint and, therefore, denies these allegations.  Vertol denies responsibility for any wrongdoing alleged in Paragraph 157.

158.    Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 158 of the First Amended Complaint and, therefore, denies these allegations.

159.    Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 159 of the First Amended Complaint and, therefore, denies these allegations.

160.    Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 160 of the First Amended Complaint and, therefore, denies these allegations.

161.    Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 161 of the First Amended Complaint and, therefore, denies these allegations.

162.    Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 162 of the First Amended Complaint and, therefore, denies these allegations.

163.    Vertol denies that "no one" was expecting the immigrants' arrival in Martha's Vineyard, because, as Plaintiffs admit, that they were provided ground transportation immediately upon arrival.  Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 163 of the First Amended Complaint and, therefore, denies these allegations.

164.     Vertol lacks information sufficient to form a belief as to the truth of the allegations concerning Jesus Doe's mental or emotional state set forth in Paragraph 164 of the First Amended Complaint and, therefore, denies these allegations.  Vertol denies the allegations concerning the defendants' alleged conduct.

165.     Vertol denies the allegations to the extent that they imply that its conduct caused any harm to Plaintiffs.  Vertol lacks information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 165 of the First Amended Complaint and, therefore, denies these allegations.

166.     Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 166 of the First Amended Complaint and, therefore, denies these allegations.

167.     Vertol denies that Jesus Doe was deceived when he decided to travel to Massachusetts.  As to the remaining allegations, Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 167 of the First Amended Complaint and, therefore, denies these allegations.

168.     Vertol denies that the First Amended Complaint accurately describes its plans, motives, or intentions.  As to the remaining allegations, Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 168 of the First Amended Complaint and, therefore, denies these allegations.

169.     Vertol lacks information sufficient to form a belief as to truth of the allegations concerning the mental or emotional state of the Individual Plaintiffs and Putative Class Members.  Vertol denies the remaining allegations in Paragraph 169 of the First Amended Complaint.

170.     Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 170 of the First Amended Complaint and, therefore, denies these allegations.

To the extent that Paragraph 170 purports to cite a news article supporting these allegations, Vertol denies these allegations to the extent that they inaccurately or incompletely characterize the cited source.

171.    Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 171 of the First Amended Complaint and, therefore, denies these allegations. To the extent that Paragraph 171 purports to quote a news article, Vertol denies these allegations to the extent that they inaccurately or incompletely characterize the cited source.

172.    Vertol denies that its actions were fraudulent.  Vertol lacks information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 172 of the First Amended Complaint and, therefore, denies these allegations.

173.    Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 173 of the First Amended Complaint and, therefore, denies these allegations.

174.    Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 174 of the First Amended Complaint and, therefore, denies these allegations.

175.    Vertol denies the allegations in Paragraph 175 of the First Amended Complaint to the extent they imply any wrongdoing occurred.  Vertol lacks information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 175 of the First Amended Complaint and, therefore, denies these allegations.

176.    Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 176 of the First Amended Complaint and, therefore, denies these allegations.

177.    Vertol denies that injunctive and declaratory relief is necessary.  As to the remaining allegations, Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 177 of the First Amended Complaint and, therefore, denies these allegations.

**Response to "Defendant DeSantis Takes Credit for the Scheme and Promises More Flights"**

178.     Vertol denies the allegations set forth in the first sentence of Paragraph 178 of the First Amended Complaint.  To the extent that the remaining allegations purport to quote the cited news source, Vertol denies these allegations to the extent that they inaccurately and incompletely convey Governor DeSantis's comments at the press conference.

179.     Vertol denies the allegations set forth in Paragraph 179 of the First Amended Complaint, which purport to quote the cited news source, to the extent that they inaccurately and incompletely convey Governor DeSantis's comments at the press conference.

180.     Vertol denies the allegations set forth in Paragraph 180 of the First Amended Complaint, which purport to quote the cited news source, to the extent that they inaccurately and incompletely convey Governor DeSantis's comments at the press conference.

181.     Vertol admits that it did not ask the Individual Plaintiffs or the Putative Class Members whether they intended to go to Florida.  Vertol lacks information sufficient to form a belief as to the truth of these allegations with respect to any other defendant and, therefore, denies the allegations.

182.     Vertol lacks information sufficient to form a belief as to the truth of the allegations concerning Governor DeSantis's intentions.  To the extent that the remaining allegations purport to quote a news source containing Governor DeSantis's statements at a press conference, Vertol denies these allegations to the extent that they inaccurately or incompletely characterize or quote his statements.

183.     Vertol lacks information sufficient to form a belief as to the truth of the allegations concerning Governor DeSantis's intentions.  To the extent that the remaining allegations set forth in Paragraph 183 of the First Amended Complaint purport to quote a news source containing

Governor DeSantis's statements in a social media message, Vertol denies these allegations to the extent that they inaccurately or incompletely characterize or quote his statements.

184.     Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of Paragraph 184 of the First Amended Complaint.  To the extent that the remaining allegations set forth in Paragraph 184 of the First Amended Complaint purport to quote a news source containing Governor DeSantis's statements at a press conference, Vertol denies these allegations to the extent that they inaccurately or incompletely characterize or quote his statements.

185.     Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of Paragraph 185 of the First Amended Complaint.  To the extent that the remaining allegations set forth in Paragraph 185 of the First Amended Complaint purport to quote a news source containing Governor DeSantis's statements at a press conference, Vertol denies these allegations to the extent that they inaccurately or incompletely characterize or quote his statements.

186.     Vertol denies the allegations set forth in Paragraph 186 of the First Amended Complaint to the extent that it inaccurately or incompletely characterizes or quotes the social media messages referenced therein.

187.     Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of Paragraph 187 of the First Amended Complaint and, therefore, denies these allegations.  Vertol denies the remaining allegations in Paragraph 187, which purport to quote text messages exchanged between Ms. Huerta and Mr. Keefe, to the extent that they inaccurately or incompletely quote or characterize those text messages.

188.     Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 188 of the First Amended Complaint and, therefore, denies these allegations.

189.     Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 189 of the First Amended Complaint and, therefore, denies these allegations. To the extent that these allegations purport to quote a news source, Vertol denies these allegations to the extent that they inaccurately or incompletely characterize or quote the cited source.

**Response to "Defendants Have Made Clear They Will Continue Their Illegal Activities"**

190.     Vertol denies that it has repeatedly expressed its intention to continue transporting immigrants to Martha's Vineyard and elsewhere.  Vertol lacks information sufficient to form a belief as to whether the other defendants have repeatedly expressed their intention to continue the flights and, therefore, denies these allegations.

191.     Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of Paragraph 191 of the First Amended Complaint.  The remaining sentences of Paragraph 191 purport to characterize additional proposals entered into by Vertol with the State of Florida that were published in news media.  Vertol denies these allegations to the extent that the Complaint or the news media has inaccurately or incompletely characterized or quoted these sources of information.

192.     Vertol denies the allegations set forth in Paragraph 192 of the First Amended Complaint to the extent that they inaccurately or incompletely characterize or quote the text messages referenced therein.

193.     Vertol admits the allegations set forth in the first two sentences of Paragraph 193 of the First Amended Complaint.  Vertol lacks information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 193, and therefore denies these allegations.

Furthermore, Vertol denies the allegations set forth in Paragraph 193 to the extent that they inaccurately or incompletely characterize or quote the news sources upon which Plaintiff relies.

194.    Vertol states that the allegations set forth in the first sentence of Paragraph 194 purport to characterize an October 8, 2022, memorandum, which speaks for itself.  To the extent Vertol is required to respond to this allegation, it denies the allegation to the extent that it inaccurately or incompletely characterizes the memorandum.  Vertol lacks information sufficient to form a belief as to the truth of the allegations that FDOT is capable of quickly implementing another immigrant transport or the other defendants' statements concerning another immigrant transport and, therefore, denies these allegations.  Vertol admits the remaining allegations set forth in Paragraph 194.

195.    Vertol denies the allegations set forth in Paragraph 195 of the First Amended Complaint to the extent that they inaccurately or incompletely characterize or quote the news source referenced therein.  Vertol lacks information sufficient to form a belief as to any actions other defendants have taken to insist that flights will continue and, therefore, denies these allegations.

196.     Vertol denies the allegations set forth in Paragraph 196 of the First Amended Complaint to the extent that they inaccurately or incompletely characterize or quote the text messages referenced therein.

### RESPONSE TO "CLASS ALLEGATIONS"

197.    To the extent that this paragraph characterizes the Federal Rules of Civil Procedure or the law applicable to class certification, and any characterization of these provisions is a conclusion of law to which no response is required and is, therefore, deemed denied.

198.    To the extent that this paragraph characterizes the Federal Rules of Civil Procedure or the law applicable to class certification, and any characterization of these provisions is a conclusion of law to which no response is required and is, therefore, deemed denied.  To the extent a response is required, Vertol denies these allegations.

199.    To the extent that this paragraph characterizes the Federal Rules of Civil Procedure or the law applicable to class certification, and any characterization of these provisions is a conclusion of law to which no response is required and is, therefore, deemed denied.  To the extent a response is required, Vertol denies these allegations.

200.    To the extent that this paragraph characterizes the Federal Rules of Civil Procedure or the law applicable to class certification, and any characterization of these provisions is a conclusion of law to which no response is required and is, therefore, deemed denied.  To the extent a response is required, Vertol denies these allegations.

201.    To the extent that this paragraph characterizes the Federal Rules of Civil Procedure or the law applicable to class certification, and any characterization of these provisions is a conclusion of law to which no response is required and is, therefore, deemed denied.  To the extent a response is required, Vertol denies these allegations.  Stating further, the allegations set forth in this Complaint solely relate to the events leading up to the flights to Martha's Vineyard, and any immigrants that have been or may be subsequently transferred in different flights would not satisfy the requirements to become members of the putative class.

202.    To the extent that this paragraph characterizes the Federal Rules of Civil Procedure or the law applicable to class certification, and any characterization of these provisions is a conclusion of law to which no response is required and is, therefore, deemed denied.  To the extent a response is required, Vertol denies these allegations.

203.     To the extent that this paragraph characterizes the Federal Rules of Civil Procedure or the law applicable to class certification, and any characterization of these provisions is a conclusion of law to which no response is required and is, therefore, deemed denied.  To the extent a response is required, Vertol denies these allegations.  Stating further, the allegations set forth in the First Amended Complaint make clear that the Plaintiffs will argue that they were purportedly promised, and purportedly relied upon, different statements made by Ms. Huerta that were communicated among the Putative Class Members, rendering circumstances different for each Putative Class Member.  Moreover, Plaintiffs' claims for intentional and negligent infliction of emotional distress requires a fact-intensive inquiry as to the harm each Plaintiff alleges he or she suffered that is not susceptible to class certification.

204.     To the extent that this paragraph characterizes the Federal Rules of Civil Procedure or the law applicable to class certification, any characterization of these provisions is a conclusion of law to which no response is required and is, therefore, deemed denied.  To the extent a response is required, Vertol denies these allegations.  Stating further, the allegations set forth in the First Amended Complaint make clear that the Plaintiffs will argue that they were purportedly promised, and purportedly relied upon, different statements made by Ms. Huerta that were communicated among the Putative Class Members, rendering circumstances different for each Putative Class Member.  Moreover, Plaintiffs claims for intentional and negligent infliction of emotional distress requires a fact-intensive inquiry as to the harm each Plaintiff alleges he or she suffered that is not susceptible to class certification.

205.     To the extent that this paragraph characterizes the Federal Rules of Civil Procedure or the law applicable to class certification, and any characterization of these provisions is a

conclusion of law to which no response is required and is, therefore, deemed denied. To the extent a response is required, Vertol denies these allegations.

206.    To the extent that this paragraph characterizes the Federal Rules of Civil Procedure or the law applicable to class certification, and any characterization of these provisions is a conclusion of law to which no response is required and is, therefore, deemed denied. To the extent a response is required, Vertol denies these allegations.

207.    To the extent that this paragraph characterizes the Federal Rules of Civil Procedure or the law applicable to class certification, and any characterization of these provisions is a conclusion of law to which no response is required and is, therefore, deemed denied. To the extent a response is required, Vertol denies these allegations.

208.    To the extent that this paragraph characterizes the Federal Rules of Civil Procedure or the law applicable to class certification, and any characterization of these provisions is a conclusion of law to which no response is required and is, therefore, deemed denied. To the extent a response is required, Vertol denies these allegations.

209.    To the extent that this paragraph characterizes the Federal Rules of Civil Procedure or the law applicable to class certification, and any characterization of these provisions is a conclusion of law to which no response is required and is, therefore, deemed denied. To the extent a response is required, Vertol denies these allegations.

210.    To the extent that this paragraph characterizes the Federal Rules of Civil Procedure or the law applicable to class certification, and any characterization of these provisions is a conclusion of law to which no response is required and is, therefore, deemed denied. To the extent a response is required, Vertol denies these allegations.

## RESPONSE TO "CLAIMS FOR RELIEF"

## COUNT I

**Violation of Fourteenth Amendment to the U.S. Constitution, Substantive Due Process Pursuant to 42 U.S.C. § 1983**

**(Brought Against Defendants DeSantis, Perdue, Keefe, Uthmeier, Montgomerie, Huerta, and Vertol)**

211.    Vertol incorporates by reference its responses to the preceding paragraphs of the First Amended Complaint as if fully set forth herein.

212.    Paragraph 212 of the First Amended Complaint calls for a legal conclusion to which no response is required.  To the extent a response is required, Vertol denies the allegations set forth in Paragraph 212 of the First Amended Complaint.

213.    Paragraph 213 of the First Amended Complaint calls for a legal conclusion to which no response is required.  To the extent a response is required, Vertol denies the allegations set forth in Paragraph 213 of the First Amended Complaint.

214.    Vertol admits that asylum-seekers like the Putative Class Members were likely to impoverished and need of assistance.  Vertol denies the remaining allegations set forth in Paragraph 214 of the First Amended Complaint.

215.    Vertol admits that it agreed to provide transportation services as part of a government contract to transport immigrants on behalf of the State of Florida.  Vertol denies the remaining allegations.  Stating further, Plaintiffs' contention that they were informed that they would be "transported to a large city in the Northeast" is belied by their own allegations in the First Amended Complaint.

216.    Vertol admits the allegations set forth in Paragraph 216 of the First Amended Complaint.  Stating further, Vertol entered into a government contract to transport immigrants on behalf of the State of Florida to a "sanctuary" state, which was later decided to be Massachusetts.

41

Vertol had no obligation to provide jobs, humanitarian services, or benefits to the Individual Plaintiffs or Putative Class Members, and nonetheless provided food, hot showers, shelter, and in some cases hair cuts to those immigrants while they waited to board the airplanes.

217.   Vertol admits the allegations set forth in Paragraph 217 of the First Amended Complaint.  Stating further, Vertol had no obligation to inform the Individual Plaintiffs or the Putative Class Members that the transportation services were funded by the State of Florida or of any political motivations that may have motivated Florida's decision to fund migrant transportation.

218.   Vertol admits that the Individual Plaintiffs and the Putative Class Members willingly accepted the offer of free transportation to Massachusetts and that they learned they were traveling to Martha's Vineyard after they boarded the planes.  Vertol denies that it made any representations concerning the provision of jobs, services, and benefits in Massachusetts or that it authorized any other individual or entity to make such representations.  Vertol lacks information sufficient to form a belief as to whether any other defendants made such representations and, therefore, denies these allegations.

219.   Vertol admits that the Individual Plaintiffs and Putative Class Members were unable to deplane while the flights were en route to Martha's Vineyard but denies that they were taken against their will because they consented to be taken to a location in Massachusetts.

220.   Vertol denies that that the Individual Plaintiffs and Putative Class Members were unable to leave Martha's Vineyard because it is an island only accessible by plane or boat.  Vertol lacks information sufficient to form a belief as to whether the Individual Plaintiffs and Putative Class Members lacked the resources to arrange for transportation off the island.

221.     Paragraph 221 of the First Amended Complaint calls for a legal conclusion to which no response is required.  To the extent a response is required, Vertol denies the allegations set forth in Paragraph 221 of the First Amended Complaint.

222.     Paragraph 222 of the First Amended Complaint calls for a legal conclusion to which no response is required.  To the extent a response is required, Vertol denies the allegations set forth in Paragraph 222 of the First Amended Complaint.

223.     Paragraph 223 of the First Amended Complaint calls for a legal conclusion to which no response is required.  To the extent a response is required, Vertol denies the allegations set forth in Paragraph 223 of the First Amended Complaint.

**COUNT II – [DISMISSED BY COURT]**

**Violation of Fourteenth Amendment to the U.S. Constitution, Equal Protection Clause Pursuant to 42 U.S.C. § 1983**

**(Brought Against Defendants DeSantis, Perdue, Keefe, Uthmeier, Montgomerie, Huerta, and Vertol)**

224.     In accordance with the Court's March 29, 2024, order dismissing Count II, the allegations set forth in Paragraphs 223–231 require no response from Vertol.

225.     In accordance with the Court's March 29, 2024, order dismissing Count II, the allegations set forth in Paragraphs 223–231 require no response from Vertol.

226.     In accordance with the Court's March 29, 2024, order dismissing Count II, the allegations set forth in Paragraphs 223–231 require no response from Vertol.

227.     In accordance with the Court's March 29, 2024, order dismissing Count II, the allegations set forth in Paragraphs 223–231 require no response from Vertol.

228.     In accordance with the Court's March 29, 2024, order dismissing Count II, the allegations set forth in Paragraphs 223–231 require no response from Vertol.

229.    In accordance with the Court's March 29, 2024, order dismissing Count II, the allegations set forth in Paragraphs 223–231 require no response from Vertol.

230.    In accordance with the Court's March 29, 2024, order dismissing Count II, the allegations set forth in Paragraphs 223–231 require no response from Vertol.

231.    In accordance with the Court's March 29, 2024, order dismissing Count II, the allegations set forth in Paragraphs 223–231 require no response from Vertol.

## COUNT III

### Violation of 42 U.S.C. § 2000d

**(Brought Against Defendants DeSantis, Perdue, Keefe, State of Florida, and FDOT)**

232.    Vertol incorporates its responses to the preceding paragraphs of the First Amended Complaint as if fully set forth herein.

233.    This paragraph does not contain allegations against Vertol.  To the extent any response is required, Vertol lacks sufficient information to form a belief as to the truth of the allegations set forth in this paragraph, and, therefore, denies them.

234.    This paragraph does not contain allegations against Vertol.  To the extent any response is required, Vertol lacks sufficient information to form a belief as to the truth of the allegations set forth in this paragraph, and, therefore, denies them.

235.    This paragraph does not contain allegations against Vertol.  To the extent any response is required, Vertol lacks sufficient information to form a belief as to the truth of the allegations set forth in this paragraph, and, therefore, denies them.

236.    This paragraph does not contain allegations against Vertol.  To the extent any response is required, Vertol lacks sufficient information to form a belief as to the truth of the allegations set forth in this paragraph, and, therefore, denies them.

237.    This paragraph does not contain allegations against Vertol.  To the extent any response is required, Vertol lacks sufficient information to form a belief as to the truth of the allegations set forth in this paragraph, and, therefore, denies them.

238.    This paragraph does not contain allegations against Vertol.  To the extent any response is required, Vertol lacks sufficient information to form a belief as to the truth of the allegations set forth in this paragraph, and, therefore, denies them.

239.    This paragraph does not contain allegations against Vertol.  To the extent any response is required, Vertol lacks sufficient information to form a belief as to the truth of the allegations set forth in this paragraph, and, therefore, denies them.

240.    This paragraph does not contain allegations against Vertol.  To the extent any response is required, Vertol lacks sufficient information to form a belief as to the truth of the allegations set forth in this paragraph, and, therefore, denies them.

241.    This paragraph does not contain allegations against Vertol.  To the extent any response is required, Vertol lacks sufficient information to form a belief as to the truth of the allegations set forth in this paragraph, and, therefore, denies them.

242.    This paragraph does not contain allegations against Vertol.  To the extent any response is required, Vertol lacks sufficient information to form a belief as to the truth of the allegations set forth in this paragraph, and, therefore, denies them.

## COUNT IV

### Preemption

### (Brought Against Defendants DeSantis, Perdue, Keefe, FDOT, and State of Florida)

243.    Vertol incorporates its responses to the preceding paragraphs of the First Amended Complaint as if fully set forth herein.

45

244.    This paragraph does not contain allegations against Vertol.  To the extent any response is required, Vertol lacks sufficient information to form a belief as to the truth of the allegations set forth in this paragraph, and, therefore, denies them.

245.    This paragraph does not contain allegations against Vertol.  To the extent any response is required, Vertol lacks sufficient information to form a belief as to the truth of the allegations set forth in this paragraph, and, therefore, denies them.

246.    This paragraph does not contain allegations against Vertol.  To the extent any response is required, Vertol lacks sufficient information to form a belief as to the truth of the allegations set forth in this paragraph, and, therefore, denies them.

247.    This paragraph does not contain allegations against Vertol.  To the extent any response is required, Vertol lacks sufficient information to form a belief as to the truth of the allegations set forth in this paragraph, and, therefore, denies them.

248.    This paragraph does not contain allegations against Vertol.  To the extent any response is required, Vertol lacks sufficient information to form a belief as to the truth of the allegations set forth in this paragraph, and, therefore, denies them.

249.    This paragraph does not contain allegations against Vertol.  To the extent any response is required, Vertol lacks sufficient information to form a belief as to the truth of the allegations set forth in this paragraph, and, therefore, denies them.

250.    This paragraph does not contain allegations against Vertol.  To the extent any response is required, Vertol lacks sufficient information to form a belief as to the truth of the allegations set forth in this paragraph, and, therefore, denies them.

251.    This paragraph does not contain allegations against Vertol.  To the extent any response is required, Vertol lacks sufficient information to form a belief as to the truth of the allegations set forth in this paragraph, and, therefore, denies them.

252.    This paragraph does not contain allegations against Vertol.  To the extent any response is required, Vertol lacks sufficient information to form a belief as to the truth of the allegations set forth in this paragraph, and, therefore, denies them.

### <u>COUNT V – [DISMISSED BY COURT]</u>

**Violation of Fourteenth Amendment to the U.S. Constitution; Procedural Due Process Pursuant to 42 U.S.C. § 1983**

**(Brought Against Defendants DeSantis, Perdue, Keefe, Uthmeier, Montgomerie, Huerta, and Vertol)**

253.    In accordance with the Court's March 29, 2024, order dismissing Count V, the allegations set forth in Paragraphs 253–260 require no response from Vertol.

254.    In accordance with the Court's March 29, 2024, order dismissing Count V, the allegations set forth in Paragraphs 253–260 require no response from Vertol.

255.    In accordance with the Court's March 29, 2024, order dismissing Count V, the allegations set forth in Paragraphs 253–260 require no response from Vertol.

256.    In accordance with the Court's March 29, 2024, order dismissing Count V, the allegations set forth in Paragraphs 253–260 require no response from Vertol.

257.    In accordance with the Court's March 29, 2024, order dismissing Count V, the allegations set forth in Paragraphs 253–260 require no response from Vertol.

258.    In accordance with the Court's March 29, 2024, order dismissing Count V, the allegations set forth in Paragraphs 253–260 require no response from Vertol.

259.    In accordance with the Court's March 29, 2024, order dismissing Count V, the allegations set forth in Paragraphs 253–260 require no response from Vertol.

260.   In accordance with the Court's March 29, 2024, order dismissing Count V, the allegations set forth in Paragraphs 253–260 require no response from Vertol.

**COUNT VI**

**Violation of Fourth Amendment to the U.S. Constitution, Unlawful Search and Seizure Pursuant to 42 U.S.C. § 1983**

**(Brought Against Defendants DeSantis, Perdue, Keefe, Uthmeier, Montgomerie, Huerta, and Vertol)**

261.   Vertol incorporates its responses to the preceding paragraphs of the First Amended Complaint as if fully set forth herein.

262.   Vertol admits the allegations set forth in Paragraph 262 of the First Amended Complaint.

263.   Vertol denies the allegations set forth in Paragraph 263 of the First Amended Complaint.

264.   Vertol lacks sufficient information to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 264 of the First Amended Complaint and, therefore, Vertol denies these allegations.  Vertol denies the remainder of the allegations set forth in Paragraph 264 of the First Amended Complaint.

265.   Vertol admits that the Individual Plaintiffs and Putative Class Members learned that they were traveling to Martha's Vineyard after they boarded the plans.  Vertol denies the remaining allegations in Paragraph 265 of the First Amended Complaint.

266.   The allegations set forth in Paragraph 266 of the First Amended Complaint contain legal conclusions and, therefore, require no response from Vertol.  To the extent that this paragraph may be construed as containing factual allegations against Vertol that require a response, Vertol denies the allegations.

267.     The allegations set forth in Paragraph 267 of the First Amended Complaint contain legal conclusions and, therefore, require no response from Vertol.  To the extent that this paragraph may be construed as containing factual allegations against Vertol that require a response, Vertol denies the allegations.

268.     Vertol lacks information sufficient to form a belief as to whether the Class Plaintiffs have suffered harm and, therefore, denies those allegations.  Vertol denies that any harm that may have been suffered by the Class Plaintiffs was the direct and proximate result of Vertol's actions.

## COUNT VII

### Violation of 42 U.S.C. § 1985(3); Civil Rights Conspiracy

### (Brought Against Defendants DeSantis, Perdue, Keefe, Uthmeier, Montgomerie, Huerta, and Vertol)

269.     Vertol incorporates its responses to the preceding paragraphs of the First Amended Complaint as if fully set forth herein.

270.     Vertol denies the allegations set forth in Paragraph 270 of the First Amended Complaint.

271.     Paragraph 271 of the First Amended Complaint does not contain allegations against Vertol.  To the extent any response is required, Vertol lacks sufficient information to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, denies them.

272.     Paragraph 272 of the First Amended Complaint does not contain allegations against Vertol.  To the extent any response is required, Vertol lacks sufficient information to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, denies them.

273.     Vertol denies the allegations set forth in Paragraph 273 of the First Amended Complaint.  Responding further, Vertol states that it hired Ms. Huerta as an independent contractor to assist in discharging its contractual responsibilities with the State of Florida.

274. Vertol denies the allegations set forth in the first and third sentences of Paragraph 274 of the First Amended Complaint. Stating further, Vertol did not authorize Ms. Huerta to communicate any promises to provide jobs or other resources upon arrival in Martha's Vineyard. Vertol lacks information sufficient to form a belief as to what Ms. Huerta communicated to the Individual Plaintiffs and Putative Class Members, and, therefore, denies these allegations.

275. Vertol denies the allegations set forth in Paragraph 275 of the First Amended Complaint.

276. Vertol denies the allegations set forth in Paragraph 276 of the First Amended Complaint.

277. Vertol denies the allegations set forth in Paragraph 277 of the First Amended Complaint.

278. Vertol denies the allegations set forth in Paragraph 278 of the First Amended Complaint.

## <u>COUNT VIII</u>

### False Imprisonment

**(Brought Against Defendants DeSantis, Perdue, Keefe, Uthmeier, Montgomerie, Huerta, and Vertol)**

279. Vertol incorporates its responses to the preceding paragraphs of the First Amended Complaint as if fully set forth herein.

280. Vertol denies the allegations set forth in Paragraph 280 of the First Amended Complaint.

281. Vertol denies that any false promises were made to the Putative Class Members or that the Putative Class Members relied on any such statements in deciding to board the flight.

Vertol lacks information sufficient to form a belief as to the remaining allegations set forth in Paragraph 281 of the First Amended Complaint and, therefore, denies these allegations.

282.   Vertol denies the allegations set forth in Paragraph 282 of the First Amended Complaint.

283.   Vertol denies the allegations set forth in Paragraph 283 of the First Amended Complaint.

284.   Vertol admits the allegations set forth in Paragraph 284 of the First Amended Complaint.

285.   Vertol lacks information sufficient to form a belief as to whether the Individual Plaintiffs and the Putative Class Members had sufficient resources to travel from Martha's Vineyard to other destinations and, therefore, denies these allegations.  Vertol denies the remaining allegations set forth in Paragraph 285 of the First Amended Complaint.

286.   Vertol denies the allegations set forth in Paragraph 286 of the First Amended Complaint.

### COUNT IX – [DISMISSED BY COURT]

**Fraud/Deceit**

**(Brought Against Defendants DeSantis, Perdue, Keefe, Uthmeier, Montgomerie, Huerta, and Vertol)**

287.   In accordance with the Court's March 29, 2024, order dismissing Count IX, the allegations set forth in Paragraphs 287–296 require no response from Vertol.

288.   In accordance with the Court's March 29, 2024, order dismissing Count IX, the allegations set forth in Paragraphs 287–296 require no response from Vertol.

289.   In accordance with the Court's March 29, 2024, order dismissing Count IX, the allegations set forth in Paragraphs 287–296 require no response from Vertol.

290.    In accordance with the Court's March 29, 2024, order dismissing Count IX, the allegations set forth in Paragraphs 287–296 require no response from Vertol.

291.    In accordance with the Court's March 29, 2024, order dismissing Count IX, the allegations set forth in Paragraphs 287–296 require no response from Vertol.

292.    In accordance with the Court's March 29, 2024, order dismissing Count IX, the allegations set forth in Paragraphs 287–296 require no response from Vertol.

293.    In accordance with the Court's March 29, 2024, order dismissing Count IX, the allegations set forth in Paragraphs 287–296 require no response from Vertol.

294.    In accordance with the Court's March 29, 2024, order dismissing Count IX, the allegations set forth in Paragraphs 287–296 require no response from Vertol.

295.    In accordance with the Court's March 29, 2024, order dismissing Count IX, the allegations set forth in Paragraphs 287–296 require no response from Vertol.

296.    In accordance with the Court's March 29, 2024, order dismissing Count IX, the allegations set forth in Paragraphs 287–296 require no response from Vertol.

## **COUNT X**

### **Intentional Infliction of Emotional Distress**

### **(Brought Against Defendants DeSantis, Perdue, Keefe, Uthmeier, Montgomerie, Huerta, and Vertol)**

297.    Vertol incorporates its responses to the preceding paragraphs of the First Amended Complaint as if fully set forth herein.

298.    Vertol denies the allegations set forth in Paragraph 298 of the First Amended Complaint.

299.    Vertol denies the allegations set forth in Paragraph 299 of the First Amended Complaint.

300.    Vertol denies the allegations set forth in Paragraph 300 of the First Amended Complaint.

301.    Vertol denies the allegations set forth in Paragraph 301 of the First Amended Complaint.

302.    Vertol denies the allegations set forth in Paragraph 302 of the First Amended Complaint.

303.    Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 303 of the First Amended Complaint.

304.    Vertol denies the allegations set forth in Paragraph 304 of the First Amended Complaint.

305.    Vertol denies the allegations set forth in Paragraph 305 of the First Amended Complaint.

## COUNT XI

### Negligent Infliction of Emotional Distress

### (Brought Against All Defendants)

306.    Vertol incorporates its responses to the preceding paragraphs of the First Amended Complaint as if fully set forth herein.

307.    Vertol denies the allegations set forth in the first four sentences of Paragraph 307 of the First Amended Complaint.

308.    To the extent that Paragraph 308 of the First Amended Complaint sets forth allegations that call for a legal conclusion, no response is required.  To the extent a response is required, Vertol denies the allegations.  Vertol admits that it did not arrange for jobs, services, or benefits for the Individual Plaintiffs or Putative Class Members on Martha's Vineyard.  Vertol denies the remaining allegation in Paragraph 308.

309.    Vertol denies the allegations set forth in Paragraph 309 of the First Amended Complaint.  Stating further, Vertol had no obligation to disclose the source of funding for the flights.

310.    Vertol lacks information sufficient to form a belief as to the mental state of the Individual Plaintiffs and the Putative Class Members.  Vertol denies the remaining allegations set forth in Paragraph 310 of the First Amended Complaint.

311.    Vertol lacks information sufficient to form a belief as to the mental state of the Individual Plaintiffs and the Putative Class Members or the nature of any healthcare received. Vertol denies the remaining allegations set forth in Paragraph 311 of the First Amended Complaint.

312.    Vertol lacks information sufficient to form a belief as to any physical ailments the Individual Plaintiffs and the Putative Class Members may have suffered.  Vertol denies the remaining allegations set forth in Paragraph 311 of the First Amended Complaint.

313.    Vertol denies the allegations set forth in Paragraph 313 of the First Amended Complaint.

314.    The allegations set forth in Paragraph 314 of the First Amended Complaint do not relate to Vertol and call for a legal conclusion and, therefore, do not require a response.  To the extent a response is required, Vertol denies these allegations.

315.    The allegations set forth in Paragraph 315 of the First Amended Complaint call for a legal conclusion to which no response is required.  To the extent a response is required, Vertol denies these allegations.

## COUNT XII

### Civil Conspiracy

### (Brought Against Defendants DeSantis, Perdue, Keefe, Uthmeier, Montgomerie, Huerta, and Vertol)

316.    Vertol incorporates its responses to the preceding paragraphs of the First Amended Complaint as if fully set forth herein.

317.    Vertol denies the allegations set forth in Paragraph 317 of the First Amended Complaint.

318.    The allegations set forth in Paragraph 318 do not contain allegations against Vertol. To the extent any response is required, Vertol lacks sufficient information to form a belief as to the truth of the allegations set forth in this paragraph, and, therefore, denies them.

319.    Vertol admits that it entered into a contract with FDOT to transport migrants out of San Antonio, Texas.  Vertol denies the remaining allegations set forth in Paragraph 319 of the First Amended Complaint.

320.    Vertol admits that it hired Ms. Huerta as an independent contractor to identify immigrants who were willing to travel to Massachusetts.

321.    Vertol denies the allegations set forth in Paragraph 321 of the First Amended Complaint.

322.    Vertol admits the allegations set forth in Paragraph 322 of the First Amended Complaint.  Stating further, Vertol had no obligation to make arrangements or alert other individuals or entities about the Individual Plaintiffs' and Putative Class Members' arrival.

323.    Vertol denies the allegations set forth in Paragraph 323 of the First Amended Complaint.

324.     The allegations set forth in Paragraph 324 of the First Amended Complaint call for a legal conclusion to which no response is required.  To the extent a response is required, Vertol denies these allegations.

## COUNT XIII

### Aiding and Abetting

### (Brought Against Defendants DeSantis, Perdue, Keefe, Uthmeier, Montgomerie, Huerta, and Vertol)

325.     Vertol incorporates its responses to the preceding paragraphs of the First Amended Complaint as if fully set forth herein.

326.     Vertol denies the allegations set forth in Paragraph 326 of the First Amended Complaint.

327.     This paragraph does not contain allegations against Vertol, so no response is required.  Vertol lacks information sufficient to form a belief as to the intentions of Governor DeSantis, Mr. Keefe, Mr. Uthmeier, and Mr. Purdue.

328.     Vertol denies that it entered into a contract with FDOT in furtherance of any scheme to defraud immigrants.  Vertol admits that it entered into a contract with FDOT to transport immigrants from San Antonio, Texas to Massachusetts.

329.     Vertol admits that it hired Ms. Huerta as an independent contractor to identify immigrants who were willing to travel to Massachusetts.

330.     Vertol denies the allegations set forth in Paragraph 330 of the First Amended Complaint.

331.     Vertol denies the allegations set forth in Paragraph 331 of the First Amended Complaint.

332.    Vertol admits the allegations set forth in Paragraph 332 of the First Amended Complaint.  Stating further, Vertol had no obligation to arrange for jobs, services, or benefits for the Individual Plaintiffs or Putative Class Members upon their arrival in Martha's Vineyard.

333.    Vertol denies the allegations set forth in Paragraph 333 of the First Amended Complaint.

334.    Vertol admits that it had typical communications with the defendants in order to execute the contract.  Vertol denies the remaining allegations in Paragraph 334 of the First Amended Complaint.

335.    Vertol denies the allegations in Paragraph 335 of the First Amended Complaint.

## COUNT XIV

### *Ultra Vires*

**(Brought Against Defendants DeSantis, Perdue, and Keefe)**

336.    Vertol incorporates its responses to the preceding paragraphs of the First Amended Complaint as if fully set forth herein.

337.    This paragraph does not contain allegations against Vertol and calls for a legal conclusion, so no response is required.  To the extent a response is required, Vertol denies these allegations.

338.    This paragraph does not contain allegations against Vertol.  To the extent any response is required, Vertol lacks sufficient information to form a belief as to the truth of the allegations set forth in this paragraph, and, therefore, denies them.

339.    This paragraph does not contain allegations against Vertol and calls for a legal conclusion, so no response is required.  To the extent any response is required, Vertol lacks sufficient information to form a belief as to the truth of the allegations set forth in this paragraph, and, therefore, denies them.

340.     This paragraph does not contain allegations against Vertol and calls for a legal conclusion to which no response is required.   To the extent any response is required, Vertol lacks sufficient information to form a belief as to the truth of the allegations set forth in this paragraph, and, therefore, denies them.

341.     This paragraph does not contain allegations against Vertol.   To the extent any response is required, Vertol lacks sufficient information to form a belief as to the truth of the allegations set forth in this paragraph, and, therefore, denies them.

342.     This paragraph does not contain allegations against Vertol.  To the extent a response is required, Vertol denies these allegations.

## <u>RESPONSE TO PRAYER FOR RELIEF</u>

The allegations under the heading merely describe the nature of the relief sought by Plaintiffs, to which no response is required.  To the extent that this paragraph may be construed as containing factual allegations against Vertol that require a response, Vertol denies the allegations and denies that Plaintiffs are entitled to any relief in this action.

## <u>AFFIRMATIVE DEFENSES</u>

Vertol hereby asserts the following affirmative defenses to Plaintiffs' claims.   Vertol expressly reserves the right to amend these affirmative defenses based on evidence that may be obtained during the course of discovery or trial.

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' First Amended Complaint fails to plead fraud with particularity.

### SECOND AFFIRMATIVE DEFENSE

This Court lacks personal jurisdiction over Vertol.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff Alianza Americas lacks organizational standing to bring this action.

### FOURTH AFFIRMATIVE DEFENSE

Some or all of Plaintiffs did not suffer an injury in fact and lack standing to bring this action.

### FIFTH AFFIRMATIVE DEFENSE

Any injury or damage suffered by any Individual Plaintiff was proximately caused by such Plaintiff's own negligent or intentional conductor by the conduct of others, or both, not by the conduct of Vertol.

### SIXTH AFFIRMATIVE DEFENSE

Vertol is immune from suit under the doctrine of qualified immunity because, at all times, Vertol acted in good faith and with a reasonable belief that it or its employees' or agents' actions were in accordance with the Constitution and laws of the United States, the Commonwealth of Massachusetts, and the laws of any other applicable jurisdiction.

### SEVENTH AFFIRMATIVE DEFENSE

The Individual Plaintiffs have, through their representations and actions, waived some or all of their claims in this action.

### EIGHTH AFFIRMATIVE DEFENSE

The Individual Plaintiffs are, by their own actions or omissions or both, estopped from asserting some or all of their claims against Vertol.

### NINTH AFFIRMATIVE DEFENSE

To the extent that any Individual Plaintiffs have waived any claims in this action or are estopped from asserting any claims in this action, Alianza Americas is barred to the same extent.

Dated: April 19, 2024                    Respectfully submitted,

**VERTOL SYSTEMS COMPANY, INC.**

By their attorneys,

*/s/ Brian T. Kelly*
Brian T. Kelly (BBO No. 549566)
Ross MacPherson (BBO No. 705598)
NIXON PEABODY LLP
Exchange Place
53 State Street
Boston, MA 02109
Tel.: (617) 345-1000
Fax: (617) 345-1300
Email: bkelly@nixonpeabody.com
Email: rmacpherson@nixonpeabody.com


Christopher J. Stevens (admitted *pro hac vice*)
NIXON PEABODY LLP
667 Broadway, 10th Floor
Albany, NY 12207-2996
Tel.: (518) 427-2650
Fax: (518) 427-2666
Email: cstevens@nixonpeabody.com


## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true copy of the above document was served upon all parties

registered for electronic notification via the Court's electronic filing system on April 19, 2024.


*/s/ Ross MacPherson*
Ross MacPherson