UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ALIANZA AMERICAS, YANET DOE, PABLO DOE, and JESUS DOE, on behalf of themselves and all others similarly situated,<br><br>   Plaintiffs,<br><br>v.<br><br>RONALD D. DESANTIS, Governor of Florida, in his official and personal capacities; JARED W. PERDUE, Secretary of the Florida Department of Transportation, in his official and personal capacities; LAWRENCE A. KEEFE, Florida Public Safety Czar, in his official and personal capacities; JAMES UTHMEIER, Chief of Staff to Florida Governor, in his official and personal capacities; STATE OF FLORIDA; THE FLORIDA DEPARTMENT OF TRANSPORTATION; JAMES MONTGOMERIE; PERLA HUERTA; and VERTOL SYSTEMS COMPANY, INC.,<br><br>   Defendants. | No. 1:22-cv-11550-ADB |

**PERLA HUERTA'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO TAKE JURISDICTIONAL DISCOVERY**

## **TABLE OF CONTENTS**

PERLA HUERTA'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO TAKE JURISDICTIONAL DISCOVERY ............................................................................ I

TABLE OF CONTENTS ............................................................................................................. II

BACKGROUND ........................................................................................................................... 2

ARGUMENT ................................................................................................................................. 3

I. THERE IS NO COLORABLE CLAIM TO JURISDICTION OVER MS. HUERTA, AND PLAINTIFFS' "AGENCY" THEORY IS IRRELEVANT ..................... 4

II. PLAINTIFFS' REQUEST FOR DISCOVERY IS OVERBROAD AND FAILS TO SPECIFY WHAT DISCOVERY WOULD RESOLVE THE SAC'S FATAL JURSIDICTIONAL DEFECTS ............................................................................... 5

III. PLAINTIFFS' REQUEST FOR JURISDICTIONAL DISCOVERY COMES TOO LATE ................................................................................................................ 6

CONCLUSION .............................................................................................................................. 7

CERTIFICATE OF SERVICE ...................................................................................................... 7

Defendant Perla Huerta submits this opposition to Plaintiffs' Motion for Leave to Take Jurisidictional Discovery. Plaintiffs knew they lacked jurisdiction more than a year and a half ago (at least), when Ms. Huerta and the other Defendants filed motions to dismiss. Plaintiffs chose not to seek jurisdictional discovery and instead rested on their First Amended Complaint. Unsurprisingly, this Court dismissed Plaintiffs' claims against Ms. Huerta. <u>Alianza Americas v. DeSantis</u>, 2024 WL 1381926, at *9 (D. Mass. 2024) ("Order"). Plaintiffs have now filed a third complaint, but they have again failed to allege any acts in Massachusetts that would allow this Court to exercise jurisdiction over Ms. Huerta. The third complaint therefore fares no better than the second one: there is no colorable claim of personal jurisdiction.

Even if Plaintiffs had made a colorable claim, they wouldn't be entitled to jurisdictional discovery. First, Plaintiffs' "agency" theory – a rehash of the conspiracy theory of jurisdiction that this Court already rejected – is irrelevant to Ms. Huerta because Plaintiffs do not allege any actions of other Defendants that could be imputed to her. Second, Plaintiffs' proposed discovery is overbroad, and they never articulate what discovery they seek or why it would support their theory of jurisdiction. Finally, Plaintiffs' request comes too late. They have litigated this case for nearly two years and only now have decided to seek jurisdictional discovery. And Plaintiffs still make that motion contingent – they seek discovery only "if the Court concludes that any remaining gaps in the record prevent it from exercising personal jurisdiction" – meaning the Court and the parties must litigate two motions to dismiss before any discovery. If successful, Plaintiffs' inefficient procedural decision will result in a third round of motion-to-dismiss briefing after jurisdictional discovery.

Plaintiffs' motion should be denied.

## BACKGROUND

This case has been pending for two years. Plaintiffs filed their initial complaint in September 2022, Doc. 1, and a second complaint in November 2022, Doc. 21 ("FAC"). In February 2023, Defendants moved to dismiss the second complaint for lack of personal jurisdiction. Plaintiffs did not seek jurisdictional discovery stood on the FAC. At no time in the ten months between the filing of their first complaint and the close of motion-to-dismiss briefing in July 2023 did Plaintiffs ask for jurisdictional discovery. Another eight-and-a-half months passed. Still, Plaintiffs did not seek jurisdictional discovery.

In its Order on March 29, 2024, the Court ruled that "none of the allegations in the Amended Complaint" tied "specific Defendants to specific actions to support jurisdiction." Order at *9. The Court found that Plaintiffs had failed to allege facts sufficient to satisfy the requirements of Massachusetts' long-arm statute and accordingly granted Ms. Huerta's motion to dismiss. Id. at *12.

Another three months passed. Then, in July 2024 – nearly 22 months after filing their initial complaint and after an adverse ruling – Plaintiffs sought jurisdictional discovery when they filed their Second Amended Complaint. Doc. 130. Plaintiffs' Second Amended Complaint (Doc. 137; "SAC") again fails to allege that "specific Defendants" performed "specific actions" in Massachusetts, as this Court ruled Plaintiffs must. Order at *10; see Doc. 137. Instead of alleging that any Defendant "personally participated" in Massachusetts-based actions, id., Plaintiffs advance a newly minted and complicated agency theory: Huerta, Montgomerie, and Vertol were agents of Keefe who was an agent of the Governor; Vertol was also an agent of Uthmeier who was also an agent of the Governor; and the various principals authorized their agents to use fraud to induce Plaintiffs to accept a free flight to Massachusetts as part of a conspiracy. Ms. Huerta is nowhere alleged to be a principal of any other Defendant.

2

Long before Plaintiffs settled on that theory, Florida produced thousands of pages of documents related to the issues here, all in response to a flood of public-records requests. Those records include: the contract between the Florida Department of Transportation ("FDOT") and Vertol; flight itineraries; text messages and emails between Keefe and Montgomerie; text messages between Uthmeier and Keefe; and photos of Plaintiffs boarding flights. Plaintiffs incorporated much of the public material into their complaints. See, e.g., SAC ¶¶ 43-59, 66-72, 106-110, 114-116, 119, 124, 132, 172 n.46.

## ARGUMENT

To be eligible even for "a modicum of jurisdictional discovery," a plaintiff must present "a colorable case for [personal] jurisdiction." Sunview Condo. Ass'n v. Flexel Int'l, Ltd., 116 F.3d 962, 964 (1st Cir. 1997). Plaintiffs must "present facts to the court which show why jurisdiction would be found if discovery were permitted." Negron-Torres, 478 F.3d 19, 27 (1st Cir. 2007). They must also "identif[y] with … specificity what discovery [they] would seek and how it would support a finding of personal jurisdiction." Harness v. AngioDynamics, Inc., 2021 WL 4441260, at *6 (D. Mass.) (Burroughs, J.). "Failure to allege specific contacts, relevant to establishing personal jurisdiction, in a jurisdictional discovery request can be fatal." U.S. v. Swiss Am. Bank, Ltd., 274 F.3d 610, 626–27 (1st Cir. 2001). And even if a plaintiff meets those requirements, "jurisdictional discovery is not available on demand." Motus, LLC v. CarData Consultants, Inc., 23 F.4th 115, 128 (1st Cir. 2022). Plaintiffs also must show that they have been "diligent" in pursuing the discovery, and the district court still has "broad discretion" to decide whether discovery is required. Swiss Am. Bank, 274 F.3d at 626 (cleaned up).

Plaintiffs do not meet these requirements. Their claims are not colorable as to Ms. Huerta, who is not alleged to have had *any* contacts with Massachusetts before the flights landed in Martha's Vineyard and to whom Plaintiffs' agency theory of jurisdiction is irrelevant.

Plaintiffs have also failed to identify the specific discovery they want or what it would mean to jurisdiction over Ms. Huerta.  Finally, Plaintiffs have not diligently sought discovery, instead treating it as a back-up to multiple amendments to their complaint.

I.  **THERE IS NO COLORABLE CLAIM TO JURISDICTION OVER MS. HUERTA, AND PLAINTIFFS' "AGENCY" THEORY IS IRRELEVANT**

Plaintiffs must "allege a facially reasonable basis for jurisdiction."  Hopkins v. Yi, 2019 WL 3547085, at *9 (D. Mass.).  Moreover, a plaintiff must identify a "plausible factual disagreement or ambiguity" necessitating discovery, Blair v. City of Worcester, 522 F.3d 105, 111 (1st Cir. 2008), such that discovery is needed or likely to be useful, see Dynamic Image Tech., Inc. v. U.S., 221 F.3d 34, 38 (1st Cir. 2000).  They have not done so.  MTD Brief Part I.A.

Plaintiffs also fail to plausibly allege that any exercise of personal jurisdiction over Ms. Huerta would satisfy due process.  MTD Brief Part I.B.  A "plaintiff attempting to establish specific personal jurisdiction over an out-of-state defendant must demonstrate" relatedness, purposeful availment, and reasonableness.  Vapotherm, Inc. v. Santiago, 38 F.4th 252, 258 (1st Cir. 2022).  First, Plaintiffs failed to demonstrate that their claims "directly arise[] out of or relate[] to [Ms. Huerta's] forum-state activities" because they do not allege that Ms. Huerta committed any acts in Massachusetts and their agency theory fails.  Id.; MTD Brief Part I.B.  Second, Plaintiffs failed to show that State Defendants' contacts with Massachusetts "represent[ed] a purposeful availment of the privilege of conducting activities in" Massachusetts, Vapotherm, 38 F.4th at 258, because the SAC alleges no such activities in Massachusetts, e.g., SAC ¶¶ 21, 102, 203 (acts entirely outside Massachusetts); MTD Brief Part I.B.

As this Court already ruled, "Huerta . . . did not travel with Plaintiffs to Massachusetts, there is no allegation that [she] created or provided Plaintiffs with the deceiving brochures, and there are no allegations connecting them to the Flights while they were in Massachusetts, hiring

4

the video crews and van, or seeking media coverage." Order at *12 (footnote omitted). This Court therefore did not have personal jurisdiction of Ms. Huerta. The SAC does not correct these defects.

And Plaintiffs' agency theory cannot cure these defects as to Ms. Huerta. She is not alleged to have been the principal of any other defendant, so the other Defendants' actions cannot be imputed to her. Thus, any discovery concerning Plaintiffs' agency theory is, at least as to Ms. Huerta, entirely irrelevant.

II. **PLAINTIFFS' REQUEST FOR DISCOVERY IS OVERBROAD AND FAILS TO SPECIFY WHAT DISCOVERY WOULD RESOLVE THE SAC'S FATAL JURSIDICTIONAL DEFECTS**

The SAC's allegations are insufficient to establish personal jurisdiction, and Plaintiffs cannot cure these defects through their overbroad request for unspecified jurisdictional discovery. See Dynamic Image Techs., Inc. v. U.S., 221 F.3d 24, 39 (1st Cir. 2000) ("[N]or have the explained (even at this late date) how discovery, if allowed, would bear on the narrow jurisdictional issue that lies on the doorstep of this case."). Indeed, the Plaintiffs' Motion for Leave to Take Jurisdictional Discovery and Memorandum in Support are silent as to what discovery is sought by the Plaintiffs and how that discovery would provide them a grounds for personal jurisdiction: they did not include any potential interrogatories or document requests that could plausibility support personal jurisdiction over Ms. Huerta.

The reason that Plaintiffs do not include such discovery requests is because the allegations of the SAC do not support jurisdiction. The SAC does not change the fundamental defects in the FAC that Ms. Huerta is not alleged to have boarded the flights that went to Massachusetts; she is not alleged to have given the Plaintiffs the allegedly inaccurate red binders or prepared those binders; she is not alleged to have made any communications into Massachusetts before the flights; nor is she alleged to have liasioned with any of film crews or

5

ground transportation services in Massachusetts. The SAC simply does not allege Ms. Huerta ever set foot in Massachusetts during any period, much less the period underscoring the allegations of the SAC. Further, because Plaintiffs already have many of the records pertinent to the allegations underlying the SAC through public records requests, Plaintiffs have many documents relevant to their allegations and presumably would have included some allegations as to Ms. Huerta's involvement in any of these Massachusetts-based activities if they had a basis to do so. Yet despite quoting and referencing numerous emails, text messages, articles, and other documents in the SAC to shore up their allegations, there are no allegations or documents supporting personal jurisdiction as to Ms. Huerta. That the documents already available to Plaintiffs do not support personal jurisdiction over Ms. Huerta is further reason to deny their belated and unspecified request for discovery.

## III. PLAINTIFFS' REQUEST FOR JURISDICTIONAL DISCOVERY COMES TOO LATE

Lastly, Plaintiffs' request for jurisdictional discovery comes too late. This case was filed two years ago. Docs. 1, 21. Following the filing of a First Amended Complaint and multiple motions to dismiss by the various defendants in this case, this Court issued a 77-page Order on the defendants' Motions to Dismiss on March 29, 2024. Doc. 112. In that Order, the Court observed that "the facts alleged in the Amended Complaint do not allow the Court to determine over which Defendants jurisdiction is proper, and Plaintiffs have not requested jurisdictional discovery to aid in that inquiry." Order at 19. Approximately three months later, on July 4, 2024, Plaintiffs moved to File the SAC and simultaneously sought jurisdictional discovery. Docs. 127-30.

In other words, Plaintiffs waited nearly two years from filing their initial complaint to seek jurisdictional discovery. Due to the timing of the Plaintiffs' motion, allowing this request

6

raises the likelihood of a Third Amended Complaint and a third round of motion to dismiss briefing by the multiple defendants in this case. This Court should not allow Plaintiffs' vague and unspecified request for jurisdictional discovery after years of litigation. See Platten v. HG Bermuda Exempted Ltd., 437 F.3d 118, 139-40 (1st Cir. 2006) ("If a party needs jurisdictional discovery, that party has an obligation to request it in a timely manner." (quoting Barrett v. Lombardi, 239 F.3d 23, 28 (1st Cir. 2001))); Dynamic Techs., Inc., 221 F.3d at 38 (declining to credit plaintiffs' "'denial of discovery' claim" where "they raise it too late").

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Leave to Take Jurisdictional Discovery from Ms. Huerta should be denied.

PERLA HUERTA

By her attorneys,

 /s/ Nicholas Ramacher
George W. Vien (BBO No. 547411)
Nicholas Ramacher (BBO No. 680258)
DONNELLY, CONROY & GELHAAR, LLP
260 Franklin Street, Suite 1600 Boston,
Massachusetts 02110
(617) 720-2880
gwv@dcglaw.com
njr@dcglaw.com

Dated: September 9, 2024

## CERTIFICATE OF SERVICE

I hereby certify that I filed this document through the Court's ECF system on September 9, 2024, which will therefore automatically be sent electronically to all counsel of record via the CM/ECF system.

 /s/ Nicholas Ramacher
Nicholas Ramacher