# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

ALIANZA AMERICAS, YANET DOE, PABLO DOE, and JESUS DOE, on behalf of themselves and all others similarly situated,

                Plaintiffs,

v.

RONALD D. DESANTIS, Governor of Florida, in his personal capacity; LAWRENCE A. KEEFE, Florida Public Safety Czar, in his personal capacity; JAMES UTHMEIER, Chief of Staff to Florida Governor, in his personal capacity; JAMES MONTGOMERIE; PERLA HUERTA; and VERTOL SYSTEMS COMPANY, INC.,

                Defendants.

Civil Action No. 22-11550-ADB

**CONSOLIDATED OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER TO THE NORTHERN DISTRICT OF FLORIDA**

i

**TABLE OF CONTENTS**

ARGUMENT ................................................................................................................................... 2
    1.    Plaintiffs' Choice of Forum ........................................................................... 3
    2.    Convenience of the Parties............................................................................ 4
    3.    Convenience of Witnesses and Location of Documents................................ 5
    4.    Connection between the Forum and the Issues............................................. 7
    5.    Law to be Applied........................................................................................ 8
    6.    The State or Public Interests at Stake ............................................................ 8
CONCLUSION............................................................................................................................... 9

# **TABLE OF AUTHORITIES**

**Cases**

*Adams v. Fed. Bureau of Prisons*,
    716 F. Supp. 2d 107 (D. Mass. 2010) ................................................................................... 3

*Adelson v. Hananel*,
    510 F.3d 43 (1st Cir. 2007) ................................................................................................... 3

*Anderson Trucking Servs., Inc. v. Hadland*,
    No. 22-02777, 2023 U.S. Dist. LEXIS 17379 (D. Minn. Feb. 2, 2023) ............................. 5, 6

*Coady v. Ashcraft & Gerel*,
    223 F.3d 1 (1st Cir. 2000) ..................................................................................................... 2

*Connell Ltd. P'ship v. Associated Indem. Corp.*,
    No. 1:22-cv-10639-IT, 2023 U.S. Dist. LEXIS 2393 (D. Mass. Jan. 6, 2023) ..................... 3

*Dress v. Capital One Bank (USA), N.A.*,
    368 F.Supp. 3d 178 (D. Mass. 2019) .................................................................................. 3, 5

*Gulf Oil Corp. v. Gilbert*,
    330 U.S. 501 (1947) ............................................................................................................ 2, 3

*Hannon v. Beard*,
    524 F.3d 275 (1st Cir. 2008) ................................................................................................. 8

*Kleinerman v. Luxtron Corp.*,
    107 F. Supp. 2d 122 (D. Mass. 2000) ................................................................................. 2, 4

*Nowak v. Tak How Invs., Ltd.*,
    94 F.3d 708 (1st Cir. 1996) ................................................................................................... 3

*Rosenthal v. Unum Grp.*,
    No. 17-cv-40064-TSH, 2018 U.S. Dist. LEXIS 39937 (D. Mass. Mar. 12,
    2018) ..................................................................................................................................... 5

*Wiley v. Gerber Prods. Co.*,
    667 F. Supp. 2d 171 (D. Mass. 2009) .................................................................................... 3

*World Energy Alternatives, LLC v. Settlemyre Indus.*,
    671 F. Supp. 2d 215 (D. Mass. 2009) .................................................................................... 3

**Statutes**

28 U.S.C. § 1404(a) ..................................................................................................................... 2

**Other Authorities**

G. Fineout, *DeSantis' chartered jet trade mission around the world cost nearly $1.6 million,* Politico (last visited September 24, 2024), https://www.politico.com/news/2023/10/06/desantis-travel-campaign-expenses-00120465 ..................................................................................................4

M. Fortier, Migrants Flown to Martha's Vineyard Brought to Joint Base Cape Cod, NBCBoston (Sept. 16, 2022), https://www.nbcboston.com/news/local/gov-baker-announces-coordinated-support-for-migrants-flown-tomarthas-vineyard/2836498/ ......................................................8

T. Wood, Where'd Ron go? Keeping track of Florida Gov. DeSantis' out-of-state travels, City & State Florida (last visited May 8, 2023), https://www.cityandstatefl.com/politics/2023/04/wheres-ron-keeping-track-florida-governor-ron-desantis-travelspresidential-run/384468/ ................................................6

Plaintiffs Alianza Americas ("Alianza"), Yanet Doe, Pablo Doe, and Jesus Doe, on behalf of themselves and all others similarly situated (collectively, the "Class Plaintiffs," together with Alianza, the "Plaintiffs") oppose Ronald D. DeSantis, Lawrence A. Keefe, James Uthmeier (collectively, the "State Defendants"), Perla Huerta ("Huerta"), James Montgomerie, and Vertol Systems Company, Inc.'s (the "Vertol Defendants," together with State Defendants and Huerta, the "Defendants") renewed motion to transfer this case to the Northern District of Florida.

Defendants' motion is a waste of time and resources. On March 29, 2024, this Court already ruled that transferring this case to the Northern District of Florida was inappropriate. In an extensive opinion, the Court held that all six relevant factors consulted when considering a motion to transfer weighed against transfer or were, at best, neutral. *See* ECF 113. Defendants admit that the only difference between then and now is that when the Court denied Defendants' motion to transfer the first time, the State Defendants had already been dismissed from the case. While true, this was not the crux of the Court's decision. To the contrary, the Court's reasoning repeatedly invoked the "other defendants," despite Vertol being the only defendant remaining in the case, to find transfer unwarranted. *See, e.g.,* ECF 113 at 5 ("Vertol, among others, decided to send them here"); n. 4 (Plaintiffs' venue choice afforded "particular weight here given that Vertol and the other Defendants specifically targeted Massachusetts for their conduct,"), 6 ("Vertol and the other defendants cannot specifically target this jurisdiction by sending destitute individuals here"); 7 ("it was specifically chosen by Vertol and other Defendants to be the place where they brought and ultimately abandoned Plaintiffs"). The Court's analysis, and ultimately its decision, apply with just as much force to the current motion as to the original motion to transfer.

To the extent Defendants disagree based on the fact that State Defendants' are once again a party to the case, this argument fails for the reasons already argued to and decided by the Court.

1

Plaintiffs summarize those points again here.

## ARGUMENT

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Defendants seeking transfer bear the burden to show transfer is warranted. *See Coady v. Ashcraft & Gerel*, 223 F.3d 1, 11 (1st Cir. 2000). To evaluate whether a defendant has met this burden, courts look first to whether the case could have been brought in the venue to where transfer is sought, and second to the six private and public interest factors that counsel as to whether transfer is appropriate. *See* ECF 113 at n. 3. Where parties agree, however, that a case could have been brought in another venue, as is the case here, courts proceed to examining the six factors. Of course, the acknowledgement by Plaintiffs that this case **could** have been brought in the Northern District of Florida is far from an admission that it **should** have been brought there, as Defendants posit. *See* ECF 150 at 2. Quite the opposite. Defendants shipped Plaintiffs off to a remote island in Massachusetts so that they would not come to Florida. It is the height of arrogance for Defendants to now contend it is convenient and just for those same Plaintiffs to come to Florida to litigate the very action that brought them to Massachusetts in the first place.

A review of the six factors demonstrates why transferring this case would be far from convenient and just. Consistent with this Court's prior order, each of the following weighs in favor of keeping this case in the District of Massachusetts: "(1) the plaintiff's choice of forum, (2) the relative convenience of the parties, (3) the convenience of the witnesses and location of documents, (4) any connection between the forum and the issues, (5) the law to be applied and (6) the state or public interests at stake." *Kleinerman v. Luxtron Corp.*, 107 F. Supp. 2d 122, 125 (D. Mass. 2000); *see also Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-509 (1947). Plaintiffs address each factor in

2

turn:

### 1. Plaintiffs' Choice of Forum

There is a strong presumption in favor of plaintiffs' choice of forum, here, the District of Massachusetts. *Adams v. Fed. Bureau of Prisons,* 716 F. Supp. 2d 107, 113 (D. Mass. 2010); *see also Gulf Oil Corp.*, 330 U.S. at 508; *Adelson v. Hananel*, 510 F.3d 43, 52 (1st Cir. 2007); *Nowak v. Tak How Invs., Ltd.*, 94 F.3d 708, 719 (1st Cir. 1996); *Connell Ltd. P'ship v. Associated Indem. Corp.*, No. 1:22-cv-10639-IT, 2023 U.S. Dist. LEXIS 2393, at *26 (D. Mass. Jan. 6, 2023); *World Energy Alternatives, LLC v. Settlemyre Indus.*, 671 F. Supp. 2d 215, 218 (D. Mass. 2009) ("[A] plaintiff's choice of forum weighs strongly against transfer."); *Wiley v. Gerber Prods. Co.*, 667 F. Supp. 2d 171, 174 (D. Mass. 2009). As the Court already held, the District of Massachusetts is a proper venue for this case and so the case should proceed here. ECF 113 at 5; *see also* Opp. to MTD at Section III.

Defendants, however, say "Plaintiffs' choice should be heavily discounted because this is a class action," citing to *Dress v. Capital One Bank (USA), N.A.,* 368 F.Supp. 3d 178 (D. Mass. 2019) for support. ECF 150 at 3. But, as *Dress* makes clear, that argument only applies when the class members are "across the country." 368 F. Supp. 3d at 182. Here, by nature of Defendants' scheme, that is not the case. Instead, Plaintiffs filed this action in the forum where all members of the proposed class were intentionally transported and then abandoned by Defendants. *See also* ECF 137 ¶¶ 13-15 (individual plaintiffs reside in Massachusetts). In fact, by this conduct, the District of Massachusetts is also the venue **Defendants** chose by choosing to send Plaintiffs here. *See* ECF 113 at 5. Defendants cannot now complain about Plaintiffs' choice when they were the ones to make it first.

For these reasons, this factor weighs strongly against transfer.

## 2. **Convenience of the Parties**

Transfer is not appropriate where its effect is merely to shift the inconvenience from one party to the other. *Kleinerman*, 107 F. Supp. 2d at 125. As this Court already found, that is exactly what Defendants try to do. ECF 113 at 5-6. According to them, transfer is warranted because five defendants reside in Florida. ECF 150 at 5. Put another way, they argue that transferring the case would be more convenient for Defendants, irrespective of the impact on Plaintiffs.

This argument is particularly troubling given the "comparative financial abilities of the parties[.]" ECF 113 at 5. On the one hand, Defendants had the means to have a plane chartered to transport the Class Plaintiffs to Massachusetts.[1] On the other, Plaintiffs were left destitute, and without money or resources by those same Defendants. *See, e.g.,* ECF 137 ¶¶ 163, 324, 332. "[T]he cost of litigation should be borne by the party in the best position to absorb and spread it," here Defendants. *Kleinerman,* 107 F. Supp. 2d at 125.

To the extent the State Defendants think they can avoid this conclusion because the burden on states litigating in other states "is substantial," ECF 150 at 4, even if true, that argument is not relevant. No matter how much the Defendants try to wrap themselves in the flag of the State of Florida, they are not the state. They are individuals, some of whom also happen to work for the State of Florida, being sued in their individual capacities. As set forth more fully in Plaintiffs' opposition to Defendants' motions to dismiss, this case is not a challenge to Florida's laws. Rather, it is about Defendants' individual decisions to treat the Plaintiffs as pawns in a political game. Opp. to MTD at Section I. The relief sought is, in part, an injunction to stop fraud and that can be obtained from anyone, including state officials sued solely in their personal capacities. Opp. to

---

[1] *See, e.g.,* G. Fineout, *DeSantis' chartered jet trade mission around the world cost nearly $1.6 million*, Politico (last visited September 24, 2024), https://www.politico.com/news/2023/10/06/desantis-travel-campaign-expenses-00120465

4

MTD at Section I.

Finally, Defendants' argument that efficiency favors transfer so that the whole case can be litigated at once, ECF 150 at 5-6, presupposes that this Court lacks personal jurisdiction over all Defendants. It does not. *See* Opp. to MTD at Section II. To the extent that the Court ultimately determines it does not have personal jurisdiction over some of the Defendants, however, that would also not weigh in favor of transfer for the same reasons as the Court ruled in denying the prior motion to transfer. Rather, at that point, Plaintiffs would have a choice: they could proceed against the remaining Defendants in this Court or consent to a transfer.

For these reasons, this factor also weighs strongly against transfer.

### 3.     Convenience of Witnesses and Location of Documents

Courts next consider the convenience of witnesses and location of documents. To start, technological advances in e-discovery and video conferencing have made factors concerning the location of parties and documents less significant, particularly since the COVID-19 pandemic. *See, e.g., Dress*, 368 F. Supp. 3d at 183 (citing *Rosenthal v. Unum Grp.*, No. 17-cv-40064-TSH, 2018 U.S. Dist. LEXIS 39937, at *3 (D. Mass. Mar. 12, 2018)); *Anderson Trucking Servs., Inc. v. Hadland*, No. 22-02777 (MJD/LIB), 2023 U.S. Dist. LEXIS 17379, at *9 (D. Minn. Feb. 2, 2023) (convenience factor does not weigh in favor of transfer where Plaintiff "represents it will conduct depositions of Defendants in locations that are convenient for them—which Defendants admit will alleviate some of their burden—and that Zoom depositions are always an option."). As this Court already noted, the development of digital technology has caused the importance of the location of documentary evidence to wane. ECF 113 at 6. And so Defendants' argument that the "text messages, emails, bidding documents, and proposals" are in Florida is of little import. ECF 150 at 7.

As for the potential witnesses, Plaintiffs have already said they would be willing for witnesses to sit for Zoom depositions. *See Anderson Trucking Servs.,* 2023 U.S. Dist. LEXIS 17379, at *9. Regardless, if there is a preference for live testimony, the Defendants "cannot specifically target this jurisdiction by sending destitute individuals here, and then claim that it is burdensome for them to make the same trip." ECF 113 at 6 (internal citations omitted). Further, Defendants have the ability to compel or strongly incentivize the appearance of other potential witnesses and so those witness' locations do not require the case be transferred. *See id.* For example, Defendant DeSantis describes himself as the state's "chief executive officer."[2] In that role, he can assuredly secure the appearance in Massachusetts of Florida employees whose witness testimony is necessary to his defense of this case. As another example, Defendant Vertol likewise can secure the appearance of its employees as witnesses regardless of whether the litigation is in Massachusetts or in Florida. Indeed, it is especially easy for an aviation company with proven experience and access to Massachusetts airports to transport individuals needing to participate in this litigation to the Commonwealth.

To be clear, it is too early to know exactly who may be called as a witness to this action and what documents might be sought. Suffice to say, there are potential witnesses in Florida and there are potential witnesses in Massachusetts. (There are also potential witnesses in Texas.) There are potential documents in Florida and there are potential documents in Massachusetts. Thus, to the extent this Court does not find that this factor weighs against transfer (and for the avoidance

---

[2] Despite Defendants' arguments that Governor Ron DeSantis needs to be in Florida in order to fulfill his chief executive duties, Governor DeSantis has recently spent considerable time outside of Florida, much of which have been unrelated to his official duties. See T. Wood, Where'd Ron go? Keeping track of Florida Gov. DeSantis' out-of-state travels, City & State Florida (last visited May 8, 2023), https://www.cityandstatefl.com/politics/2023/04/wheres-ron-keeping-track-florida-governor-ron-desantis-travelspresidential-run/384468/.

6

of doubt, it does), at the very least, it is of neutral consideration.

### 4. Connection between the Forum and the Issues

This factor weighs most heavily against transfer. The issues to be decided in this case are whether it was unlawful to lie to Class Plaintiffs in an effort to entice them unwittingly to travel to Martha's Vineyard. The case is about how Defendants used Class Plaintiffs and the Commonwealth as pawns in their scheme for political clout. It is true that some conduct occurred in Florida, as Defendants argue, but that is just where the plan was concocted. This case really concerns misrepresentations made to the Class Plaintiffs in Texas combined with injuries and torts that were completed in Massachusetts. Defendants: (1) led operations of the scheme in San Antonio, Texas; (2) searched for and recruited Class Plaintiffs to board the flights to Martha's Vineyard by misrepresenting their intended destination, the availability of various resources and job opportunities, and the identity of the flights' sponsor; (3) isolated Class Plaintiffs in a Texas hotel; (4) arranged the flights to Martha's Vineyard; (5) induced Class Plaintiffs to sign contracts while in Texas; (6) flew the unwitting Class Plaintiffs to Martha's Vineyard and did not inform them of their destination until they were minutes from landing; (7) abandoned Class Plaintiffs in Martha's Vineyard without informing Massachusetts prior to their arrival, or arranging for or providing the promised resources; and (8) prepared for national media to capture the moment that Class Plaintiffs landed and disembarked in Martha's Vineyard. Defendants, through their own actions, directed Class Plaintiffs and this case to Massachusetts. They specifically chose this forum as the intended target for completion of their scheme. In that sense, there is a clear connection between this forum and the issues before the Court.

Defendants' argument to the contrary is representative of a mistake they make throughout their briefing. It is simply not true that this dispute addresses the legality of a Florida state statute.

Rather, Plaintiffs challenge Defendants' unconstitutional course of conduct, not the legality of the particular budgetary law funding it. Nor does the Complaint concern a state's cross-border enforcement actions. For these reasons, Defendants' arguments miss the mark and this factor weighs heavily against transfer.

### 5.  Law to be Applied

This Court has already decided Massachusetts law applies to this case. *See* ECF 112 at 66. In any event, courts regularly interpret and decide cases on other state's substantive laws. That ends the inquiry on this factor. But Defendants ignore this. *See* ECF 150 at 8. Once again, their entire argument is premised on state sovereignty. But, at the risk of repetition, it must again be mentioned that these Defendants are not the state. It thus follows that their manufactured argument that Plaintiffs challenge state law – something Plaintiffs do not– is not enough. This factor weighs against transfer.

### 6.  The State or Public Interests at Stake

Finally, Massachusetts has a significant interest in ensuring that out-of-state defendants do not use the Commonwealth to abuse already vulnerable human beings for personal or political gains, and in preventing torts from being committed within its borders. *See Hannon v. Beard*, 524 F.3d 275, 285 (1st Cir. 2008) (Massachusetts "has a significant interest in ensuring that out-of-state defendants do not retaliate against unwanted prisoners by casting them into Massachusetts."). Massachusetts residents eventually dedicated their own resources to emergency support services for Plaintiffs after Defendants abandoned them, including transportation off of Martha's Vineyard and temporary housing.[3] Massachusetts thus has a direct and significant relationship to the cause

---

[3] *See* M. Fortier, Migrants Flown to Martha's Vineyard Brought to Joint Base Cape Cod, NBCBoston (Sept. 16, 2022), https://www.nbcboston.com/news/local/gov-baker-announces-coordinated-support-for-migrants-flown-tomarthas-vineyard/2836498/.

of action and interest in adjudicating this dispute.

Defendants only arguments to the contrary are premised on its false theory that the State Defendants are actually sued in their official capacity and that there are personal jurisdiction and venue questions at issue. Neither suggests transfer. Again, the State Defendants are sued only in their personal capacities so the sovereignty concerns are not at play. *See* Opp. to MTD at Sections I, II.B.5, V, VII.F. As for the arguments about personal jurisdiction and venue, those issues are addressed above and at length in Plaintiffs' opposition to Defendants' motions to dismiss. Opp. to MTD at Sections II, III. Moreover, this Court has already held once that venue is proper as to Vertol, ECF 112 at 39, and Plaintiffs further explain in their opposition why it remains proper when all Defendants are in the case. Opp. to MTD at Section III. Defendants' arguments on this factor thus fail and it weighs in favor of Plaintiffs.

## **CONCLUSION**

For all the foregoing reasons, Plaintiffs respectfully request that the Court deny with prejudice Defendants' motion to transfer the case out of this District, and grant such other and further relief as is just and proper.

Dated: Boston, MA

       October 18, 2024                      Respectfully submitted,

<u>*/s/ Kenneth S. Leonetti*</u>

Kenneth S. Leonetti (BBO # 629515)
Madeleine K. Rodriguez (BBO #684394)
Matthew E. Miller (BBO #655544)
Rachel L. Kerner (BBO #703341)
Foley Hoag LLP
155 Seaport Boulevard
Boston, MA 02210
(617) 832-1000
ksl@foleyhoag.com
mrodriguez@foleyhoag.com
mmiller@foleyhoag.com
rkerner@foleyhoag.com

Benjamin H. Weissman (*pro hac vice*)
Foley Hoag LLP
1301 Avenue of the Americas
New York, NY 10019
(212) 812-0400
bweissman@foleyhoag.com

Oren Sellstrom (BBO #569045)
Iván Espinoza-Madrigal (BBO #708080)
Jacob Love (BBO #699613)
Mirian Albert (BBO #710093)
Lawyers for Civil Rights
61 Batterymarch Street, 5th Floor
Boston, MA 02110
(617) 482-1145
osellstrom@lawyersforcivilrights.org

*Attorneys for Plaintiffs*

10

**CERTIFICATE OF SERVICE**

    I hereby certify that, on October 18, 2024, a copy of the foregoing document was filed through the ECF system and will therefore be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those participants indicated as non-registered participants.

Dated: Boston, MA
        October 18, 2024

                                          */s/ Rachel L. Kerner*