UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALIANZA AMERICAS, YANET DOE, PABLO DOE, and JESUS DOE, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>RONALD D. DESANTIS, Governor of Florida, in his personal capacity; LAWRENCE A. KEEFE, Florida Public Safety Czar, in his personal capacity; JAMES UTHMEIER, Chief of Staff to Florida Governor, in his personal capacity; JAMES MONTGOMERIE; PERLA HUERTA; and VERTOL SYSTEMS COMPANY, INC.,<br><br>Defendants. | Civil Action No.<br>1:22-cv-11550-ADB<br><br>**Leave to file sur-reply granted on November 13, 2024** |

**SUR-REPLY BY DEFENDANTS JAMES MONTGOMERIE AND VERTOL SYSTEMS COMPANY, INC.'S IN OPPOSITION TO PLAINTIFFS' MOTION FOR JURISDICTIONAL DISCOVERY**

Defendants James Montgomerie and Vertol Systems Company, Inc. ("Vertol") submit this sur-reply in further opposition to the motion for jurisdictional discovery by Plaintiffs Alianza Americas, Yanet Doe, Pablo Doe, and Jesus Doe (collectively, "Plaintiffs").

In connection with the filing of their Second Amended Class Action Complaint, ECF No. 137 (the "Second Amended Complaint"), Plaintiffs moved for leave to take jurisdictional discovery, *see* ECF No. 130 (the "Motion"). That Motion and supporting memorandum of law identified various "actions" purportedly taken by Defendants which could potentially "establish personal jurisdiction over each of the Defendants." Pls.' Consol. Reply in Support of Mot. for Leave to Take Juris. Discovery, ECF No. 163, at 5-6 ("Pls.' Reply"). In their opening brief, Plaintiffs characterized their requests as encompassing the following four categories of actions:

> (1) the creation and distribution of the red folders provided to Class Plaintiffs . . .;
> (2) transactions connected to the two flights, including but not limited to the ultimate responsibility for payment for use of the Martha's Vineyard airport facilities;
> (3) hiring of the vans that transported Class Plaintiffs after their arrival on Martha's Vineyard; and
> (4) hiring of the video crew that filmed Class Plaintiffs upon their arrival to Martha's Vineyard.

Pls.' Mem. in Support of Mot. for Leave to Take Juris. Discovery, ECF No. 131, at 13 ("Pls.' Opening Br."). Plaintiffs characterized these requests nearly identically in their reply brief. Pls.' Reply at 5-6.

Mr. Montgomerie submitted a sworn affidavit stating that he did not participate in these four actions. Affidavit of James Montgomerie, ECF No. 156. Plaintiffs therefore have no basis under their Motion for seeking information from him.

Plaintiffs nonetheless criticize Mr. Montgomerie's affidavit because it "does not state that he was not involved in the recruitment of Plaintiffs to send to Massachusetts, in making arrangements on Vertol's behalf to fly Plaintiffs to Massachusetts, or otherwise was not a

1

'primary participant[]' in corporate action of Vertol sufficient to confer jurisdiction." Pls.' Reply at 10 (quoting *Post v. Mark Edward Partners LLC*, 2022 U.S. Dist. LEXIS 181854, at *4-5 (D. Mass. Oct. 3, 2022)) (alterations in original). But Plaintiffs did not previously say they were seeking discovery as to whether Montgomerie recruited the migrants, made arrangements on Vertol's behalf to fly Plaintiffs to Massachusetts, or whether he was the "primary participant" in Vertol's corporate action. *See* Pls.' Opening Br. at 13; Pls.' Reply at 3. None of the four categories of discovery that Plaintiffs identified in their Opening Brief can fairly be read to encompass these new additional requests. Because Plaintiffs did not draft their categories to include those new requests, Mr. Montgomerie did not address them in his Affidavit.[1]

More importantly, these new requests are irrelevant. Plaintiffs had already previously alleged that Mr. Montgomerie took action to recruit immigrants and that he arranged the flights. *See* First Amended Class Action Complaint ("FAC"), ECF No. 21, ¶ 109; Second Amended Complaint ¶ 114 (identical); Pls.' Opposition to Defs.' Motions to Dismiss, ECF No. 98, at 18. The Court had already acknowledged each of those allegations in concluding that personal jurisdiction does not exist over Mr. Montgomerie. *See* Mem. & Order, ECF No. 112, at 9 ("Montgomerie was also involved in Plaintiffs' recruitment, although it is not clear if he actually spoke with any of the Plaintiffs.") (citing FAC ¶ 109), 22 ("The only transactions highlighted by Plaintiffs that are specifically tied to Vertol and Montgomerie are the "hir[ing] and arrang[ing] for two planes to fly to and land in Martha's Vineyard.") (citing ECF No. 98, at 18). Thus, there is no need for additional jurisdictional discovery involving Mr. Montgomerie on the bases now

---

[1] In addition, even if Plaintiffs had initially demanded that Mr. Montgomerie represent that he was not the "primary participant" in Vertol's jurisdiction-conferring conduct, he could not have made such a representation in his affidavit. He is not a lawyer, and therefore is not capable of stating under oath the legal conclusion that he was not the "primary participant" in Vertol's jurisdiction-conferring conduct. *Cf. Last Atlantis Capital, LLC v. AGS Specialist Partners*, 2009 WL 10737895, at *14 (N.D. Ill. Nov. 23, 2009) (disregarding "impermissible legal conclusions" in expert's affidavit because he "is not a lawyer" and "is not qualified to offer legal opinions or conclusions, even if such testimony were permissible in this context").

argued by Plaintiffs.  Plaintiffs had already alleged as facts what they now seek to discover, the Court considered those facts, and the Court declined to exercise personal jurisdiction over Mr. Montgomerie.  It should not change its decision.

For the reasons above and in Mr. Montgomerie's existing opposition, the Court should deny Plaintiffs' Motion for jurisdictional discovery from Mr. Montgomerie.

Respectfully submitted,

/s/ Brian T. Kelly
Brian T. Kelly (BBO No. 549566)
Ross MacPherson (BBO No. 705598)
NIXON PEABODY LLP
Exchange Place
53 State Street
Boston, Massachusetts 02109-2835
Tel: (617) 345-1000
Fax: (855) 714-9513
bkelly@nixonpeabody.com
rmacpherson@nixonpeabody.com

Christopher M. Mason (admitted *pro hac vice*)
NIXON PEABODY LLP
Tower 46
55 West 46th Street
New York, New York 10036
Tel: (212) 940-3000
cmason@nixonpeabody.com

*Counsel for Defendants James Montgomerie and Vertol Systems Company, Inc.*

Dated:  November 13, 2024

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was filed electronically on November 13, 2024, and thereby delivered by electronic means to all registered participants as identified on the Notice of Electronic Filing.

*/s/ Ross MacPherson*
Ross MacPherson
