# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

ALIANZA AMERICAS, YANET DOE,
PABLO DOE, and JESUS DOE, on behalf of
themselves and all others similarly situated,

                    Plaintiffs,

          v.

RONALD D. DESANTIS, Governor of
Florida, in his personal capacity; LAWRENCE
A. KEEFE, Florida Public Safety Czar, in his
personal capacity; JAMES UTHMEIER, Chief
of Staff to Florida Governor, in his personal
capacity; JAMES MONTGOMERIE; PERLA
HUERTA; and VERTOL SYSTEMS
COMPANY, INC.,

                 Defendants.

**Leave to file granted on December 16, 2024, ECF No. 177**

Civil Action No.
1:22-cv-11550-ADB

## SUR-REPLY IN RESPONSE TO PLAINTIFFS' CORRECTED OPPOSITION TO DEFENDANT JAMES MONTGOMERIE'S MOTION TO DISMISS

Defendant James Montgomerie submits this sur-reply in response to Plaintiffs' corrected opposition to Defendants' motions to dismiss the Second Amended Class Action Complaint (the "Second Amended Complaint").

Plaintiffs' corrected brief exchanges two incorrect exhibit citations for corrected citations that Plaintiffs claim support this Court's exercise of personal jurisdiction over Mr. Montgomerie pursuant to Section 3(a) of Massachusetts' long-arm statute. Plaintiffs now refer to Exhibit 21 in support of their contention that Mr. Montgomerie "signed the memorandum responding to [the Florida Department of Transportation]'s request for quote," ECF No. 161, at 33 (citing Decl. of Kenneth S. Leonetti, ECF No. 129, Ex. 21), and Exhibit 29 to support the proposition that Mr. Montgomerie "personally signed and submitted the final bid which contemplated 'relocation of individuals to the State of Massachusetts.'" *Id.* at 34 (quoting ECF No. 129, Ex. 29). Exhibit 21 is the initial bid submitted by Vertol Systems Company, Inc. ("Vertol") to the Florida Department of Transportation ("FDOT") on August 2, 2022. Exhibit 29 is a September 2, 2022 proposal from Vertol to FDOT. Both documents are electronically signed by Mr. Montgomerie.

These corrected citations still do not establish that Mr. Montgomerie "transact[ed] any business *in this commonwealth*" sufficient for this Court to exercise personal jurisdiction under Section 3(a) of Massachusetts' long-arm statute. M.G.L. ch. 223A, § 3(a) (emphasis added). Both exhibits are offers signed by a Florida resident, on behalf of a Florida company, to enter into a contract with the Florida government. They represent the transaction of business in *Florida*, not Massachusetts. In fact, Exhibit 21 does not contain any reference to Massachusetts at all. And while Exhibit 29 does contemplate the potential "relocation of individuals to the State of Massachusetts," Plaintiffs fail to mention that Exhibit 29 also contemplates their relocation to any "other, proximate northeastern state." These documents provide no details showing

"purposeful and successful solicitation of business from residents of the Commonwealth" by Mr. Montgomerie, *Tatro v. Manor Care, Inc.*, 416 Mass. 763, 767 (1994), or that Mr. Montgomerie "attempted to participate in the commonwealth's economic life." *United Elec. Radio & Mach. Workers of Am. v. 163 Pleasant St. Grp.*, 960 F.2d 1080, 1087 (1st Cir. 1992). Plaintiffs cite no case in which a Court has exercised jurisdiction in even remotely analogous circumstances.

The Court has already found that these bids do not show the transaction of business in Massachusetts. In its previous ruling, this Court recognized that "Vertol submitted a bid in August 2022" to FDOT, referring to Exhibit 21, and that "Vertol then submitted a follow-up bid for the relocation of up to 50 people 'to the State of Massachusetts or other, proximate northeastern state designated by [F]DOT,'" quoting Exhibit 29. ECF No. 112, at 6, 7 (cleaned up). Despite these allegations, the Court concluded that "without more, the Court cannot find that there is 'evidence of specific facts' supporting jurisdiction over Vertol or Montgomerie under § 3(a)." *Id.* at 22 (quoting *Platten v. HG Bermuda Exempted Ltd.*, 437 F.3d 118, 134 (1st Cir. 2006)). This analysis does not change because Plaintiffs now allege that Mr. Montgomerie signed and submitted the bids on Vertol's behalf. It would be nonsensical if these allegations, which are insufficient to establish personal jurisdiction pursuant to Section 3(a) as to Vertol, were found sufficient to establish personal jurisdiction pursuant to Section 3(a) as to Mr. Montgomerie.

Accordingly, for these reasons and the reasons set forth in Mr. Montgomerie's opening brief and reply, Mr. Montgomerie requests that this Court grant his motion to dismiss Plaintiffs' Second Amended Complaint for lack of personal jurisdiction.

Respectfully submitted,

*/s/ Brian T. Kelly*
Brian T. Kelly (BBO No. 549566)
Ross MacPherson (BBO No. 705598)
NIXON PEABODY LLP
Exchange Place
53 State Street
Boston, Massachusetts 02109-2835
Tel: (617) 345-1000
Fax: (855) 714-9513
bkelly@nixonpeabody.com
rmacpherson@nixonpeabody.com

Christopher M. Mason (admitted *pro hac vice*)
NIXON PEABODY LLP
Tower 46
55 West 46th Street
New York, New York 10036
Tel: (212) 940-3000
cmason@nixonpeabody.com

*Counsel for Defendants James Montgomerie and
Vertol Systems Company, Inc.*

Dated: December 16, 2024

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically on December 16, 2024, and thereby delivered by electronic means to all registered participants as identified on the Notice of Electronic Filing.

*/s/ Ross MacPherson*
Ross MacPherson