**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| ALIANZA AMERICAS, YANET DOE, PABLO DOE, and JESUS DOE, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>VERTOL SYSTEMS COMPANY, INC.,<br><br>Defendant. | Civil Action No.: 1:22-cv-11550-ADB |

**JOINT RULE 26(f) REPORT AND PROPOSED DISCOVERY PLAN**

Plaintiffs Yanet Doe, Pablo Doe, Jesus Doe, on behalf of themselves and approximately 46 other individuals, and Alianza Americas (collectively, "Plaintiffs"), filed their original complaint on September 20, 2022, against Governor Ronald DeSantis, James W. Perdue, the State of Florida, the Florida Department of Transportation, and Does #1–5. On November 29, 2022, Plaintiffs filed an Amended Complaint that alleged claims against the same defendants, as well as Lawrence Keefe, James Uthmeier, James Montgomerie, Perla Huerta (collectively, the "Florida Defendants"), and Defendant Vertol Systems Company, Inc. ("Vertol"). On February 28, 2023, all defendants moved to dismiss the Amended Complaint,[1] which this Court granted in part and denied in part as it related to Vertol[2] and granted as it related to the other defendants on March 29, 2024.

---

[1] The Florida Defendants and Vertol also moved to transfer venue to the Northern District of Florida, which this Court denied on March 29, 2024.

[2] The Court granted Vertol's Motion to Dismiss as it pertains to Count II (Section 1983 claim related to Defendants' violations of the Fourteenth Amendment to the U.S. Constitution's Equal Protection Clause), Count V (Section 1983 claim related to Defendants' violations of Plaintiffs' procedural due process under the Fourteenth Amendment to the U.S. Constitution), and Count IX (Fraud/Deceit) of the Amended Complaint. Plaintiffs did not reassert Count IX in the Second Amended Complaint.

Plaintiffs moved to amend their Amended Complaint further on July 4, 2025, and filed the Second Amended Complaint with the Court's permission on July 19, 2025.[3] On September 9, 2024, the Florida Defendants moved to dismiss the Second Amended Complaint and Vertol moved for partial dismissal of Counts II and V in the Second Amended Complaint.[4] On March 31, 2025, this Court reaffirmed its prior dismissal of Counts II and V against Vertol and granted the Florida Defendants' motions to dismiss. The same day, the Court ordered Plaintiffs and Vertol (together, the "Parties"), to "submit a joint status report. . . which shall include a proposed schedule." They do so now.

The Parties report that they have conferred as required by Federal Rule of Civil Procedure 26(f) and Local Rule 16.1(b) and agree upon the following dates and events:

1. **Deadline to Answer Second Amended Complaint**. As ordered by this Court, Vertol will file its answer to the Second Amended Complaint on April 23, 2025.

2. **Initial Disclosures**. The Parties shall make their initial disclosures by May 31, 2025.

3. **Amendments to Pleadings**. Except for good cause shown, no motions to amend the pleadings to add new parties, or asserting new claims or defenses, shall be taken after August 1, 2025.

4. **Status Conference**. The Parties request that the Court set a status conference within 30 days after the close of fact discovery, or at another time more convenient for the Court, for case

---

[3] Plaintiffs did not name defendants Jared W. Perdue, the State of Florida, and the Florida Department of Transportation in the Second Amended Complaint.

[4] Plaintiffs reasserted Counts II and V in the Second Amended Complaint to preserve their appellate rights. *See* Mot. Amend Br. 2 n.3. Additionally, the Florida Defendants and Vertol moved to transfer venue again to the Northern District of Florida. The Court denied their motion on March 31, 2025.

management purposes. Upon request of counsel, or at the Court's own initiative, additional case-management or status conferences may be scheduled. Any Party who reasonably believes that a status conference will assist in the management or resolution of the case may request one from the Court upon reasonable notice to opposing counsel.

5.      **Final Pretrial Conference**. A final pretrial conference will be scheduled and held at a time convenient for the Court. The Parties shall prepare and make pretrial disclosures and submit a pretrial memorandum in accordance with Local Rule 16.5(c)-(d) prior to the date of the conference.

6.      **Trial by Magistrate Judge**. The Parties do not consent to a trial by magistrate judge.

7.      **Protective Order**. The Parties will submit a proposed protective order governing this case following entry of the scheduling order.

8.      **Complex Case Designation**. Vertol believes that the class nature of this case, the likely need for third-party discovery and translation issues, among other things, make designation of this case as "complex" under Local Rule 16.1(e) appropriate.  Plaintiffs do not object to that designation.

9.      **Settlement Proposals**. Pursuant to Local Rule 16.1(c), Plaintiffs delivered a settlement proposal to counsel for Vertol on May 7, 2024.  Vertol is not willing to settle the matter for the amount that Plaintiffs demanded. The Parties believe that this case will benefit from discovery and motion practice and do not request a settlement conference at this time.

The Parties further report that they could not reach agreement on (1) the issue of bifurcation of discovery or (2) the amount of written discovery and depositions to be taken. The Parties provide Exhibit A below in an attempt to summarize differences in the Parties' proposed schedules.

Additionally, Plaintiffs have set forth their proposed schedule as Exhibit B, and Vertol has submitted its proposed schedule as Exhibit C hereto and have summarized the nature of their disagreements below.

**Plaintiffs' Position**: Plaintiffs' proposed schedule for this case is almost identical to the one that Plaintiffs and Vertol agreed to in May 2024 and filed with this Court at that time. *See* ECF 120. Indeed, Plaintiffs' proposed scheduling order mirrors the order attached to the May 2024 report and order and merely adjusts the dates to account for the eleven months that have occurred since. Plaintiffs also added certain procedural provisions and comments regarding status and pretrial conferences that are required by Local Rule 16.1 and are not controversial. Like the May 2024 scheduling report and order, Plaintiffs propose a single-phase approach for discovery in which all fact-based discovery (including class-based discovery) is complete by April 7, 2026, and dispositive motions are fully briefed no later than November 9, 2026. Plaintiffs also propose discovery limitations consistent with Local Rule 26.1 and Fed. R. Civ. P. 26, allowing for limited, additional discovery solely related to the issue of class certification. These two issues are now in dispute.

This time around, Defendant has taken a different tact with respect to the discovery schedule.  In an about face from its agreement to these same terms nearly a year ago, Vertol now insists on bifurcating class discovery and merits discovery in what would result in an entirely inefficient process and unnecessary delay of this case. Vertol contends that bifurcated discovery is a more efficient way to proceed. While that may be true in some class actions, this argument rings hollow in light of the actual facts and issues in this case. This action arises out of a single set of operative facts – the intentional and fraudulent misrepresentation to a group of Venezuelan migrants that induced them to board two planes owned and operated by Vertol and be unwittingly

transported to an island off the coast of Massachusetts. The acts at issue happened over a very short period of time, and most of the action occurred on a single day.

Moreover, class discovery and merits discovery substantially overlap. For example, many of the facts and questions of law alleged in the Second Amended Complaint go to both the issue of class certification *and* the merits of Plaintiffs' claims. Those include whether Plaintiffs were deceived by Vertol's false and deceptive conduct, whether Vertol's conduct violated Plaintiffs' civil rights and liberties, and whether Plaintiffs were harmed by Vertol's conduct. Given the significant overlap between merits and class issues, bifurcation will almost certainly lead to duplicative discovery and likely lead to discovery disputes regarding whether a party is seeking class-based discovery or merit-based discovery. As another example of inefficiency, Defendants proposal anticipates class-discovery depositions and merits-discovery depositions. But there is no good reason to depose the named Plaintiffs more than once. A single deposition can easily address both the class issues and the merits, since the facts underlying both are one and the same.

Vertol's proposal only serves to further delay this case. Because of its position on bifurcation, Vertol proposes that fact discovery and dispositive motion practice does not begin until after this Court issues its decision on Plaintiffs' future motion for class certification. Under this schedule, it is likely that fact discovery as well as dispositive motion practice would not take place for two more years, i.e., starting in 2027. The claims in this case arise out of events in 2022. This case does not warrant a lengthy period of time just for class discovery and, indeed, Defendant's proposal seems designed to achieve just that – a long delay before the Court hears the merits. Undue delay aside, Vertol's proposal risks the loss of evidence necessary for Plaintiffs to prove their case. Thus, such delay would unduly prejudice Plaintiffs with no tangible benefit to the adjudication of this case. In contrast, there is no legitimate interest that is served by bifurcation

or adoption of Vertol's scheduling proposal. In fact, even under Plaintiffs' proposal, if Vertol would like to serve what it defines as "class discovery" first, it is free to do so.

The second area of dispute is Vertol's demand for discovery that goes far beyond the limits set forth in the Federal Rules of Civil Procedure and the Local Rules. While the May 2024 order certainly contemplated that the Parties would need additional discovery beyond the limitation set in Local Rule 26.1 and Fed. R. Civ. P. 26, it did not contemplate the unbalanced amount of discovery that Vertol now seeks. In negotiating this scheduling agreement, Plaintiffs initially framed discovery limitations as "per party," in accordance with Local Rule 26.1. Vertol raised issue with this language because, despite the fact that Local Rule 26.1 makes clear that "the number of discovery events shall be limited for each side (or group of parties with a common interest)," Vertol chose to read this language as allowing each named Plaintiff to propound two sets of requests for production, twenty-five requests for admissions, twenty-five interrogatories, and take ten depositions, independently.

Plaintiffs disagree that its initial proposal suggested as much but, in the interest of compromise, amended the language of its proposal to refer to "each side" to better capture the spirit of Local Rule 26.1 and their intentions. Vertol now takes issue with that too. Vertol apparently does not believe Plaintiffs should be permitted to engage in expanded discovery; only it should. Vertol apparently does not believe Plaintiffs should be permitted to engage in expanded discovery; only it should. Vertol's current position is that Plaintiffs should only be allowed to propound two sets of requests for production, twenty-five requests for admission, twenty-five interrogatories, and ten depositions <u>collectively</u>. Meanwhile, Vertol should be allowed to take propound two sets of requests for production, twenty-five requests for admission, and twenty-five interrogatories as to <u>each of the named Plaintiffs</u>, in addition to its ten depositions. Let alone that

6

Vertol should be allowed to do that <u>twice</u>, once in class-based discovery and again in merit-based discovery.   Vertol gives no reasonable justification why it needs so much discovery that it should be allowed to propound eight sets of requests for production, one hundred requests for admission, and one hundred interrogatories, let alone why they should be allowed to take four times as much discovery as Plaintiffs.

**<u>Vertol's Positions</u>**:

1.    ***Bifurcation of Discovery & Related Scheduling Disputes***.   Vertol proposes that the Parties should conduct bifurcated discovery—beginning with class discovery and concluding with merits discovery—to promote a more efficient and cost-effective discovery process and to promote the chances of a settlement in this matter.   Under Plaintiffs' current proposal, Vertol would be required to conduct merits discovery under the assumption that Plaintiffs will succeed in certifying a class with respect to *all* remaining claims.   But there is good reason to believe that Plaintiffs' class certification motion will be denied, at least in part, due to the highly individualized nature of Plaintiffs' claims such as false imprisonment or intentional and negligent infliction of emotional distress.   If class certification is denied in part or in full, the Parties can tailor their respective discovery requests to preserve time, money, and resources that would otherwise be wasted on unnecessary merits discovery.   Furthermore, resolving issues related to class certification increases the possibility of a settlement before additional discovery is taken because the Parties can more reasonably assess whether any potential settlement should account for a potential damages award to the four named Plaintiffs, or to an additional 46 individuals.[5]

---

[5] Plaintiffs may contend that bifurcated discovery will require Plaintiffs to respond to duplicative requests.  Vertol has no incentive to serve duplicative discovery requests because that would waste Vertol's limited requests for discovery and would waste Vertol's time, money, and resources to propound duplicative requests and review duplicative responses.   To the extent that Vertol

Because Plaintiffs and Vertol differ as to whether bifurcated discovery is necessary, Vertol disagrees with Plaintiffs' proposed deadlines relating to combined class and merits discovery and expert discovery. Instead, Vertol proposes dates certain for deadlines relating to class discovery, and then proposes that deadlines for merits and expert discovery be set in relation to the date the Court issue an order on Plaintiffs' motion for class certification.

2.    ***Discovery Limitations***.    Vertol disagrees with certain of Plaintiffs' proposed discovery limitations because they erroneously characterize the discovery limitations set forth in the Federal Rules of Civil Procedure and the Local Rules, resulting in unacceptably limited discovery. The Federal Rules of Civil Procedure permit "a party" to serve discovery requests on "any other party," except that parties are limited to 25 interrogatories and 25 requests for admission per party. *See* Fed. R. Civ. P. 33, 34, 36. Local Rule 16.1(c) limits the number of discovery events "for each side (or group of parties with a common interest) to 10 depositions, 25 interrogatories, 25 requests for admission, and 2 separate sets of requests for production," except as otherwise ordered by the Court. The purpose of this rule is to limit the number of discovery requests that a similarly situated group of litigants can make so that discovery remains proportional even when there is a disproportionate number of plaintiffs or defendants who share a common interest. Plaintiffs reverse this principle in several respects, effectively denying Vertol the right to serve discovery on each of the Plaintiffs.

To be sure, it does not appear that it is Plaintiffs' intention to limit Vertol's ability to propound discovery on every Plaintiff. During a meet-and-confer on April 17, 2025, counsel for Vertol informed counsel for Plaintiffs that an earlier version of their proposed schedule both

---

inadvertently propounds any request or any portion of a request that Plaintiffs regard as duplicative, Plaintiffs are welcome to refer Vertol to Plaintiffs' previous responses.

expanded Plaintiffs' ability to propound discovery on Vertol such that each Plaintiff could propound discovery requests on Vertol, and limited Vertol's ability to propound discovery such that it could not serve discovery requests on each Plaintiff. Plaintiffs' counsel assured Vertol's counsel that such a reading was not intentional, and Plaintiffs' counsel offered to revise the proposal. Unfortunately, although the revised proposal that Plaintiffs' counsel sent to Vertol's counsel reduced the unnecessarily expanded discovery that would be afforded to Plaintiffs, the proposal further *reduced* the amount of discovery that would be afforded to Vertol. Vertol addresses these issues in turn below:

      a.    <u>Plaintiffs' Proposed Limitation to Requests for Productions Prevents Vertol from Serving Requests on Each Plaintiff</u>. Plaintiffs propose that "each side may serve up to 2 separate sets of Requests for Production of Documents, except that each side is allowed 1 additional set of Requests for Production that is solely related to Class Discovery." There are four Plaintiffs in this matter, three of whom seek to be certified as class representatives. Under this proposal, Vertol, with its one set of class-related document requests and two sets of merits-related document requests, would not be able to serve requests for the production of class-related documents on two of the three proposed class representatives, and would not be able to serve requests for the production of documents on two of the four Plaintiffs. Meantime, Plaintiffs would be permitted to serve three sets of requests for production on the lone defendant, Vertol.

      Instead, Vertol proposes that each party may be served with up to 2 sets of requests for production during class discovery, and up to 2 sets of requests for production during merits discovery.

  b. <u>Plaintiffs' Proposal to Allow One Additional Interrogatory for Class Discovery Denies Vertol Sufficient Class-Related Discovery</u>.  Instead of allowing a period of dedicated class discovery, Plaintiffs offer to provide "each side" with one additional interrogatory per side related to class discovery.  This means that Vertol can propound 25 interrogatories to Plaintiff Alianza Americas, 25 interrogatories to Plaintiff Yanet Doe, 25 interrogatories to Plaintiff Pablo Doe, 25 interrogatories to Plaintiff Jesus Doe, and one interrogatory to any of the above-named Plaintiffs so long as it exclusively relates to class discovery.  Meantime, Plaintiffs may propound 25 interrogatories to Vertol, and one additional class-related interrogatory.  The allowance of one additional question—which Vertol would need to address to all four Plaintiffs—is a meaningless nod to class discovery.

  Vertol instead proposes that each party may be served with up to 25 interrogatories during class discovery, and up to 25 interrogatories during merits discovery.

  c. <u>Plaintiffs' Proposal Effectively Limits Vertol To 6–7 Requests for Admission Per Plaintiff</u>.  The Federal Rules of Civil Procedure and Local Rules permit a party to serve 25 requests for admission upon another party.  Plaintiffs seek to limit this ability such that "each side may be served with up to 25 Requests for Admission, not including requests for admission of authenticity of documents."  This proposal severely limits Vertol's ability to conduct both class and fact-based discovery.  For example, while Plaintiffs would be allowed to serve 25 requests for admissions on Vertol, Vertol would need to spread its 25 requests for admissions across four Plaintiffs on class and merits issues.  For example, Vertol could serve 7 requests on Plaintiff Alianza Americas, 6 requests on Plaintiff Yanet Doe, 6 requests on Plaintiff Pablo Doe, and 6 requests on Plaintiff Jesus Doe.  That is hardly enough to conduct effective class and merits discovery.

Instead, Vertol proposes that this Court allow each party to be served with 25 requests for admission during class discovery, and 25 requests for admission during merits discovery.

d.      <u>Depositions</u>. Plaintiffs propose that "each side may depose up to 10 individuals or entities, not including experts." Vertol proposes that each side be allowed 10 depositions during class discovery, and 10 depositions during merits discovery, excluding expert discovery. While Vertol proposes more depositions in total, Vertol anticipates that the depositions taken under its proposal will be shorter in time because they will be devoted to either class or merits issues, rather than both simultaneously.

Plaintiffs also erroneously claim that Vertol desires to take forty depositions in this matter—and Plaintiffs rejected an opportunity to revise their incorrect position after Vertol informed them that they were misreading its proposal. Vertol proposes that "Plaintiffs, collectively, and Vertol each may depose up to 10 individuals or entities during class discovery and up to another 10 individuals or entities during merits discovery, not including experts." In plain English, that means that Plaintiffs' side can depose 10 individuals or entities during class discovery and 10 in merits discovery, and so can Vertol.

Until late afternoon on Thursday, April 17, 2025, Plaintiffs and Vertol agreed that depositions that required a translator would be extended by 5 hours. In their eleventh hour bid to change their positions, Plaintiffs demanded that depositions requiring a translator should only require 2 hours of additional time. Vertol believes the longer time may be necessary because each question posed and each answer provided will need to be translated during certain depositions.

Dated: April 18, 2025

Respectfully submitted,

*/s/ Kenneth S. Leonetti*                          */s/ Brian T. Kelly*

Kenneth S. Leonetti (BBO # 629515)              Brian T. Kelly (BBO #549566)
Madeleine K. Rodriguez (BBO #684394)            Ross MacPherson (BBO #705598)
Matthew E. Miller (BBO # 655544)                Nixon Peabody LLP
Rachel L. Kerner (BBO #703341)                  Exchange Place 53 State Street
Foley Hoag LLP                                  Boston, MA 02109
155 Seaport Boulevard                           (617) 345-1000
Boston, MA 02210                                bkelly@nixonpeabody.com
(617) 832-1000                                  macpherson@nixonpeabody.com
ksl@foleyhoag.com
mrodriguez@foleyhoag.com                         Christopher M. Mason (*pro hac vice*)
mmiller@foleyhoag.com                            Nixon Peabody LLP
rkerner@foleyhoag.com                            55 West 46th Street
                                                New York, NY 10036
Benjamin H. Weissman (*pro hac vice*)           (212) 940-3017
Foley Hoag LLP                                   cmason@nixonpeabody.com
1301 Avenue of the Americas
New York, NY 10019                              *Attorneys for Defendant Vertol*
(212) 812-0400                                  *Systems Company, Inc.*
bweissman@foleyhoag.com

Oren Sellstrom (BBO #569045)
Iván Espinoza-Madrigal (BBO #708080)
Jacob Love (BBO #699613)
Mirian Albert (BBO #710093)
Lawyers for Civil Rights
61 Batterymarch Street, 5th Floor
Boston, MA 02110
(617) 482-1145
osellstrom@lawyersforcivilrights.org

*Attorneys for Plaintiffs Alianza Americas,*
*Yanet Doe, Jesus Doe, and Pablo Doe*

## **LOCAL RULE 16.1(d)(3) CERTIFICATION**

Counsel for the parties certify that they have conferred with their clients as required by Local Rule 16.1(d)(3). The parties do not believe that alternative dispute resolution would be productive at this time. Counsel for the parties has obtained, or will obtain, signatures from an authorized client representative, which they will keep on file at their respective offices.

*/s/ Kenneth S. Leonetti*                                          */s/ Brian T. Kelly*
Kenneth S. Leonetti                                          Brian T. Kelly

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was filed electronically on April 18, 2025, and thereby delivered by electronic means to all registered participants as identified on the Notice of Electronic Filing.

*/s/ Kenneth S. Leonetti*
Kenneth S. Leonetti

13

# EXHIBIT A

**SCHEDULE OF EVENTS**

| <u>EVENT</u> | <u>PLAINTIFFS' PROPOSAL</u> | <u>VERTOL'S PROPOSAL</u> |
|---|---|---|
| **Initial Disclosures** | May 31, 2025 | May 31, 2025 |
| **Amendments to Pleadings** | August 1, 2025 | August 1, 2025 |
| **Written Fact Discovery Deadline** | February 6, 2026 | |
| **Depositions Deadline** | April 7, 2026 | |
| **Plaintiffs' Deadline to Serve Class-related Discovery** | | June 30, 2025 |
| **Vertol's Deadline for Class Discovery** | | November 15, 2025 |
| **Final Fact Discovery Deadline** | April 7, 2026 | 200 days after the Court issues a ruling on Plaintiffs' motion for class certification |
| **Expert Designations – Party with Burden of Proof** | May 7, 2026 | 240 days after the Court issues a ruling on Plaintiffs' motion for class certification |
| **Rebuttal Expert Designations** | June 6, 2026 | 280 days after the Court issues a ruling on Plaintiffs' motion for class certification |

| | | |
|---|---|---|
| **Expert Depositions Deadline** | July 21, 2026 | 330 days after the Court issues a ruling on class certification |
| **Motion for Class Certification Filing Deadline** | March 8, 2026 | August 15, 2025 |
| **Opposition to Motion for Class Certification Deadline** | 60 days after completion of depositions of all of Plaintiffs' proposed class representatives | December 16, 2025 |
| **Reply to Motion for Class Certification Deadline** | 21 days after service of the motion for class certification | January 7, 2026 |
| **Dispositive Motion Deadline** | September 19, 2026 | 360 days after the Court issues its ruling on class certification |
| **Opposition to Dispositive Motion Deadline** | 30 days after service of the dispositive motion | 30 days after service of the dispositive motion |
| **Reply to Dispositive Motion Deadline** | 21 days after service of the opposition | 21 days after service of the opposition |

# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ALIANZA AMERICAS, YANET DOE, PABLO DOE, and JESUS DOE, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> VERTOL SYSTEMS COMPANY, INC., <br><br> Defendant. | Civil Action No.: 1:22-cv-11550-ADB |

## [PLAINTIFFS' PROPOSED] SCHEDULING ORDER

Pursuant to Federal Rule of Civil Procedure 16(b) and Local Rule 16.1(f), it is hereby ORDERED that:

1.    **Initial Disclosures**. Initial disclosures under Fed. R. Civ. P. 26(a)(1) shall be made by May 31, 2025.

2.    **Amendments to Pleadings**. Except for good cause shown, no motions to amend the pleadings to add new parties, or asserting new claims or defenses, shall be taken after August 1, 2025.

3.    **Fact Discovery.**

    a.    Written discovery requests shall be served no later than December 19, 2025.

    b.    Written discovery shall be completed by February 6, 2026.

    c.    Fact depositions shall be completed April 7, 2026.

4.    **Final Fact Discovery Deadline**. All discovery, other than expert discovery, must be completed by April 7, 2026.

5.      **Expert discovery**:

      a.      Where a party has the burden of proof on an issue, the party shall designate trial experts on that issue and shall disclose the information contemplated by Fed. R. Civ. P. 26(a)(2), not later than 30 days after the completion of all fact discovery, i.e., May 7, 2026.

      b.      Where a party does <u>not</u> have the burden of proof on an issue, the party shall designated rebuttal trial experts on that issue and shall disclose the information contemplated by Fed. R. Civ. P. 26(a)(2), not later than 60 days after the completion of all fact discovery, i.e., June 6, 2026.

      c.      Depositions of all experts pursuant to Fed. R. Civ. P. 26(b)(4) shall be completed not later than 45 days after the last day for disclosure of information in subparagraph (b) above, i.e., July 21, 2026.

6.      **Class Certification.**

      a.      Plaintiffs shall file a motion for class certification no later than 30 days after the completion of written discovery, i.e., March 8, 2026.

      b.      Oppositions to any motion for class certification shall be filed no later than 60 days after completion of depositions of all Plaintiffs' proposed class representatives.

      c.      Plaintiffs may file a reply no later than 21 days after service of any opposition.

7.      **Dispositive Motions**.

      a.      Dispositive motions, such as motions for summary judgment or partial summary judgment and motions for judgment on the pleadings, must be

filed 60 days after the completion of all expert discovery, i.e., September 19, 2026.

b.    Oppositions to any dispositive motion shall be filed no later than 30 days after service of the dispositive motion.

c.    The moving party may file a reply brief no later than 21 days after service of the opposition.

8.    **Status Conference**. The Court shall set a status conference within 30 days after the close of fact discovery, or at another time more convenient for the Court, for case management purposes.  Additional case-management or status conferences may be scheduled at the Court's own initiative or upon request by the Parties, with reasonable notice to opposing counsel, so long as a status conference will assist in the management or resolution of the case.

9.    **Final Pretrial Conference**. A final pretrial conference will be scheduled and held at a time convenient for the Court. The parties shall prepare and make pretrial disclosures and submit a pretrial memorandum in accordance with Local Rule 16.5(c)-(d) prior to the date of the conference.

10.    **Procedural Provisions and Other Agreements Regarding Discovery**:

a.    *Extension of Deadlines and Amendment of Scheduling Order*. This Order and the deadlines set forth herein may be modified by the Court upon a showing of good cause.

b.    *Motions to Compel or Prevent Discovery*. Except for good cause shown, motions to compel discovery, motions for protective orders, motions to quash, motions to strike discovery responses, and similar motions must be filed no later than 7 days after the close of fact discovery or the close of

expert discovery, whichever deadline is relevant. If additional discovery is compelled by the Court after the relevant deadline has passed, the Court may enter such additional orders relating to discovery as may be appropriate.

c.    *Email Service*.  The Parties agree to accept electronic service, as set forth in Federal Rules of Civil Procedure 5(b)(2)(E).

11.    **Limitations on Discovery**: The following discovery limitations apply and shall be limited for each side (or group of parties with a common interest) pursuant to and in accordance with Local Rule 26.1(c) and Fed. R. Civ. P. 26(f).

a.    *Requests for Production*. Each side may serve up to 2 separate sets of Requests for Production of Documents, except that each side is allowed 1 additional set of Requests for Production that is solely related to class discovery.

b.    *Requests for Admission*. Each side may be served with up to 25 Requests for Admission, not including requests for admission of authenticity of documents.

c.    *Interrogatories*. The limitations under the Federal Rules of Civil Procedure govern, except that each side may propound one additional interrogatory per side related to class discovery.

d.    *Depositions.*

i.    Number of depositions: Each side may depose up to 10 individuals or entities, not including experts.

4

      ii.       Duration.  The limitation on duration of a deposition under the Federal Rules of Civil Procedure governs, except that the limit of any deposition that requires a translator will be extended by 2 hours.

e.      Any party may later move to modify these limitations for good cause.

12.  **Third Party Discovery**:

a.      A party who serves a subpoena in this matter on a non-party shall provide a copy of the subpoena and all attachments thereto to the other party as required under Fed. R. Civ. P. 45(a)(4).

b.      A party who receives documents from a third party pursuant to a subpoena will reproduce those documents to the other party within 5 business days. Where reproduction of documents within 5 business days is not possible, the party who received the documents will provide prompt notice to the other party and will work in good faith to resolve the issue on a case-by-case basis.

c.      A party scheduling the deposition of a third party shall promptly notify the Parties of the date and location of the deposition and shall schedule any deposition of the third party no earlier than 10 days after the party scheduling the deposition provides the copies of any documents received from that third party.

_____
Allison D. Burroughs
United States District Judge

# EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

---

ALIANZA AMERICAS, YANET DOE, PABLO
DOE, and JESUS DOE, on behalf of themselves
and all others similarly situated,

                Plaintiffs,

        v.

VERTOL SYSTEMS COMPANY, INC.,

                Defendant.

Civil Action No.: 1:22-cv-11550-ADB

---

**[VERTOL'S PROPOSED] SCHEDULING ORDER**

Pursuant to Federal Rule of Civil Procedure 16(b) and Local Rule 16.1(f), it is hereby

ORDERED that:

1.    **Initial Disclosures**. Initial disclosures under Fed. R. Civ. P. 26(a)(1) shall be made

by May 31, 2025.

2.    **Amendments to Pleadings**. Except for good cause shown, no motions to amend

the pleadings to add new parties, or asserting new claims or defenses, shall be taken after August

1, 2025.

3.    **Class Discovery.**  Discovery in this matter is bifurcated between class and merits

issues.

        a.    Plaintiffs shall be permitted to serve class-related discovery requests until

June 30, 2025.

        b.    Plaintiffs shall file their motion for class certification by August 15, 2025.

        c.    After Plaintiffs file their motion for class certification, Vertol shall be

permitted to conduct class-related discovery until November 14, 2025.

       d.      Vertol will oppose Plaintiffs' motion for class certification no later than December 16, 2025.

       e.      Plaintiffs may submit a reply in further support of their motion for class certification no later than January 7, 2026.

4.      **Fact Discovery.**  The deadline to complete merits-related fact discovery shall be 200 days after the Court issues a ruling on Plaintiffs' motion for class certification.

5.      **Expert Discovery**.

       a.      Where a party has the burden of proof on an issue, the party shall designate trial experts on that issue and shall disclose the information contemplated by Fed. R. Civ. P. 26(a)(2), not later than 240 days after the Court issues a ruling on Plaintiffs' motion for class certification.

       b.      Where a party does <u>not</u> have the burden of proof on an issue, the party shall designate rebuttal trial experts on that issue and shall disclose the information contemplated by Fed. R. Civ. P. 26(a)(2), not later than 280 days after the Court issues a ruling on Plaintiffs' motion for class certification.

       c.      All trial experts must be deposed not later than 330 days after the Court issues a ruling on Plaintiffs' motion for class certification.

6.      **Dispositive Motions.**

       a.      Dispositive motions, such as motions for summary judgment or partial summary judgment and motions for judgment on the pleadings, must be filed not later than 360 days after the Court issues its ruling on Plaintiffs' motion for class certification.

       b.      Oppositions to any dispositive motion shall be filed no later than 30 days after service of the dispositive motion.

c.      The moving party may file a reply brief no later than 21 days after service of the opposition.

7.      **Status Conference**. The Court shall set a status conference within 30 days after the close of fact discovery, or at another time more convenient for the Court, for case management purposes.  Additional case-management or status conferences may be scheduled at the Court's own initiative or upon request by the parties, with reasonable notice to opposing counsel, so long as a status conference will assist in the management or resolution of the case.

8.      **Final Pretrial Conference**. A final pretrial conference will be scheduled and held at a time convenient for the Court. The parties shall prepare and make pretrial disclosures and submit a pretrial memorandum in accordance with Local Rule 16.5(c)-(d) prior to the date of the conference.

9.      **Procedural Provisions and Other Agreements Regarding Discovery**:

a.      *Extension of Deadlines and Amendment of Scheduling Order*. This Order and the deadlines set forth herein may be modified by the Court upon a showing of good cause.

b.      *Motions to Compel or Prevent Discovery*. Except for good cause shown, motions to compel discovery, motions for protective orders, motions to quash, motions to strike discovery responses, and similar motions must be filed no later than 7 days after the close of fact discovery or the close of expert discovery, whichever deadline is relevant. If additional discovery is compelled by the Court after the relevant deadline has passed, the Court may enter such additional orders relating to discovery as may be appropriate.

c.      *Email Service*.  The Parties agree to accept electronic service, as set forth in Federal Rules of Civil Procedure 5(b)(2)(E).

10.    **Limitations on Discovery**: The Court orders the following limitations on discovery.

a.    *Requests for Production*. Each party may be served with up to 2 separate sets of Requests for Production of Documents during class discovery, and each party may be served with up to 2 separate sets of Requests for Production of documents during fact discovery.

b.    *Requests for Admission*. Each party may be served with up to 25 Requests for Admission, not including requests for admission of authenticity of documents, during class discovery, and each party may be served with up to 25 requests for admission, not including requests for admission of authenticity of documents, during fact discovery.

c.    *Interrogatories*. Each party may be served with up to 25 interrogatories during class discovery, and each party may be served with up to 25 interrogatories during fact discovery.

d.    *Depositions*.

i.    Number of depositions. Plaintiffs, collectively, and Vertol each may depose up to 10 individuals or entities during class discovery and up to another 10 individuals or entities during merits discovery, not including experts.

ii.    Duration. The limitation on duration of a deposition under the Federal Rules of Civil Procedure governs, except that the limit of any deposition that requires a translator will be extended by 5 hours.

e.    Any party may later move to modify these limitations for good cause.

11.    **Third Party Discovery**.

a.      A party who serves a subpoena in this matter on a non-party shall provide a copy of the subpoena and all attachments thereto to the other party as required under Fed. R. Civ. P. 45(a)(4).

b.      A party who receives documents from a third party pursuant to a subpoena will reproduce those documents to the other party within 5 business days. Where reproduction of documents within 5 business days is not possible, the party who received the documents will provide prompt notice to the other party and will work in good faith to resolve the issue on a case-by-case basis.

c.      A party scheduling the deposition of a third party shall promptly notify the parties of the date and location of the deposition and shall schedule any deposition of the third party no earlier than 10 days after the party scheduling the deposition provides the copies of any documents received from that third party.

_____

Allison D. Burroughs
United States District Judge