**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ALIANZA AMERICAS, YANET DOE, PABLO DOE, and JESUS DOE, on behalf of themselves and all others similarly situated,<br><br>     Plaintiffs,<br><br>          v.<br><br>VERTOL SYSTEMS COMPANY, INC.,<br><br>     Defendant. | Civil Action No.: 1:22-cv-11550-ADB |

## ANSWER TO SECOND AMENDED CLASS ACTION COMPLAINT

Defendant Vertol Systems Company, Inc. ("Vertol"), by and through its attorneys, submits its Answer and Affirmative Defenses to the Second Amended Class Action Complaint (the "Second Amended Complaint") filed by Plaintiffs Alianza Americas ("Alianza Americas") and Yanet Doe, Pablo Doe, and Jesus Doe (collectively, the "Individual Plaintiffs") on behalf of themselves and others similarly situated (the "Putative Class Members"), as follows. To the extent not expressly admitted herein, Vertol denies each and every other allegation, express or implied, contained in the Second Amended Complaint.

### RESPONSE TO "INTRODUCTION"[1]

1.     Vertol states that Paragraph 1 of the Second Amended Complaint is introductory in nature and does not require a response from Vertol. To the extent a response is required, Vertol admits that the Individual Plaintiffs and Putative Class Members were provided a flight on

---

[1] The Federal Rules of Civil Procedure do not require Vertol to respond to any allegations made in headings and subheadings provided in the Second Amended Complaint. To the extent that a response is required, Vertol denies the allegations contained in each and every heading and subheading in the Second Amended Complaint.

a privately chartered airplane from San Antonio, Texas, to Martha's Vineyard in Massachusetts. Vertol denies the remaining allegations in Paragraph 1 of the Second Amended Complaint.

2.      Vertol states that Paragraph 2 of the Second Amended Complaint is introductory in nature and does not require a response from Vertol.  To the extent a response is required, Vertol admits that the Individual Plaintiffs and Putative Class Members arrived in Martha's Vineyard.  Vertol denies the remaining allegations set forth in Paragraph 2 of the Second Amended Complaint.  Stating further, Vertol denies that the Individual Plaintiffs or the Putative Class Members were promised that they would be transported to any specific location in Massachusetts or that the Individual Plaintiffs or Putative Class Members would be welcomed upon arrival to any such destination with job offers and other resources.  Additionally, Vertol denies that it authorized Perla Huerta ("Ms. Huerta"), an independent contractor for Vertol, to inform the Individual Plaintiffs or the Putative Class Members that they would be transported to Boston or any other large city in the Northeast, or that Vertol authorized Ms. Huerta to promise the Individual Plaintiffs or Putative Class Members job offers or other resources.

3.      Vertol states that Paragraph 3 of the Second Amended Complaint is introductory in nature and does not require a response from Vertol.  To the extent a response is required, Vertol denies the allegations set forth in Paragraph 3 of the Second Amended Complaint.

4.      Vertol states that Paragraph 4 of the Second Amended Complaint is introductory in nature and does not require a response from Vertol.  To the extent a response is required, Vertol denies the allegations set forth in Paragraph 4 of the Second Amended Complaint.

5.      Vertol states that Paragraph 5 of the Second Amended Complaint is introductory in nature and does not require a response from Vertol.  To the extent a response is required, Vertol denies the allegations set forth in Paragraph 5 of the Second Amended Complaint.

6.     Vertol states that Paragraph 6 of the Second Amended Complaint is introductory in nature and does not require a response from Vertol.  To the extent a response is required, Vertol denies the allegations set forth in Paragraph 6 of the Second Amended Complaint.

7.     Vertol states that Paragraph 7 of the Second Amended Complaint is introductory in nature and does not require a response from Vertol.  To the extent a response is required, the allegations set forth in Paragraph 7 of the Second Amended Complaint purport to quote or characterize news media reporting on press conference remarks delivered by Florida governor Ronald D. DeSantis ("Governor DeSantis"), and Vertol denies those allegations to the extent that they inaccurately or incompletely quote or characterize that source of information.  Furthermore, Footnote 3 of the Second Amended Complaint sets forth a conclusion of law, to which no response is required, concerning the accepted meaning and appropriateness of the terms "illegal immigrants," "sanctuary jurisdiction," "sanctuary state," and "sanctuary city."  To the extent a response is required, Vertol denies the allegations set forth in Footnote 3.

8.     Vertol states that Paragraph 8 of the Second Amended Complaint is introductory in nature and does not require a response from Vertol.  To the extent a response is required, Vertol denies the allegations set forth in Paragraph 8 of the Second Amended Complaint.

9.     Vertol states that Paragraph 9 of the Second Amended Complaint is introductory in nature and does not require a response from Vertol.  To the extent a response is required, Vertol denies the allegations set forth in Paragraph 9 of the Second Amended Complaint.

## RESPONSE TO "JURISDICTION AND VENUE"

10.     Vertol states that Paragraph 10 of the Second Amended Complaint sets forth a conclusion of law to which no response is required.  To the extent a response is required, Vertol denies the allegations set forth in Paragraph 10 of the Second Amended Complaint.

11.    Vertol states that Paragraph 11 of the Second Amended Complaint sets forth a conclusion of law to which no response is required.  To the extent a response is required, Vertol denies the allegations set forth in Paragraph 11 of the Second Amended Complaint.

12.    Vertol states that Paragraph 12 of the Second Amended Complaint sets forth a conclusion of law to which no response is required.  To the extent a response is required, Vertol denies the allegations set forth in Paragraph 12 of the Second Amended Complaint.

### RESPONSE TO "PARTIES"

### Response to "Plaintiffs"

13.    Vertol does not have information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13 of the Second Amended Complaint.  To the extent a response is required, Vertol denies the allegations set forth in Paragraph 13 of the Second Amended Complaint.

14.    Vertol does not have information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 of the Second Amended Complaint.  To the extent a response is required, Vertol denies the allegations set forth in Paragraph 14 of the Second Amended Complaint.

15.    Vertol does not have information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15 of the Second Amended Complaint.  To the extent a response is required, Vertol denies the allegations set forth in Paragraph 15 of the Second Amended Complaint.

16.    Vertol does not have information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 of the Second Amended Complaint.  To the extent a

response is required, Vertol denies the allegations set forth in Paragraph 16 of the Second
Amended Complaint.

17.    Vertol does not have information sufficient to form a belief as to the truth of the
allegations set forth in Paragraph 17 of the Second Amended Complaint.   To the extent a
response is required, Vertol denies the allegations set forth in Paragraph 17 of the Second
Amended Complaint.

### Response to "Defendants"

18.    Vertol states that no response is required as to the allegations set forth in
Paragraph 18 of the Second Amended Complaint because Governor DeSantis has been dismissed
from this action.  *See* Mem. & Order, ECF No. 181.  To the extent a response is required, Vertol
admits the allegations set forth in Paragraph 18 of the Second Amended Complaint.

19.    Vertol states that no response is required as to the allegations set forth in
Paragraph 19 of the Second Amended Complaint because Lawrence A. Keefe ("Mr. Keefe") has
been dismissed from this action.  *See id*.  To the extent a response is required, Vertol admits that
Mr. Keefe was the Public Safety Czar for the State of Florida, but Vertol lacks information
sufficient to form a belief about the exact nature and responsibilities of his role and, therefore,
denies those allegations.

20.    Vertol states that no response is required to the allegations set forth in Paragraph
20 of the Second Amended Complaint because James Uthmeier ("Mr. Uthmeier") has been
dismissed from this action.  *See id.*  To the extent a response is required, Vertol admits that Mr.
Uthmeier was chief of staff to Governor DeSantis and also served as his campaign manager.
Vertol lacks information sufficient to form a belief about the exact nature and responsibilities of

Mr. Uthmeier's role as Governor DeSantis's chief of staff and, therefore, denies those allegations.

21.    Vertol states that no response is required to the allegations set forth in Paragraph 21 of the Second Amended Complaint because Ms. Huerta has been dismissed from this action. *See id.*  To the extent a response is required, Vertol denies the allegations set forth in Paragraph 21 of the Second Amended Complaint.

22.    Vertol admits the allegations set forth in Paragraph 22 of the Second Amended Complaint.

23.    Vertol states that no response is required to the allegations set forth in Paragraph 23 of the Second Amended Complaint because Mr. Montgomerie has been dismissed from this action.  *See id.*  To the extent that a response is required, Vertol admits the allegations contained in the first two sentences of Paragraph 23.  Additionally, to the extent a response is required, Vertol states that the allegations set forth in the third and final sentence of Paragraph 23 of the Second Amended Complaint purport to quote an article published in the *New York Times* and Vertol denies those allegations to the extent that they inaccurately or incompletely characterize that source.

### RESPONSE TO "FACTS"

### Response to "Defendant DeSantis Uses Immigration Relocation as a Political Stunt to Elevate His National Profile"

24.    Vertol admits that the governors of Texas and Arizona provided migrants with bus transportation to other destinations but denies that these destinations were located solely in the eastern United States. Vertol lacks information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 24 of the Second Amended Complaint and, therefore, denies these allegations.  To the extent that these allegations purport to quote or

characterize news media cited in Paragraph 24 of the Second Amended Complaint, Vertol denies those allegations to the extent that they inaccurately or incompletely quote or characterize those sources of information.

25.    Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 25 and, therefore, denies these allegations.  To the extent that these allegations purport to quote or characterize news media cited in Paragraph 25 of the Second Amended Complaint, Vertol denies those allegations to the extent that they inaccurately or incompletely quote or characterize the sources of information.

26.    Vertol admits that Governor DeSantis sought nomination as a candidate for President of the United States.  Vertol lacks information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 26 of the Second Amended Complaint and, therefore, denies these allegations.  To the extent that these allegations purport to characterize news media cited in this paragraph, Vertol denies those allegations to the extent that they inaccurately or incompletely characterize those sources of information.

27.    Vertol admits that Florida does not share a land border with Mexico.  Vertol lacks information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 27 of the Second Amended Complaint and, therefore, denies these allegations.  To the extent that these allegations purport to quote or characterize news media cited in this paragraph, Vertol denies those allegations to the extent that they inaccurately or incompletely quote or characterize those sources of information.

28.    Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 28 of the Second Amended Complaint and, therefore, denies these allegations.  To the extent that these allegations purport to quote or characterize news

media cited in this paragraph, Vertol denies those allegations to the extent that they inaccurately or incompletely quote or characterize those sources.

29.     Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 29 of the Second Amended Complaint and, therefore, denies these allegations.  To the extent that these allegations purport to quote or characterize news media cited in this paragraph, Vertol denies those allegations to the extent that they inaccurately or incompletely quote or characterize those sources of information.

30.     Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 30 of the Second Amended Complaint and, therefore, denies these allegations.  To the extent that these allegations purport to quote or characterize facts or quote statements set forth in news media cited in this paragraph, Vertol denies those allegations to the extent that they inaccurately or incompletely quote or characterize those sources of information.

31.     To the extent that the allegations set forth in Paragraph 31 of the Second Amended Complaint purport to characterize lawful appropriations made by the Florida legislature, the provisions of any such appropriations bill speak for themselves, and any characterization of these provisions is a conclusion of law to which no response is required.  To the extent a response is required, Vertol denies the allegations set forth in Paragraph 31 of the Second Amended Complaint.

32.     Paragraph 32 of the Second Amended Complaint sets forth a conclusion of law to which no response is required.  To the extent a response is required, Vertol admits these allegations.

33.     To the extent that the allegations set forth in Paragraph 33 of the Second Amended Complaint purport to quote Section 185 of the General Appropriations Act, these provisions speak for themselves, and any characterization of these provisions is a conclusion of law to which no response is required and is, therefore, deemed denied.  Footnote 22 of the Second Amended Complaint sets forth a legal conclusion concerning the effect of SB 6-B, which does not require a response.  To the extent a response is required, the allegation is denied.

34.     Vertol lacks information sufficient to form a belief as to the source of funding for Florida's Relocation Program and whether $350 billion in aid has been provided to state, local, and tribal governments and, therefore, denies these allegations.  The remaining allegations in Paragraph 34 of the Second Amended Complaint are conclusions of law concerning the American Rescue Plan Act to which no response is required and are deemed denied.

35.     Vertol lacks information sufficient to form a belief as to the allegations set forth in Paragraph 35 of the Second Amended Complaint and, therefore, denies these allegations.

36.     Vertol lacks information sufficient to form a belief as to the allegations set forth in Paragraph 36 of the Second Amended Complaint and, therefore, denies these allegations.  To the extent that the second sentence of Paragraph 36 purports to quote or characterize another source of information, Vertol denies these allegations to the extent that they inaccurately or incompletely quote or characterize that source.

### Response to "FDOT Awards the Relocation Program Contract to Defendant Vertol"

37.     Vertol admits the allegations set forth in Paragraph 37 of the Second Amended Complaint.

38.     Paragraph 38 of the Second Amended Complaint purports to quote from a request for proposal issued by the Florida Department of Transportation ("FDOT").  Vertol denies these

allegations to the extent that they inaccurately or incompletely characterize or quote the contents of the request for proposal.

39.     Paragraph 39 of the Second Amended Complaint purports to characterize government contract guidelines issued by the State of Florida and/or FDOT.  Vertol denies these allegations to the extent that they inaccurately or incompletely characterize the guidelines referenced in this paragraph.

40.     Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 40 of the Second Amended Complaint and, therefore, denies these allegations.  To the extent that Paragraph 40 purports to quote any source of information, Vertol denies these allegations to the extent that they inaccurately or incompletely characterize that source.

41.     Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 41 of the Second Amended Complaint and, therefore, denies these allegations.  To the extent that Paragraph 41 purports to quote any source of information, Vertol denies these allegations to the extent that they inaccurately or incompletely quote or characterize that source.

42.     Vertol admits the allegations set forth in Paragraph 42 of the Second Amended Complaint, except that it denies that Paul Baker's position is titled "Commodities and Contractual Services Administrator."

43.     Vertol admits the allegations set forth in the first two sentences of Paragraph 43 of the Second Amended Complaint, except that it denies the characterization that Mr. Keefe and Mr. Montgomerie were in "regular" contact.  The remaining allegations set forth in Paragraph 43 purport to quote from screenshots of text messages between Mr. Keefe and Mr. Montgomerie.

Vertol denies these allegations to the extent that they inaccurately or incompletely quote this source of information.

44.     The allegations set forth in Paragraph 44 of the Second Amended Complaint purports to quote and characterize an email sent by Mr. Keefe to Mr. Montgomerie.  Vertol denies the allegations set forth in Paragraph 44 of the Second Amended Complaint to the extent that these allegations inaccurately or incompletely quote or characterize this source of information.

45.     The allegations set forth in Paragraph 45 of the Second Amended Complaint purport to quote and characterize an email sent by Mr. Keefe to Mr. Montgomerie.  Vertol denies the allegations set forth in Paragraph 45 of the Second Amended Complaint to the extent that these allegations inaccurately or incompletely quote or characterize this source of information.

46.     The allegations set forth in Paragraph 46 of the Second Amended Complaint purport to quote and characterize a text message sent by Mr. Keefe to Mr. Montgomerie.  Vertol denies the allegations set forth in Paragraph 46 of the Second Amended Complaint to the extent that these allegations inaccurately or incompletely quote or characterize this source of information.

47.     The allegations set forth in Paragraph 47 of the Second Amended Complaint purport to quote and characterize an email sent by Mr. Keefe to Mr. Montgomerie.  Vertol denies the allegations set forth in Paragraph 47 of the Second Amended Complaint to the extent that these allegations inaccurately or incompletely quote or characterize this source of information.

48.     The allegations set forth in Paragraph 48 of the Second Amended Complaint purport to quote and characterize an email sent by Mr. Keefe to Mr. Montgomerie.  Vertol denies

the allegations set forth in Paragraph 48 of the Second Amended Complaint to the extent that these allegations inaccurately or incompletely quote or characterize this source of information.

49.    Vertol denies that Mr. Keefe texted and called Mr. Montgomerie on September 1, 2022.  Vertol further denies Plaintiffs' characterization that Mr. Keefe was "shepherd[ing]" Vertol through the bidding process.  The remaining allegations set forth in Paragraph 49 of the Second Amended Complaint purport to characterize or quote text messages depicted in a screenshot contained within the Second Amended Complaint.  Vertol denies these allegations to the extent that they inaccurately or incompletely characterize or quote the conversation between Mr. Montgomerie and Mr. Keefe.

50.    The allegations set forth in Paragraph 50 of the Second Amended Complaint purport to quote a proposal submitted by Vertol to FDOT on August 2, 2022.  Vertol denies these allegations to the extent that they inaccurately or incompletely characterize or quote the information contained in that proposal.

51.    The allegations set forth in Paragraph 51 of the Second Amended Complaint purport to quote and characterize a proposal submitted by Vertol to FDOT on August 2, 2022.  Vertol denies these allegations to the extent that they inaccurately or incompletely characterize or quote the information contained in that proposal.

52.    Vertol admits that it submitted a revised proposal to FDOT on September 2, 2022.  The remaining allegations set forth in Paragraph 52 of the Second Amended Complaint purport to quote the September 2, 2022 proposal.  Vertol denies these allegations to the extent that they inaccurately or incompletely characterize or quote the information contained in that proposal.

53.    Vertol lacks information sufficient to form a belief as to the number of times that Mr. Keefe called Mr. Montgomerie on the day the proposal was submitted and, therefore, denies

these allegations, but admits that Mr. Keefe and Mr. Montgomerie spoke on the phone that day. The remaining allegations set forth in Paragraph 53 of the Second Amended Complaint purport to quote a text message sent by Mr. Montgomerie to Mr. Keefe. Vertol denies this allegation to the extent that it incompletely or inaccurately characterizes this source of information.

54.    The allegations set forth in Paragraph 54 of the Second Amended Complaint purport to quote and characterize a proposal submitted by Vertol to FDOT on September 2, 2022. Vertol denies these allegations to the extent that they inaccurately or incompletely characterize or quote the information contained in that proposal.

55.    The allegations set forth in Paragraph 55 of the Second Amended Complaint purport to quote documents that were obtained from FDOT and referenced in a news article. Vertol denies these allegations to the extent that they inaccurately or incompletely quote or characterize those sources of information.

56.    The allegations set forth in Paragraph 56 of the Second Amended Complaint purport to quote text messages exchanged between Mr. Keefe and Mr. Montgomerie. Vertol denies these allegations to the extent that they inaccurately or incompletely quote or characterize these sources of information. Vertol admits that Mr. Montgomerie, Mr. Keefe, and Ms. Huerta met on or around September 5 through 7, 2022.

57.    The allegations set forth in Paragraph 57 of the Second Amended Complaint purport to quote a proposal submitted by Vertol on September 6, 2022. Vertol denies these allegations to the extent that they inaccurately or incompletely characterize or quote the information contained in that proposal.

58.    Vertol admits that it was paid $615,000 by FDOT on or around September 8, 2022. Vertol lacks information sufficient to form a belief as to the truth of the remaining

allegations contained in this paragraph, including the allegations contained in Footnote 24, and therefore denies these allegations.

59.     Vertol admits that it was paid $950,000 by FDOT on or around September 19, 2022.  Vertol lacks information sufficient to form a belief as to the remaining allegations in this paragraph and, therefore, denies these allegations.

60.     Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 60 of the Second Amended Complaint and, therefore, denies them.

61.     Vertol admits the allegations contained in the first sentence of Paragraph 61 of the Second Amended Complaint.  Vertol admits that it engaged Ms. Huerta as an independent contractor to help Vertol coordinate with immigrants who chose to fly to Massachusetts and provided meals and lodging for the Individual Plaintiffs and the Putative Class Members.  Vertol denies the remaining allegations set forth in Paragraph 61 of the Second Amended Complaint.

### Response to "Defendants Deceive Recent Immigrants in Texas into Accepting Transportation"

62.     Vertol admits that it was secured as a government contractor in late summer 2022. Vertol lacks information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 62 of the Second Amended Complaint and, therefore, denies them. Additionally, several allegations set forth in Paragraph 62 appear to quote a news article or other sources of information, which allegations Vertol denies to the extent that they inaccurately or incompletely characterize or quote those sources of information.

63.     Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 63 of the Second Amended Complaint and, therefore, denies them.

64.    Vertol admits that its employees and independent contractor traveled to San Antonio, Texas to execute its contract with FDOT.  Vertol further admits that some of the other now-dismissed defendants or their representatives also visited San Antonio, Texas.  Vertol denies the remaining allegations set forth in Paragraph 64 of the Second Amended Complaint.

65.    Vertol denies the allegations in Paragraph 65 of the Second Amended Complaint to the extent that it implies that Ms. Huerta was, at this time, an employee at Vertol and to the extent that it purports to characterize Ms. Huerta's role and responsibilities with respect to the flights.  Vertol admits the remaining allegations in Paragraph 65 of the Second Amended Complaint.

66.    The allegations set forth in Paragraph 66 of the Second Amended Complaint purport to characterize messages sent between some combination of Mr. Keefe, Ms. Huerta, and Mr. Montgomerie.  Vertol denies the allegations set forth in Paragraph 66 of the Second Amended Complaint to the extent that they inaccurately or incompletely characterize these sources of information.

67.    Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 67 of the Second Amended Complaint and, therefore, denies them.  Furthermore, to the extent that certain allegations purport to quote or characterize a news article, Vertol denies these allegations to the extent that these allegations inaccurately or incompletely quote or characterize that source of information.  Stating further, Vertol's representatives communicated with Mr. Keefe and others to execute the contract, which communications were necessary and typical.

68.    Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 68 of the Second Amended Complaint and, therefore, denies

them.  Furthermore, to the extent that certain allegations purport to quote a news article, Vertol denies these allegations to the extent that these allegations inaccurately or incompletely characterize or quote that source of information.

69.    Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 69 of the Second Amended Complaint and, therefore, denies them.  Furthermore, to the extent that certain allegations purport to quote or characterize a text message reproduced in the Second Amended Complaint, Vertol denies these allegations to the extent that these allegations inaccurately or incompletely characterize or quote that source of information.

70.    Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 70 of the Second Amended Complaint and, therefore, denies them.  Furthermore, to the extent that certain allegations purport to quote Ms. Huerta, Vertol denies these allegations to the extent that these allegations inaccurately or incompletely characterize or quote the text messages referenced therein.

71.    Vertol admits the allegations set forth in Paragraph 71 of the Second Amended Complaint, except that Vertol denies the characterization of Mr. Montgomerie's and Mr. Keefe's communications as "frequent."

72.    Vertol admits the allegations set forth in Paragraph 72 of the Second Amended Complaint.  Stating further, all communications and interactions between Mr. Keefe and Mr. Montgomerie were necessary to execute the contract between Vertol and FDOT.

73.    Vertol admits that Ms. Huerta, a Spanish speaker, interacted with immigrants in San Antonio, Texas, to ask if they would like to fly to Massachusetts or another sanctuary state.

Vertol lacks information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 73 of the Second Amended Complaint and, therefore, denies them.

74.    Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 74 of the Second Amended Complaint and, therefore, denies them.

75.    Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 75 of the Second Amended Complaint and, therefore, denies them.  Stating further, Vertol did not instruct Ms. Huerta to conceal the source of funding for the flights to Martha's Vineyard.

76.    Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 76 of the Second Amended Complaint and, therefore, denies them.

77.    Vertol admits that there are substantial numbers of immigrants of all racial, ethnic, and national backgrounds in the United States.  However, all of the immigrants who lacked food, money, and shelter that Vertol's representatives or Ms. Huerta encountered in San Antonio, Texas, were Latino asylum-seekers.   Vertol denies the remaining allegations set forth in Paragraph 77 of the Second Amended Complaint.

78.    Vertol admits that the Individual Plaintiffs and the Putative Class Members were located outside of the Migrant Resource Center in San Antonio, Texas; that immigrants were typically allowed to stay at the Migrant Resource Center for approximately three days because the center was overwhelmed with immigrants seeking care; and that immigrants like the Individual Plaintiffs and Putative Class Members were in need of help.  Stating further, Vertol

denies that it directed its representatives or Ms. Huerta to identify immigrants who were willing to participate in the flights based on their race, ethnicity, or nationality.

79.     Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 79 of the Second Amended Complaint and, therefore, denies these allegations.

80.     Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 80 of the Second Amended Complaint and, therefore, denies these allegations.

81.     Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 81 of the Second Amended Complaint and, therefore, denies these allegations.

82.     Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 82 of the Second Amended Complaint and, therefore, denies these allegations.

83.     Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 83 of the Second Amended Complaint and, therefore, denies these allegations.

84.     Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 84 of the Second Amended Complaint and, therefore, denies these allegations.  Stating further, Vertol did not direct Ms. Huerta to conceal the existence of its contract with FDOT or its source of funding, nor did Vertol or Ms. Huerta have any obligation to disclose its source of funding.

85.     Vertol admits that arrangements were made to provide short-term housing, as well as food and other resources, to the Individual Plaintiffs and Putative Class Members who agreed to participate in the flights while they waited for the flights to occur.  Vertol denies the remaining allegations set forth in Paragraph 85 of the Second Amended Complaint.  Furthermore, to the extent that the Individual Plaintiffs and Putative Class Members accepted an offer to stay at the hotel during the days leading up to the flights, Vertol states that their choice was, at all times, voluntary.

86.     Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 86 of the Second Amended Complaint and, therefore, denies these allegations.

87.     Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 87 of the Second Amended Complaint and, therefore, denies these allegations.

88.     Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 88 of the Second Amended Complaint and, therefore, denies these allegations.

89.     Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 89 of the Second Amended Complaint and, therefore, denies these allegations.

90.     Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 90 of the Second Amended Complaint and, therefore, denies these allegations.

91.     Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 91 of the Second Amended Complaint and, therefore, denies these allegations.

92.     Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 92 of the Second Amended Complaint and, therefore, denies these allegations.

93.     Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 93 of the Second Amended Complaint and, therefore, denies these allegations.

94.     Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 94 of the Second Amended Complaint and, therefore, denies these allegations.

95.     Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 95 of the Second Amended Complaint and, therefore, denies these allegations.

96.     Vertol lacks information sufficient to form a belief as to the allegations set forth in Paragraph 96 of the Second Amended Complaint and, therefore, denies these allegations.

97.     Vertol denies the allegation that Plaintiff Jesus Doe accepted an offer "to travel to a northern city." Stating further, Plaintiffs did not allege that Ms. Huerta made any such offer. Instead, Plaintiffs allege that Ms. Huerta offered to get Plaintiff Jesus Doe "on a plane to Washington, Oregon, or Massachusetts" in Paragraph 96 of the Second Amended Complaint. Vertol lacks information sufficient to form a belief as to the remaining allegations set forth in Paragraph 97 of the Second Amended Complaint and, therefore, denies these allegations.

98.     Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 98 of the Second Amended Complaint and, therefore, denies these allegations.

99.     Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 99 of the Second Amended Complaint and, therefore, denies these allegations.

100.     Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 100 of the Second Amended Complaint and, therefore, denies these allegations. To the extent that the allegations set forth in Paragraph 100 of the Second Amended Complaint purport to quote or characterize a *New York Times* article, Vertol denies these allegations to the extent that they incompletely quote or characterize the contents of this source of information.

101.     Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 101 of the Second Amended Complaint and, therefore, denies these allegations.  To the extent that the allegations set forth in Paragraph 101 of the Second Amended Complaint purport to quote or characterize a *New York Times* article, Vertol denies these allegations to the extent that they incompletely quote or characterize the contents of this source of information.

102.     Vertol admits that all immigrants that boarded the flights in San Antonio, Texas were present in Texas when they agreed to board the flights.  Vertol denies the remaining allegations set forth in Paragraph 102 of the Second Amended Complaint.

103.     Vertol admits that none of the Individual Plaintiffs or Putative Class Members were located in Florida when they agreed to board the flights.  Vertol lacks information sufficient

to form a belief as to the truth of Plaintiffs' allegations that the Putative Class Members had never set foot in Florida previously and, therefore, denies these allegations.

**Response to "Defendants Prepare the Flights to Martha's Vineyard**

104.   Vertol denies the allegations set forth in Paragraph 104 of the Second Amended Complaint to the extent they purport to characterize Ms. Huerta's role, responsibilities, and actions.  Vertol admits that it was completing flight preparations while Ms. Huerta was asking immigrants if they would agree to board the flights and while Ms. Huerta was coordinating the provision of other resources to the Individual Plaintiffs and Putative Class Members.

105.   Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 105 of the Second Amended Complaint and, therefore, denies these allegations.  To the extent that Paragraph 105 purports to quote text messages between Mr. Keefe and Mr. Uthmeier, Vertol denies these allegations to the extent that they inaccurately or incompletely quote those text messages.

106.   Vertol admits that Texas officials were involved in flight preparations.  To the extent that Paragraph 106 purports to quote text messages between Mr. Keefe and Mr. Uthmeier, Vertol denies these allegations to the extent that they inaccurately or incompletely quote those text messages. Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 106 of the Second Amended Complaint and, therefore, denies these allegations.

107.   Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 107 of the Second Amended Complaint and, therefore, denies these allegations.  To the extent that Paragraph 107 purports to quote text messages between Mr.

Uthmeier and Luis Saenz, Vertol denies these allegations to the extent that they inaccurately or incompletely quote those text messages.

108.    Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 108 of the Second Amended Complaint and, therefore, denies these allegations.  To the extent that Paragraph 108 purports to quote text messages between Mr. Keefe and Mr. Uthmeier, Vertol denies these allegations to the extent that they inaccurately or incompletely quote those text messages.

109.    Vertol lacks information sufficient to form a belief as to the truth of the allegation that Mr. Keefe returned to Florida on or around September 7, 2022 and, therefore, denies this allegation.  Vertol denies the remaining allegations set forth in Paragraph 109 to the extent that it incorrectly or incompletely quotes and characterizes the text messages screenshotted in the Second Amended Complaint.

110.    Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 110 of the Second Amended Complaint and, therefore, denies these allegations.  To the extent that Paragraph 110 purports to quote text messages exchanged between Mr. Keefe and Mr. Uthmeier, Vertol denies these allegations to the extent that they inaccurately or incompletely quote those text messages.

111.    Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 111 of the Second Amended Complaint and, therefore, denies these allegations.  To the extent that Paragraph 111 of the Second Amended Complaint purports to quote a news article quoting an address by Governor DeSantis, Vertol denies these allegations to the extent that they inaccurately or incompletely quote or characterize Governor DeSantis's comments.

112.    Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 112 and, therefore, denies these allegations.

113.    Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 113 of the Second Amended Complaint and, therefore, denies these allegations.  To the extent that Paragraph 113 of the Second Amended Complaint purports to quote text messages exchanged between Mr. Keefe and Mr. Uthmeier, Vertol denies these allegations to the extent that they inaccurately or incompletely quote those text messages.

114.    Vertol denies the allegations set forth in Paragraph 114 of the Second Amended Complaint to the extent that they inaccurately or incompletely quote the text messages exchanged between Mr. Keefe and Mr. Montgomerie.

115.    Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 115 of the Second Amended Complaint and, therefore, denies these allegations.  To the extent that Paragraph 115 of the Second Amended Complaint purports to quote text messages exchanged between Mr. Keefe and Mr. Uthmeier, Vertol denies these allegations to the extent that they inaccurately or incompletely quote those text messages.

116.    Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 116 of the Second Amended Complaint and, therefore, denies these allegations.  To the extent that Paragraph 116 purports to quote text messages exchanged between Mr. Keefe and Mr. Uthmeier, and Ms. Huerta and Mr. Keefe, Vertol denies these allegations to the extent that they inaccurately or incompletely quote those text messages.

117.    Vertol admits the allegations set forth in Paragraph 117 of the Second Amended Complaint.

118.     Vertol admits the allegations set forth in Paragraph 118 of the Second Amended Complaint, except that it denies that Vertol's chief executive officer was involved because Vertol does not have a chief executive officer.

119.     Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 119 of the Second Amended Complaint and, therefore, denies these allegations.  To the extent that Paragraph 119 purports to quote or characterize text messages between Mr. Keefe and Mr. Uthmeier, Vertol denies these allegations to the extent that they inaccurately or incompletely quote those text messages.

120.     Vertol admits that it was aware that the State of Florida and/or FDOT was paying for the flights.  Vertol denies awareness of the remaining allegations set forth in Paragraph 120 of the Second Amended Complaint.  Vertol lacks information sufficient to form a belief as to the other former defendants' awareness of these allegations and, therefore, denies these allegations.

121.     Vertol denies the allegations set forth in Paragraph 121 of the Second Amended Complaint with respect to its own awareness.  Vertol lacks information sufficient to form a belief as to the truth of the allegations concerning the other defendants' awareness and, therefore, denies these allegations.

**Response to "Class Plaintiffs Are Unwittingly Flown to Martha's Vineyard"**

122.     Vertol lacks information sufficient to form a belief as to the truth of the allegations concerning the exact time when Ms. Huerta supplied the Individual Plaintiffs and Putative Class Members with the consent forms or whether Ms. Huerta explained the contents of the document, which was written in English and Spanish and, therefore, denies these allegations. Vertol admits that the Individual Plaintiff and Putative Class Members signed the consent forms and were provided with a gift card to obtain food while they waited to board the airplanes.

Stating further, Vertol provided Putative Class Members with food, beds, hot showers, and in some instances provided clothing and arranged for the migrants to get haircuts while they waited for their flights.  Vertol denies that any Individual Plaintiffs or Putative Class Members were induced to sign the Official Consent to Transport form.

123.    Vertol lacks information sufficient to form a belief as to the truth of the allegations concerning the nature of what Ms. Huerta said to Plaintiff Jesus Doe or whether Plaintiff Jesus Doe felt that he had an appropriate amount of time to read the document or felt induced to sign the document in exchange for food and, therefore, denies these allegations. Vertol denies that Plaintiff Jesus Doe was induced to sign the Official Consent to Transport form.

124.    Vertol admits that the Individual Plaintiffs and Putative Class Members were asked to sign a consent form substantially in the form as depicted in Paragraph 124 of the Second Amended Complaint.

125.    Vertol admits that the consent forms do not name the State of Florida as the source of funding for the flight to Martha's Vineyard.  Stating further, the Official Consent to Transport form was prepared based on a similar consent form utilized by the State of Texas. Vertol denies the allegation that the Official Consent to Transport form intentionally hid the State of Florida's role in funding the flight to Martha's Vineyard and denies that the flight solely advanced the interests of the defendants, including Vertol.

126.    Vertol admits that the Official Consent to Transport form specifies that the Individual Plaintiffs and the Putative Class Members would reach a "final destination of Massachusetts" but that it does not specify the exact location within Massachusetts.  Vertol denies that the Individual Plaintiffs and Putative Class Members did not consent to transport

through other jurisdictions because the Official Consent to Transport form includes a waiver of liability that applies "in locations outside of Texas until the final destination of Massachusetts."

127.    Vertol denies the allegations set forth in Paragraph 127 of the Second Amended Complaint.

128.    Vertol denies the allegations set forth in Paragraph 128 of the Second Amended Complaint to the extent that they characterize the Official Consent to Transport forms as illegitimate.  Vertol admits that Ms. Huerta arranged for shuttles to take members of the Putative Class, including Individual Plaintiffs, to the airport, where two chartered planes, provided by Vertol through funding provided by FDOT, awaited them.  Vertol admits that Ultimate Jet paid for fuel and landing fee charges.  Vertol denies that those payments were ultimately Vertol's responsibility.

129.    Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 129 of the Second Amended Complaint and, therefore, denies these allegations.

130.    Vertol lacks information sufficient to form a belief as to the truth of Plaintiff Yanet Doe's recollection or that videos depicted a uniformed officer leading a dog along the line of immigrants waiting to board the aircraft and, therefore, denies these allegations.  Vertol admits that government officials were present at the time of boarding.

131.    Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 131 of the Second Amended Complaint and, therefore, denies these allegations.

132.    Vertol admits that the Individual Plaintiffs and Putative Class Members boarded the flights.  Vertol lacks information sufficient to form a belief as to the remaining allegations set

forth in Paragraph 132 of the Second Amended Complaint and, therefore, denies these allegations.

133.    Vertol admits the allegations set forth in the first sentence of Paragraph 133 of the Second Amended Complaint, as well as that Ms. Huerta did not board the flights.  Vertol lacks information sufficient to form a belief as to the truth of the allegations that Ms. Huerta told Plaintiff Yanet Doe and other Putative Class Members that she would board the plane and, therefore, denies this allegation.

134.    Vertol lacks information sufficient to form a belief as to whether the *Miami Herald* obtained documents or that the State of Florida produced text messages showing that Mr. Keefe and Mr. Montgomerie boarded the flights and, therefore, denies these allegations.  Vertol admits that Mr. Keefe and Mr. Montgomerie boarded the flights.

135.    Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 135 of the Second Amended Complaint and, therefore, denies these allegations.  To the extent that these allegations purport to quote or characterize messages exchanged between Mr. Keefe and Mr. Uthmeier, Vertol denies these allegations to the extent that they inaccurately or incompletely quote or characterize those messages.

136.    Vertol admits the allegations set forth in Paragraph 136 of the Second Amended Complaint.

137.    Vertol denies the allegations set forth in Paragraph 137 of the Second Amended Complaint.  Stating further, Vertol operates its airplanes from an airport located in Crestview, Florida.

138.    Vertol admits the allegations set forth in Paragraph 138 of the Second Amended Complaint.

139.    Vertol denies that the Individual Plaintiffs and Putative Class Members were required to continue traveling on the flight.  Vertol admits the remaining allegations set forth in Paragraph 139 of the Second Amended Complaint.

140.    Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 140 of the Second Amended Complaint and, therefore, denies these allegations.

141.    Vertol admits the allegations set forth in the first sentence of Paragraph 141 of the Second Amended Complaint.  Vertol denies the allegations set forth in the second sentence of Paragraph 141 of the Second Amended Complaint.

142.    Vertol admits the allegations in Paragraph 142 of the Second Amended Complaint except that Vertol denies the allegation to the extent that it alleges, expressly or impliedly, that Vertol was responsible for preparing the document referenced therein.

143.    Vertol admits the allegations in Paragraph 143 of the Second Amended Complaint except that Vertol denies the allegation to the extent that it alleges, expressly or impliedly, that Vertol was responsible for preparing the document referenced therein.

144.    Vertol admits that the red folder contained a brochure entitled "Massachusetts Refugee / Massachusetts Beneficios para Refugiados."  Vertol denies the remaining allegations set forth in Paragraph 144 of the Second Amended Complaint to the extent that they inaccurately or incompletely characterize or quote the contents of the brochure and to the extent that it alleges, expressly or impliedly, that Vertol was responsible for preparing the document referenced therein.

145.    Vertol admits that the brochure was not prepared by a Massachusetts agency. Stating further, the brochure contains information that is provided on websites maintained by

Massachusetts governmental agencies.  Vertol denies the remaining allegations in Paragraph 145 of the Second Amended Complaint.

146.    Vertol admits that the brochure contained the images specified in Paragraph 146 of the Second Amended Complaint.  Vertol denies the remaining allegations set forth in Paragraph 146 of the Second Amended Complaint.

147.    Vertol lacks information sufficient to form a belief as to the truth of the allegations concerning the Individual Plaintiffs' or Putative Class Members' eligibility for the programs referenced in the brochure and, therefore, denies these allegations.  Vertol admits that the brochure does not display the official Massachusetts flag.  Vertol denies the remaining allegations set forth in Paragraph 147 of the Second Amended Complaint.

148.    Vertol lacks information sufficient to form a belief as to the nature of Ms. Huerta's conversations with the Individual Plaintiffs and Putative Class Members and, therefore, denies these allegations.  Vertol denies that it authorized Ms. Huerta to promise the Individual Plaintiffs or Putative Class Members that they would receive support once they reached their destination in Massachusetts.  Vertol furthermore denies the language purporting to quote the brochure to the extent that it inaccurately or incompletely quotes or characterizes the source.

149.    Vertol admits the allegations set forth in the first sentence of Paragraph 149 of the Second Amended Complaint.  Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in the second sentence of Paragraph 149 of the Second Amended Complaint and, therefore, denies these allegations.

150.    Vertol admits the allegations set forth in Paragraph 150 of the Second Amended Complaint.

151.    Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 151 of the Second Amended Complaint and, therefore, denies these allegations.

152.    Vertol lacks information sufficient to form a belief as to the allegations in the first sentence of Paragraph 152 of the Second Amended Complaint and, therefore, denies these allegations.  Vertol denies the allegations set forth in the second sentence of Paragraph 152 of the Second Amended Complaint because Plaintiff Jesus Doe does not allege that Ms. Huerta suggested he would be flown to Boston.  Instead, Plaintiff Jesus Doe alleges in Paragraph 96 of the Second Amended Complaint that Ms. Huerta "told Plaintiff Jesus Doe that she could get him on a plane to Washington, Oregon, or Massachusetts."

153.    Vertol denies the allegations set forth in Paragraph 153 of the Second Amended Complaint.  Stating further, the Individual Plaintiffs and Putative Class Members signed the Official Consent to Transport form and agreed to be transported to Massachusetts, without regard to the specific destination within the Commonwealth.

### Response to "Class Plaintiffs Arrive in Martha's Vineyard Where No One is Expecting Them"

154.    Vertol admits the allegations set forth in Paragraph 154 of the Second Amended Complaint.

155.    Vertol denies the allegations in the first sentence of Paragraph 155 of the Second Amended Complaint.  Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in the remaining sentences of Paragraph 155 of the Second Amended Complaint and, therefore, denies these allegations.  To the extent that the last sentence purports to characterize or quote news media, Vertol denies those allegations to the extent that they incorrectly or incompletely characterize that source of information.

156.    Vertol admits that the Individual Plaintiffs and the Putative Class Members were deplaned, asked to board vans, and transported to a local community center.  Vertol denies that it paid for the vans or that it was contractually obligated to pay for the vans.  Vertol lacks information sufficient to form a belief as to the truth of the allegations concerning whether the still photo is derived from the specified source and, therefore, denies these allegations.

157.    Vertol denies the allegations that it or Mr. Montgomerie intended any videos to be broadcast by Massachusetts media companies.  Vertol lacks information sufficient to form a belief as to the intent of the other now-dismissed defendants and, therefore, denies those allegations.

158.    Vertol admits the allegations set forth in Paragraph 158 of the Second Amended Complaint.

159.    Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 159 of the Second Amended Complaint and, therefore, denies the allegations.  To the extent that Paragraph 159 purports to quote or characterize statements published in a news article, Vertol denies these allegations to the extent that they inaccurately or incompletely characterize or quote the cited source.

160.    Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 160 of the Second Amended Complaint and, therefore, denies the allegations.  To the extent that Paragraph 160 purports to quote or characterize news media, Vertol denies these allegations to the extent that they inaccurately or incompletely characterize or quote the cited source.

161.    Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 161 of the Second Amended Complaint and, therefore, denies

these allegations.  To the extent that Paragraph 161 purports to quote or characterize news media, Vertol denies these allegations to the extent that they inaccurately or incompletely quote or characterize the cited source.

162.    Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 162 of the Second Amended Complaint and, therefore, denies these allegations.  To the extent that Paragraph 162 purports to quote or characterize news media, Vertol denies these allegations to the extent that they inaccurately or incompletely quote or characterize the cited source.

163.    Vertol admits that Martha's Vineyard is an island that is not connected to other land masses by a bridge.  As to the remaining allegations, Vertol lacks information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations. Furthermore, to the extent that Paragraph 163 purports to quote or characterize news media, Vertol denies these allegations to the extent that they inaccurately or incompletely quote or characterize the cited source.

164.    Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 164 and, therefore, denies these allegations.

165.    Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 165 and, therefore denies these allegations.  To the extent that the allegations in this paragraph purport to quote or characterize text messages exchanged between Ms. Huerta and Putative Class Members, Vertol denies these allegations to the extent they inaccurately or incompletely quote or characterize this source of information.

166.    Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 166 of the Second Amended Complaint and, therefore denies

these allegations.  To the extent that the allegations in this paragraph purport to quote or characterize text messages exchanged between Ms. Huerta and Putative Class Members, Vertol denies these allegations to the extent they inaccurately or incompletely quote or characterize this source of information.

167.    Vertol lacks information sufficient to form a belief as to the truth of the allegations concerning Plaintiff Yanet Doe's mental state and, therefore, denies those allegations. Vertol denies the remaining allegations set forth in Paragraph 167 of the Second Amended Complaint.

168.    Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 168 and, therefore, denies these allegations.  To the extent that the allegations in this paragraph purport to quote or characterize text messages exchanged between Ms. Huerta and Plaintiff Yanet Doe, Vertol denies these allegations to the extent they inaccurately or incompletely quote or characterize this source of information.

169.    Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 169 and, therefore denies these allegations.  To the extent that the allegations in this paragraph purport to quote or characterize text messages exchanged between Ms. Huerta and Plaintiff Yanet Doe, Vertol denies these allegations to the extent they inaccurately or incompletely quote or characterize this source of information.

170.    Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 170 and, therefore, denies these allegations.  To the extent that the allegations in this paragraph purport to quote or characterize text messages exchanged between Ms. Huerta and Plaintiff Yanet Doe, Vertol denies these allegations to the extent they inaccurately or incompletely quote or characterize this source of information.

171.    Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 171 and, therefore denies these allegations.  To the extent that the allegations in this paragraph purport to quote or characterize text messages exchanged between Ms. Huerta and Plaintiff Yanet Doe, Vertol denies these allegations to the extent they inaccurately or incompletely quote or characterize this source of information.  Vertol denies the remaining allegations set forth in Paragraph 171 of the Second Amended Complaint.

172.    Vertol lacks information sufficient to form a belief as to the allegations set forth in Paragraph 172 of the Second Amended Complaint and, therefore, denies these allegations.  In response to the allegations set forth in response to Footnote 46 of the Second Amended Complaint, Vertol admits that certain of the former defendants have produced records in response to public records requests.

173.    Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 173 and, therefore, denies these allegations.

174.    Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 174 and, therefore, denies these allegations.

175.    Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 175 and, therefore, denies these allegations.

176.    Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 176 and, therefore, denies these allegations.

177.    Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 177 and, therefore, denies these allegations.

178.    Vertol denies that "no one" was expecting the Individual Plaintiffs' or Putative Class Members' arrival in Martha's Vineyard because, as Plaintiffs admit, they were provided

ground transportation immediately upon arrival. Vertol lacks information sufficient to form a belief as to the remaining allegations set forth in Paragraph 178 of the Second Amended Complaint and, therefore, denies these allegations.

179.    Vertol denies that the Individual Plaintiffs or Putative Class Members were transported to Martha's Vineyard under false pretenses. Vertol lacks information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 177 and, therefore, denies these allegations.

180.    Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 180 of the Second Amended Complaint and, therefore, denies these allegations.

181.    Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 181 of the Second Amended Complaint and, therefore, denies these allegations.

182.    Vertol denies that Plaintiff Jesus Doe was deceived when he decided to travel to Massachusetts. As to the remaining allegations, Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 182 and, therefore, denies these allegations.

183.    Vertol denies that the allegations set forth in Paragraph 183 accurately describes Vertol's plans, motives, or intentions. Vertol lacks information sufficient to form a belief as to the truth of the remaining allegations and, therefore, denies these allegations.

184.    Vertol lacks information sufficient to form a belief as to the truth of the allegations concerning the mental or emotional state of the Individual Plaintiffs and Putative

Class members and, therefore, denies these allegations.  Vertol denies the remaining allegations set forth in Paragraph 184 of the Second Amended Complaint.

185.   Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 185 of the Second Amended Complaint and, therefore, denies them.

186.   Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 186 of the Second Amended Complaint and, therefore, denies these allegations.  Furthermore, to the extent that these allegations purport to quote or characterize news media, Vertol denies these allegations to the extent that they inaccurately or incompletely quote or characterize the cited source.

187.   Vertol denies that its actions were fraudulent.  Vertol lacks information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 187 of the Second Amended Complaint and, therefore, denies these allegations.

188.   Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 188 of the Second Amended Complaint and, therefore, denies these allegations.

189.   Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 189 of the Second Amended Complaint and, therefore, denies these allegations.

190.   Vertol denies the allegations set forth in Paragraph 190 to the extent that they imply that any wrongdoing occurred.  Vertol lacks information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 190 of the Second Amended Complaint and, therefore, denies these allegations.

191.    Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 191 of the Second Amended Complaint and, therefore, denies these allegations.

192.    Vertol denies that injunctive and declaratory relief is necessary or that Plaintiff Alianza Americas has or will continue to suffer harm in the absence of such relief.

**Response to "Defendant DeSantis Takes Credit for the Scheme and Promises More Flights"**

193.    Vertol denies the allegations set forth in the first sentence of Paragraph 193 of the Second Amended Complaint.  Vertol lacks information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 193 and, therefore, denies them.  To the extent that the remaining allegations set forth in Paragraph 193 purport to quote or characterize an email sent to Taryn Fenske, Vertol denies the allegations to the extent that they inaccurately or incompletely quote or characterize the cited source.

194.    Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 194 and, therefore, denies them.  To the extent that the allegations set forth in Paragraph 194 purport to quote or characterize an email sent by Taryn Fenske, Vertol denies the allegations to the extent that they inaccurately or incompletely quote or characterize the cited source.

195.    Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 195 and, therefore, denies them.  To the extent that the allegations set forth in Paragraph 195 purport to quote or characterize an article published in the *Boston Herald*, Vertol denies the allegations to the extent that they inaccurately or incompletely quote or characterize the cited source.

196.    Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 196 and, therefore, denies them.  To the extent that the allegations set forth in Paragraph 196 purport to quote or characterize an email sent by Ms. Fenske, Vertol denies the allegations to the extent that they inaccurately or incompletely quote or characterize the cited source.

197.    Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 197 and, therefore, denies them.  To the extent that the allegations set forth in Paragraph 197 purport to quote or characterize emails sent by Ms. Fenske, Vertol denies the allegations to the extent that they inaccurately or incompletely quote or characterize the cited source.

198.    Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 198 and, therefore, denies them.  To the extent that the allegations set forth in Paragraph 198 purport to quote or characterize an article published by *MassLive*, Vertol denies the allegations to the extent that they inaccurately or incompletely quote or characterize the cited source.

199.    Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 199 and, therefore, denies these allegations.

200.    Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 200 and, therefore, denies these allegations.

201.    Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 201 of the Second Amended Complaint and, therefore, denies these allegations.  To the extent that these allegations purport to quote or characterize comments made by Governor DeSantis during a September 15, 2022 press conference, Vertol denies the

allegations to the extent that they inaccurately or incompletely characterize the statements made during that press conference.

202.     Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 202 of the Second Amended Complaint and, therefore, denies these allegations.  To the extent that these allegations purport to quote or characterize comments made by Governor DeSantis during a September 15, 2022 press conference, Vertol denies the allegations to the extent that they inaccurately or incompletely characterize the statements made during that press conference.

203.     Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 203 of the Second Amended Complaint and, therefore, denies these allegations.  To the extent that these allegations purport to quote or characterize comments made by Governor DeSantis during a September 15, 2022 press conference, Vertol denies the allegations to the extent that they inaccurately or incompletely characterize the statements made during that press conference.

204.     Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 204 of the Second Amended Complaint and, therefore, denies these allegations.  To the extent that these allegations purport to quote or characterize comments made by Governor DeSantis during a September 15, 2022 press conference, Vertol denies the allegations to the extent that they inaccurately or incompletely characterize the statements made during that press conference.

205.     Vertol admits that it did not specifically ask the Individual Plaintiffs or the Putative Class Members whether they intended to travel to Florida.  Vertol lacks information

sufficient to form a belief as to the truth of these allegations with respect to any other former defendant and, therefore, denies these allegations.

206.    Vertol lacks information sufficient to form a belief as to the truth of the allegations concerning Governor DeSantis's intentions and, therefore, denies these allegations. To the extent that the remaining allegations purport to quote a statement made by Governor DeSantis during a press conference, Vertol denies these allegations to the extent that they inaccurately or incompletely characterize or quote his statements.

207.    Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of Paragraph 207 of the Second Amended Complaint and, therefore, denies these allegations.  To the extent that the remaining allegations set forth in Paragraph 207 of the Second Amended Complaint purport to quote a news source containing Governor DeSantis's comments at a press conference, Vertol denies these allegations to the extent that they inaccurately or incompletely characterize or quote his statements.

208.    Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of Paragraph 208 of the Second Amended Complaint and, therefore, denies these allegations.  To the extent that the remaining allegations set forth in Paragraph 208 of the Second Amended Complaint purport to quote a news source containing Governor DeSantis's comments at a press conference, Vertol denies these allegations to the extent that they inaccurately or incompletely characterize or quote his statements.

209.    Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of Paragraph 209 of the Second Amended Complaint and, therefore, denies these allegations.  To the extent that the remaining allegations set forth in Paragraph 209 of the Second Amended Complaint purport to quote a tweet, Vertol denies these

allegations to the extent that they inaccurately or incompletely characterize or quote his statements.

210.    Vertol denies the allegations set forth in Paragraph 210 to the extent that it inaccurately or incompletely characterizes or quotes the social media messages referenced therein.

211.    Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of Paragraph 211 of the Second Amended Complaint and, therefore, denies these allegations.  To the extent that the remaining allegations set forth in Paragraph 211 of the Second Amended Complaint purport to quote text messages exchanged between Ms. Huerta and Mr. Keefe, Vertol denies these allegations to the extent that they inaccurately or incompletely characterize or quote these sources.

212.    Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 212 of the Second Amended Complaint and, therefore, denies these allegations.  To the extent that the allegations in Paragraph 212 of the Second Amended Complaint purport to quote or characterize emails sent by Ms. Fenske, Vertol denies the allegations to the extent that they inaccurately or incompletely quote or characterize the source of information.

213.    Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 213 of the Second Amended Complaint and, therefore, denies these allegations.  To the extent that the allegations in Paragraph 213 of the Second Amended Complaint purport to quote or characterize emails sent by or to Ms. Fenske, Vertol denies the allegations to the extent that they inaccurately or incompletely quote or characterize the source of information.

214.    Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 214 of the Second Amended Complaint and, therefore, denies these allegations.  To the extent that the allegations in Paragraph 214 of the Second Amended Complaint purport to quote or characterize emails sent by Ms. Fenske, Vertol denies the allegations to the extent that they inaccurately or incompletely quote or characterize the source of information.

215.    Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 215 of the Second Amended Complaint and, therefore, denies these allegations.

216.    Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 216 of the Second Amended Complaint and, therefore, denies these allegations.  To the extent that the allegations purport to quote a news source, Vertol denies these allegations to the extent that they inaccurately or incompletely characterize or quote the cited source.

217.    Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 217 of the Second Amended Complaint and, therefore, denies these allegations.  To the extent that the allegations in Paragraph 217 of the Second Amended Complaint purport to quote or characterize emails sent by Ms. Fenske, Vertol denies the allegations to the extent that they inaccurately or incompletely quote or characterize the source of information.

218.    Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 218 of the Second Amended Complaint and, therefore, denies these allegations.  To the extent that the allegations in Paragraph 218 of the Second Amended

Complaint purport to quote or characterize emails sent to Ms. Fenske, Vertol denies the allegations to the extent that they inaccurately or incompletely quote or characterize the source of information.

219.    Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 219 of the Second Amended Complaint and, therefore, denies these allegations.  To the extent that the allegations in Paragraph 219 of the Second Amended Complaint purport to quote or characterize emails sent by Ms. Fenske, Vertol denies the allegations to the extent that they inaccurately or incompletely quote or characterize the source of information.

220.    Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in in Paragraph 220 of the Second Amended Complaint and, therefore, denies these allegations.

**Response to "Defendants Have Made Clear They Will Continue Their Illegal Activities"**

221.    Vertol denies the allegations set forth in Paragraph 221 of the Second Amended Complaint.

222.    Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of Paragraph 222 of the Second Amended Complaint and, therefore, denies these allegations.  The remaining sentences of Paragraph 222 of the Second Amended Complaint purport to characterize additional proposals entered into by Vertol with the State of Florida and/or FDOT.  Vertol denies these allegations to the extent that these allegations inaccurately or incompletely quote or characterize those proposals.

223.    Vertol denies the allegations set forth in Paragraph 223 of the Second Amended Complaint to the extent that they inaccurately or incompletely characterize or quote the text messages referenced therein.

224.    Vertol admits that flights planned on or around September 19, 2022 and October 3, 2022 did not occur, but denies those flights were cancelled for the reasons specified in Paragraph 224 of the Second Amended Complaint.  Vertol lacks information sufficient to form a belief as to the remaining allegations set forth in Paragraph 224 of the Second Amended Complaint and, therefore, denies these allegations.

225.    Vertol states that the allegations set forth in the first sentence of Paragraph 225 purport to characterize an October 8, 2022, memorandum, which speaks for itself.  To the extent Vertol is required to respond to this allegation, it denies the allegation to the extent that it inaccurately or incompletely characterizes the memorandum. Vertol lacks information sufficient to form a belief as to the truth of the allegations that FDOT is capable of quickly implementing another immigrant transport or the other defendants' statements concerning another immigrant transport and, therefore, denies these allegations. Vertol admits the remaining allegations set forth in Paragraph 225.

226.    Vertol denies the allegations set forth in Paragraph 226 of the Second Amended Complaint to the extent that they inaccurately or incompletely characterize or quote the news source referenced therein. Vertol lacks information sufficient to form a belief as to any actions other defendants have taken to insist that flights will continue and, therefore, denies these allegations.

227.    Vertol denies the allegations set forth in Paragraph 227 of the Second Amended Complaint to the extent that they inaccurately or incompletely characterize or quote the text messages referenced therein.

228.    Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 228 of the Second Amended Complaint and, therefore, denies these allegations.  To the extent that these allegations purport to quote or characterize statements by Governor DeSantis as reported by the news media, Vertol denies these allegations to the extent they inaccurately or incompletely quote or characterize those sources of information.

229.    Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 229 of the Second Amended Complaint and, therefore, denies these allegations.

230.    Vertol admits that Mr. Uthmeier joined Governor DeSantis's presidential campaign.  Vertol lacks information sufficient to form a belief as to the remaining allegations set forth in Paragraph 230 of the Second Amended Complaint and, therefore, denies these allegations.

231.    Vertol admits that Mr. Uthmeier joined Governor DeSantis's presidential campaign.  Vertol lacks information sufficient to form a belief as to the remaining allegations set forth in Paragraph 231 of the Second Amended Complaint and, therefore, denies these allegations.

232.    Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 232 of the Second Amended Complaint and, therefore, denies these allegations.

### RESPONSE TO "AGENCY ALLEGATIONS AS TO DEFENDANTS KEEFE, UTHMEIER, AND DESANTIS"

### Response to "Defendant Keefe"

233.    In its March 31, 2025 order, the Court rejected Plaintiffs' agency-related arguments concerning personal jurisdiction.  See ECF No. 181.  Accordingly, no response is required.  To the extent a response is required, Vertol denies the allegations set forth in Paragraph 233 of the Second Amended Complaint.

234.    In its March 31, 2025 order, the Court rejected Plaintiffs' agency-related arguments concerning personal jurisdiction.  See ECF No. 181.  Accordingly, no response is required.  To the extent a response is required, Vertol denies the allegations set forth in Paragraph 234 of the Second Amended Complaint.

235.    In its March 31, 2025 order, the Court rejected Plaintiffs' agency-related arguments concerning personal jurisdiction.  See ECF No. 181.  Accordingly, no response is required.  To the extent a response is required, Vertol denies the allegations set forth in Paragraph 235 of the Second Amended Complaint.

236.    In its March 31, 2025 order, the Court rejected Plaintiffs' agency-related arguments concerning personal jurisdiction.  See ECF No. 181.  Accordingly, no response is required.  To the extent a response is required, Vertol denies the allegations set forth in Paragraph 236 of the Second Amended Complaint.

237.    In its March 31, 2025 order, the Court rejected Plaintiffs' agency-related arguments concerning personal jurisdiction.  See ECF No. 181.  Accordingly, no response is required.  To the extent a response is required, Vertol denies the allegations set forth in Paragraph 237 of the Second Amended Complaint.

238.    In its March 31, 2025 order, the Court rejected Plaintiffs' agency-related arguments concerning personal jurisdiction. See ECF No. 181. Accordingly, no response is required. To the extent a response is required, Vertol denies the allegations set forth in Paragraph 238 of the Second Amended Complaint.

239.    In its March 31, 2025 order, the Court rejected Plaintiffs' agency-related arguments concerning personal jurisdiction. See ECF No. 181. Accordingly, no response is required. To the extent a response is required, Vertol denies the allegations set forth in Paragraph 239 of the Second Amended Complaint.

240.    In its March 31, 2025 order, the Court rejected Plaintiffs' agency-related arguments concerning personal jurisdiction. See ECF No. 181. Accordingly, no response is required. To the extent a response is required, Vertol denies the allegations set forth in Paragraph 240 of the Second Amended Complaint.

## Response to "Defendant Uthmeier"

241.    In its March 31, 2025 order, the Court rejected Plaintiffs' agency-related arguments concerning personal jurisdiction. See ECF No. 181. Accordingly, no response is required. To the extent a response is required, Vertol denies the allegations set forth in Paragraph 241 of the Second Amended Complaint.

242.    In its March 31, 2025 order, the Court rejected Plaintiffs' agency-related arguments concerning personal jurisdiction. See ECF No. 181. Accordingly, no response is required. To the extent a response is required, Vertol denies the allegations set forth in Paragraph 242 of the Second Amended Complaint.

243.    In its March 31, 2025 order, the Court rejected Plaintiffs' agency-related arguments concerning personal jurisdiction. See ECF No. 181. Accordingly, no response is

required.  To the extent a response is required, Vertol denies the allegations set forth in Paragraph 243 of the Second Amended Complaint.

244.    In its March 31, 2025 order, the Court rejected Plaintiffs' agency-related arguments concerning personal jurisdiction.  See ECF No. 181.  Accordingly, no response is required.  To the extent a response is required, Vertol denies the allegations set forth in Paragraph 244 of the Second Amended Complaint.

245.    In its March 31, 2025 order, the Court rejected Plaintiffs' agency-related arguments concerning personal jurisdiction.  See ECF No. 181.  Accordingly, no response is required.  To the extent a response is required, Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 245 of the Second Amended Complaint and, therefore, denies these allegations.

246.    In its March 31, 2025 order, the Court rejected Plaintiffs' agency-related arguments concerning personal jurisdiction.  See ECF No. 181.  Accordingly, no response is required.  To the extent a response is required, Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 246 of the Second Amended Complaint and, therefore, denies these allegations.

247.    In its March 31, 2025 order, the Court rejected Plaintiffs' agency-related arguments concerning personal jurisdiction.  See ECF No. 181.  Accordingly, no response is required.  To the extent a response is required, Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 247 of the Second Amended Complaint and, therefore, denies these allegations.

248.    In its March 31, 2025 order, the Court rejected Plaintiffs' agency-related arguments concerning personal jurisdiction.  See ECF No. 181.  Accordingly, no response is

required.  To the extent a response is required, Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 248 of the Second Amended Complaint and, therefore, denies these allegations.

249.    In its March 31, 2025 order, the Court rejected Plaintiffs' agency-related arguments concerning personal jurisdiction.  See ECF No. 181.  Accordingly, no response is required.  To the extent a response is required, Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 249 of the Second Amended Complaint and, therefore, denies these allegations.

250.    In its March 31, 2025 order, the Court rejected Plaintiffs' agency-related arguments concerning personal jurisdiction.  See ECF No. 181.  Accordingly, no response is required.  To the extent a response is required, Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 250 of the Second Amended Complaint and, therefore, denies these allegations.

251.    In its March 31, 2025 order, the Court rejected Plaintiffs' agency-related arguments concerning personal jurisdiction.  See ECF No. 181.  Accordingly, no response is required.  To the extent a response is required, Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 251 of the Second Amended Complaint and, therefore, denies these allegations.

252.    In its March 31, 2025 order, the Court rejected Plaintiffs' agency-related arguments concerning personal jurisdiction.  See ECF No. 181.  Accordingly, no response is required.  To the extent a response is required, Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 252 of the Second Amended Complaint and, therefore, denies these allegations.

## Response to "Defendant DeSantis"

253.    In its March 31, 2025 order, the Court rejected Plaintiffs' agency-related arguments concerning personal jurisdiction.  See ECF No. 181.  Accordingly, no response is required.  To the extent a response is required, Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 253 of the Second Amended Complaint and, therefore, denies these allegations.

254.    In its March 31, 2025 order, the Court rejected Plaintiffs' agency-related arguments concerning personal jurisdiction.  See ECF No. 181.  Accordingly, no response is required.  To the extent a response is required, Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 254 of the Second Amended Complaint and, therefore, denies these allegations.

255.    In its March 31, 2025 order, the Court rejected Plaintiffs' agency-related arguments concerning personal jurisdiction.  See ECF No. 181.  Accordingly, no response is required.  To the extent a response is required, Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 255 of the Second Amended Complaint and, therefore, denies these allegations.

256.    In its March 31, 2025 order, the Court rejected Plaintiffs' agency-related arguments concerning personal jurisdiction.  See ECF No. 181.  Accordingly, no response is required.  To the extent a response is required, Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 256 of the Second Amended Complaint and, therefore, denies these allegations.

257.    In its March 31, 2025 order, the Court rejected Plaintiffs' agency-related arguments concerning personal jurisdiction.  See ECF No. 181.  Accordingly, no response is

required.  To the extent a response is required, Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 257 of the Second Amended Complaint and, therefore, denies these allegations.

258.    In its March 31, 2025 order, the Court rejected Plaintiffs' agency-related arguments concerning personal jurisdiction.  See ECF No. 181.  Accordingly, no response is required.  To the extent a response is required, Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 258 of the Second Amended Complaint and, therefore, denies these allegations.

259.    In its March 31, 2025 order, the Court rejected Plaintiffs' agency-related arguments concerning personal jurisdiction.  See ECF No. 181.  Accordingly, no response is required.  To the extent a response is required, Vertol denies the allegations set forth in Paragraph 259 of the Second Amended Complaint.

260.    In its March 31, 2025 order, the Court rejected Plaintiffs' agency-related arguments concerning personal jurisdiction.  See ECF No. 181.  Accordingly, no response is required.  To the extent a response is required, Vertol denies the allegations set forth in Paragraph 260 of the Second Amended Complaint.

261.    In its March 31, 2025 order, the Court rejected Plaintiffs' agency-related arguments concerning personal jurisdiction.  See ECF No. 181.  Accordingly, no response is required.  To the extent a response is required, Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 261 of the Second Amended Complaint and, therefore, denies these allegations.

262.    In its March 31, 2025 order, the Court rejected Plaintiffs' agency-related arguments concerning personal jurisdiction.  See ECF No. 181.  Accordingly, no response is

required.  To the extent a response is required, Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 262 of the Second Amended Complaint and, therefore, denies these allegations.

263.    In its March 31, 2025 order, the Court rejected Plaintiffs' agency-related arguments concerning personal jurisdiction.  See ECF No. 181.  Accordingly, no response is required.  To the extent a response is required, Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 263 of the Second Amended Complaint and, therefore, denies these allegations.

264.    In its March 31, 2025 order, the Court rejected Plaintiffs' agency-related arguments concerning personal jurisdiction.  See ECF No. 181.  Accordingly, no response is required.  To the extent a response is required, Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 264 of the Second Amended Complaint and, therefore, denies these allegations.

265.    In its March 31, 2025 order, the Court rejected Plaintiffs' agency-related arguments concerning personal jurisdiction.  See ECF No. 181.  Accordingly, no response is required.  To the extent a response is required, Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 265 of the Second Amended Complaint and, therefore, denies these allegations.

266.    In its March 31, 2025 order, the Court rejected Plaintiffs' agency-related arguments concerning personal jurisdiction.  See ECF No. 181.  Accordingly, no response is required.  To the extent a response is required, Vertol denies the allegations set forth in Paragraph 266 of the Second Amended Complaint.

267.    In its March 31, 2025 order, the Court rejected Plaintiffs' agency-related arguments concerning personal jurisdiction. See ECF No. 181. Accordingly, no response is required. To the extent a response is required, Vertol denies the allegations set forth in Paragraph 267 of the Second Amended Complaint.

268.    In its March 31, 2025 order, the Court rejected Plaintiffs' agency-related arguments concerning personal jurisdiction. See ECF No. 181. Accordingly, no response is required. To the extent a response is required, Vertol denies the allegations set forth in Paragraph 268 of the Second Amended Complaint.

269.    In its March 31, 2025 order, the Court rejected Plaintiffs' agency-related arguments concerning personal jurisdiction. See ECF No. 181. Accordingly, no response is required. To the extent a response is required, Vertol denies the allegations set forth in Paragraph 269 of the Second Amended Complaint.

270.    In its March 31, 2025 order, the Court rejected Plaintiffs' agency-related arguments concerning personal jurisdiction. See ECF No. 181. Accordingly, no response is required. To the extent a response is required, Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 270 of the Second Amended Complaint and, therefore, denies these allegations.

271.    In its March 31, 2025 order, the Court rejected Plaintiffs' agency-related arguments concerning personal jurisdiction. See ECF No. 181. Accordingly, no response is required. To the extent a response is required, Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 271 of the Second Amended Complaint and, therefore, denies these allegations.

272.    In its March 31, 2025 order, the Court rejected Plaintiffs' agency-related arguments concerning personal jurisdiction. See ECF No. 181. Accordingly, no response is required. To the extent a response is required, Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 272 of the Second Amended Complaint and, therefore, denies these allegations.

273.    In its March 31, 2025 order, the Court rejected Plaintiffs' agency-related arguments concerning personal jurisdiction. See ECF No. 181. Accordingly, no response is required. To the extent a response is required, Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 273 of the Second Amended Complaint and, therefore, denies these allegations.

274.    In its March 31, 2025 order, the Court rejected Plaintiffs' agency-related arguments concerning personal jurisdiction. See ECF No. 181. Accordingly, no response is required. To the extent a response is required, Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 274 of the Second Amended Complaint and, therefore, denies these allegations.

275.    In its March 31, 2025 order, the Court rejected Plaintiffs' agency-related arguments concerning personal jurisdiction. See ECF No. 181. Accordingly, no response is required. To the extent a response is required, Vertol denies the allegations set forth in Paragraph 275 of the Second Amended Complaint.

## RESPONSE TO "CLASS ALLEGATIONS"

276.    The allegations in this paragraph set forth a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied.

277.    The allegations in this paragraph set forth a legal conclusion to which no response is required.  To the extent a response is required, the allegations are denied.

278.    The allegations in this paragraph set forth a legal conclusion to which no response is required.  To the extent a response is required, the allegations are denied.

279.    The allegations in this paragraph set forth a legal conclusion to which no response is required.  To the extent a response is required, the allegations are denied.

280.    The allegations in this paragraph set forth a legal conclusion to which no response is required.  To the extent a response is required, the allegations are denied.

281.    The allegations in this paragraph set forth a legal conclusion to which no response is required.  To the extent a response is required, the allegations are denied.

282.    The allegations in this paragraph set forth a legal conclusion to which no response is required.  To the extent a response is required, the allegations are denied.

283.    The allegations in this paragraph set forth a legal conclusion to which no response is required.  To the extent a response is required, the allegations are denied.

284.    The allegations in this paragraph set forth a legal conclusion to which no response is required.  To the extent a response is required, the allegations are denied.

285.    The allegations in this paragraph set forth a legal conclusion to which no response is required.  To the extent a response is required, the allegations are denied.

286.    The allegations in this paragraph set forth a legal conclusion to which no response is required.  To the extent a response is required, the allegations are denied.

287.    The allegations in this paragraph set forth a legal conclusion to which no response is required.  To the extent a response is required, the allegations are denied.

288.    The allegations in this paragraph set forth a legal conclusion to which no response is required.  To the extent a response is required, the allegations are denied.

289.    The allegations in this paragraph set forth a legal conclusion to which no response is required.  To the extent a response is required, the allegations are denied.

### RESPONSE TO "CLAIMS FOR RELIEF"

### COUNT I

**Violation of Fourteenth Amendment to the U.S. Constitution, Substantive Due Process Pursuant to 42 U.S.C. § 1983**

**(Brought Against All Defendants)**

290.    Vertol incorporates by reference its responses to the preceding paragraphs of the Second Amended Complaint as if fully set forth herein.

291.    The allegations in this paragraph set forth a legal conclusion to which no response is required.  To the extent a response is required, the allegations are admitted.

292.    The allegations in this paragraph set forth a legal conclusion to which no response is required.  To the extent a response is required, the allegations are denied.

293.    Vertol denies the allegations set forth in Paragraph 293 of the Second Amended Complaint.

294.    Vertol admits that it agreed to provide transportation services as part of a government contract to transport immigrants on behalf of the State of Florida.  Vertol denies the remaining allegations.  Stating further, Plaintiffs' contention that they were informed that they would be "transported to a large city in the Northeast" is belied by their own allegations in the Second Amended Complaint.

295.    Vertol admits the allegations set forth in Paragraph 295 of the Second Amended Complaint.  Stating further, Vertol entered into a government contract to transport immigrants on

behalf of the State of Florida to a "sanctuary" state, which was later decided to be Massachusetts. Vertol had no obligation to provide jobs, humanitarian services, or benefits to the Individual Plaintiffs or Putative Class Members, and nonetheless provided food, hot showers, shelter, and in some cases haircuts to those immigrants while they waited to board the airplanes.

296.    Vertol admits the allegations set forth in Paragraph 296 of the Second Amended Complaint except that Vertol denies that it affirmatively concealed Florida's involvement in the project.    Stating further, Vertol had no obligation to inform the Individual Plaintiffs or the Putative Class Members that the transportation services were funded by the State of Florida or of any political motivations that may have motivated Florida's decision to fund migrant transportation.

297.    Vertol admits that the Individual Plaintiffs and the Putative Class Members willingly accepted the offer of free transportation to Massachusetts and that they learned they were traveling to Martha's Vineyard after they boarded the planes.    Vertol denies that it made any representations concerning the provision of jobs, services, and benefits in Massachusetts or that it authorized any other individual or entity to make such representations.    Vertol lacks information sufficient to form a belief as to whether any other former defendants made such representations and, therefore, denies these allegations.

298.    Vertol admits that the Individual Plaintiffs and Putative Class Members were unable to deplane while the flights were en route to Martha's Vineyard but denies that they were taken against their will because they consented to be taken to a location in Massachusetts.

299.    Vertol denies that the Individual Plaintiffs and Putative Class Members were unable to leave Martha's Vineyard because it is an island only accessible by plane or boat.    Vertol lacks information sufficient to form a belief as to whether the Individual Plaintiffs and Putative

Class Members lacked the resources to arrange for transportation off the island and, therefore, denies these allegations.

300.    The allegations in this paragraph set forth a legal conclusion to which no response is required.  To the extent a response is required, the allegations are denied.

301.    The allegations in this paragraph set forth a legal conclusion to which no response is required.  To the extent a response is required, the allegations are denied.

302.    The allegations in this paragraph set forth a legal conclusion to which no response is required.  To the extent a response is required, the allegations are denied.

<u>COUNT II</u>

**Violation of Fourteenth Amendment to the U.S. Constitution, Equal Protection Clause, Pursuant to 42 U.S.C. § 1983**

**(Brought Against All Defendants)**

303.    In accordance with the Court's March 31, 2025 order dismissing Count II, the allegations set forth in Paragraphs 303–310 require no response from Vertol.  To the extent a response is required, Vertol denies these allegations.

304.    In accordance with the Court's March 31, 2025 order dismissing Count II, the allegations set forth in Paragraphs 303–310 require no response from Vertol.  To the extent a response is required, Vertol denies these allegations.

305.    In accordance with the Court's March 31, 2025 order dismissing Count II, the allegations set forth in Paragraphs 303–310 require no response from Vertol.  To the extent a response is required, Vertol denies these allegations.

306.    In accordance with the Court's March 31, 2025 order dismissing Count II, the allegations set forth in Paragraphs 303–310 require no response from Vertol.  To the extent a response is required, Vertol denies these allegations.

307.    In accordance with the Court's March 31, 2025 order dismissing Count II, the allegations set forth in Paragraphs 303–310 require no response from Vertol.  To the extent a response is required, Vertol denies these allegations.

308.    In accordance with the Court's March 31, 2025 order dismissing Count II, the allegations set forth in Paragraphs 303–310 require no response from Vertol.  To the extent a response is required, Vertol denies these allegations.

309.    In accordance with the Court's March 31, 2025 order dismissing Count II, the allegations set forth in Paragraphs 303–310 require no response from Vertol.  To the extent a response is required, Vertol denies these allegations.

310.    In accordance with the Court's March 31, 2025 order dismissing Count II, the allegations set forth in Paragraphs 303–310 require no response from Vertol.  To the extent a response is required, Vertol denies these allegations.

## **COUNT III**

### **[Omitted from Second Amended Complaint]**

## **COUNT IV**

### **Preemption**

### **(Brought Against Defendants DeSantis, Uthmeier, and Keefe)**

311.    Count IV is not asserted against Vertol, and therefore the allegations contained in Paragraphs 311–320 require no response from Vertol.  To the extent a response is required, Vertol denies the allegations set forth in this paragraph.

312.    Count IV is not asserted against Vertol, and therefore the allegations contained in Paragraphs 311–320 require no response from Vertol.  To the extent a response is required, Vertol denies the allegations set forth in this paragraph.

313.    Count IV is not asserted against Vertol, and therefore the allegations contained in Paragraphs 311–320 require no response from Vertol.  To the extent a response is required, Vertol denies the allegations set forth in this paragraph.

314.    Count IV is not asserted against Vertol, and therefore the allegations contained in Paragraphs 311–320 require no response from Vertol.  To the extent a response is required, Vertol denies the allegations set forth in this paragraph.

315.    Count IV is not asserted against Vertol, and therefore the allegations contained in Paragraphs 311–320 require no response from Vertol.  To the extent a response is required, Vertol denies the allegations set forth in this paragraph.

316.    Count IV is not asserted against Vertol, and therefore the allegations contained in Paragraphs 311–320 require no response from Vertol.  To the extent a response is required, Vertol denies the allegations set forth in this paragraph.

317.    Count IV is not asserted against Vertol, and therefore the allegations contained in Paragraphs 311–320 require no response from Vertol.  To the extent a response is required, Vertol denies the allegations set forth in this paragraph.

318.    Count IV is not asserted against Vertol, and therefore the allegations contained in Paragraphs 311–320 require no response from Vertol.  To the extent a response is required, Vertol denies the allegations set forth in this paragraph.

319.    Count IV is not asserted against Vertol, and therefore the allegations contained in Paragraphs 311–320 require no response from Vertol.  To the extent a response is required, Vertol denies the allegations set forth in this paragraph.

320.     Count IV is not asserted against Vertol, and therefore the allegations contained in Paragraphs 311–320 require no response from Vertol.  To the extent a response is required, Vertol denies the allegations set forth in this paragraph.

## COUNT V

**Violation of Fourteenth Amendment to the U.S. Constitution; Procedural Due Process Pursuant to 42 U.S.C. § 1983**

**(Brought Against All Defendants)**

321.     In accordance with the Court's March 31, 2025 order dismissing Count V, the allegations set forth in Paragraphs 321–328 require no response from Vertol.  To the extent a response is required, the allegations in this paragraph are denied.

322.     In accordance with the Court's March 31, 2025 order dismissing Count V, the allegations set forth in Paragraphs 321–328 require no response from Vertol.  To the extent a response is required, the allegations in this paragraph are denied.

323.     In accordance with the Court's March 31, 2025 order dismissing Count V, the allegations set forth in Paragraphs 321–328 require no response from Vertol.  To the extent a response is required, the allegations in this paragraph are denied.

324.     In accordance with the Court's March 31, 2025 order dismissing Count V, the allegations set forth in Paragraphs 321–328 require no response from Vertol.  To the extent a response is required, the allegations in this paragraph are denied.

325.     In accordance with the Court's March 31, 2025 order dismissing Count V, the allegations set forth in Paragraphs 321–328 require no response from Vertol.  To the extent a response is required, the allegations in this paragraph are denied.

326.    In accordance with the Court's March 31, 2025 order dismissing Count V, the allegations set forth in Paragraphs 321–328 require no response from Vertol.  To the extent a response is required, the allegations in this paragraph are denied.

327.    In accordance with the Court's March 31, 2025 order dismissing Count V, the allegations set forth in Paragraphs 321–328 require no response from Vertol.  To the extent a response is required, the allegations in this paragraph are denied.

328.    In accordance with the Court's March 31, 2025 order dismissing Count V, the allegations set forth in Paragraphs 321–328 require no response from Vertol.  To the extent a response is required, the allegations in this paragraph are denied.

## <u>COUNT VI</u>

**Violation of Fourth Amendment to the U.S. Constitution, Unlawful Seizure
Pursuant to 42 U.S.C. § 1983**

**(Brought Against All Defendants)**

329.    Vertol incorporates its responses to the preceding paragraphs of the Second Amended Complaint as if fully set forth herein.

330.    The allegations set forth in Paragraph 330 of the Second Amended Complaint call for a legal conclusion to which no response is required.  To the extent a response is required, Vertol admits that the Fourth Amendment protects individuals from unreasonable searches and seizures by government actors.

331.    Vertol denies the allegations set forth in Paragraph 331 of the Second Amended Complaint.

332.    Vertol lacks information sufficient to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 332 of the Second Amended Complaint

and, therefore, denies these allegations.  Vertol denies the remainder of the allegations set forth in Paragraph 332 of the Second Amended Complaint.

333.    Vertol admits that the Individual Plaintiffs and Putative Class Members learned that they were traveling to Martha's Vineyard after they boarded the planes.  Vertol denies the remaining allegations in Paragraph 333 of the Second Amended Complaint.

334.    The allegations set forth in Paragraph 334 of the Second Amended Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, Vertol denies the allegations.

335.    The allegations set forth in Paragraph 335 of the Second Amended Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, Vertol denies the allegations.

336.    Vertol denies the allegations set forth in Paragraph 336 of the Second Amended Complaint.

<u>**COUNT VII**</u>

**Violation of 42 U.S.C. § 1985(3); Civil Rights Conspiracy**

**(Brought Against All Defendants)**

337.    Vertol incorporates its responses to the preceding paragraphs of the Second Amended Complaint as if fully set forth herein.

338.    Vertol denies the allegations set forth in Paragraph 338 of the Second Amended Complaint.

339.    Paragraph 339 of the Second Amended Complaint does not contain allegations against Vertol.  To the extent a response is required, Vertol lacks sufficient information to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, denies them.

340.     Vertol admits that it entered into a contract with FDOT to transport immigrants from San Antonio, Texas.  Vertol denies the remaining allegations set forth in Paragraph 340 of the Second Amended Complaint.

341.     Vertol denies the allegations set forth in Paragraph 341 of the Second Amended Complaint.  Stating further, Vertol hired Ms. Huerta as an independent contractor to assist in discharging Vertol's contractual responsibilities with the State of Florida.

342.     Vertol denies the allegations set forth in the first and third sentences of Paragraph 342 of the Second Amended Complaint.  Stating further, Vertol did not authorize Ms. Huerta to inform the Individual Plaintiffs or Putative Class Members that jobs or other resources would be provided upon their arrival to Massachusetts.  Vertol lacks information sufficient to form a belief as to what Ms. Huerta communicated to the Individual Plaintiffs and the Putative Class Members, and, therefore, denies these allegations.

343.     Vertol denies the allegations set forth in Paragraph 343 of the Second Amended Complaint.

344.     Vertol denies the allegations set forth in Paragraph 344 of the Second Amended Complaint.

345.     Vertol denies the allegations set forth in Paragraph 345 of the Second Amended Complaint.

346.     Vertol denies the allegations set forth in Paragraph 346 of the Second Amended Complaint.

## COUNT VIII

### False Imprisonment

### (Brought Against All Defendants)

347.    Vertol incorporates its responses to the preceding paragraphs of the Second Amended Complaint as if fully set forth herein.

348.    Vertol denies the allegations set forth in Paragraph 348 of the Second Amended Complaint.

349.    Vertol denies that any false promises were made to the Putative Class Members or that the Putative Class Members relied on any such statements in deciding to board the flights. Vertol lacks information sufficient to form a belief as to the remaining allegations set forth in Paragraph 349 of the Second Amended Complaint and therefore, denies these allegations.

350.    Vertol denies the allegations set forth in Paragraph 350 of the Second Amended Complaint.

351.    Vertol denies the allegations set forth in Paragraph 351 of the Second Amended Complaint.

352.    Vertol admits the allegations set forth in Paragraph 352 of the Second Amended Complaint.

353.    Vertol lacks information sufficient to form a belief as to whether the Individual Plaintiffs and the Putative Class Members had sufficient resources to travel from Martha's Vineyard to other destinations and, therefore, denies these allegations.  Vertol denies the remaining allegations set forth in Paragraph 353 of the Second Amended Complaint.

354.    Vertol denies the allegations set forth in Paragraph 354 of the Second Amended Complaint.

## COUNT IX

**[Omitted from Second Amended Complaint]**

## COUNT X

**Intentional Infliction of Emotional Distress**

**(Brought Against All Defendants)**

355.    Vertol incorporates its responses to the preceding paragraphs of the Second Amended Complaint as if fully set forth herein.

356.    Vertol denies the allegations set forth in Paragraph 356 of the Second Amended Complaint.

357.    Vertol denies the allegations set forth in Paragraph 357 of the Second Amended Complaint.

358.    Vertol denies the allegations set forth in Paragraph 358 of the Second Amended Complaint.

359.    Vertol denies the allegations set forth in Paragraph 359 of the Second Amended Complaint.

360.    Vertol denies the allegations set forth in Paragraph 360 of the Second Amended Complaint.

361.    Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 361 of the Second Amended Complaint and, therefore, denies these allegations.

362.    Vertol denies the allegations set forth in Paragraph 362 of the Second Amended Complaint

363.    Vertol denies the allegations set forth in Paragraph 363 of the Second Amended Complaint.

## COUNT XI

### Negligent Infliction of Emotional Distress

### (Brought Against All Defendants)

364.    Vertol incorporates its responses to the preceding paragraphs of the Second Amended Complaint as if fully set forth herein.

365.    Vertol denies the allegations set forth in Paragraph 365 of the Second Amended Complaint.

366.    Vertol admits that it did not arrange for jobs, services, or benefits to be provided to the Individual Plaintiffs and Putative Class Members upon their arrival to Massachusetts. Vertol denies the remaining allegations set forth in Paragraph 366 of the Second Amended Complaint.

367.    Vertol denies the allegations set forth in Paragraph 367 of the Second Amended Complaint.

368.    Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 368 of the Second Amended Complaint and, therefore, denies these allegations.

369.    Vertol lacks information sufficient to form a belief as to the mental state of the Individual Plaintiffs or Putative Class Members or whether they received health counseling and treatment.  Vertol denies the remaining allegations set forth in Paragraph 369 of the Second Amended Complaint.

370.    Vertol lacks information sufficient to form a belief as to any physical ailments the Individual Plaintiffs and the Putative Class Members may have suffered and, therefore, denies these allegations.

371.    Vertol denies the allegations set forth in Paragraph 371 of the Second Amended Complaint.

372.    Vertol denies the allegations set forth in Paragraph 372 of the Second Amended Complaint.

## COUNT XII

### Civil Conspiracy

### (Brought Against All Defendants)

373.    Vertol incorporates its responses to the preceding paragraphs of the Second Amended Complaint as if fully set forth herein.

374.    Vertol denies the allegations set forth in Paragraph 374 of the Second Amended Complaint.

375.    The allegations set forth in Paragraph 375 of the Second Amended Complaint do not contain allegations against Vertol.  To the extent any response is required, Vertol lacks information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph and, therefore, denies them.

376.    Vertol admits that it entered into a contract with FDOT to transport migrants. Vertol denies the remaining allegations set forth in Paragraph 376 of the Second Amended Complaint.

377.    Vertol admits that it hired Ms. Huerta as an independent contractor to identify immigrants who were willing to accept transportation outside of Texas.  Vertol denies the remaining allegations set forth in Paragraph 377 of the Second Amended Complaint.

378.    Vertol denies the allegations set forth in Paragraph 378 of the Second Amended Complaint.

379.    Vertol admits the allegations set forth in Paragraph 379 of the Second Amended Complaint.  Stating further, Vertol had no obligation to make arrangements or alert other individuals or entities about the Individual Plaintiffs' or Putative Class Members' arrival.

380.    Vertol denies the allegations set forth in Paragraph 380 of the Second Amended Complaint.

381.    Vertol denies the allegations set forth in Paragraph 381 of the Second Amended Complaint.

## COUNT XIII

### Aiding and Abetting

### (Brought Against All Defendants)

382.    Vertol incorporates its responses to the preceding paragraphs of the Second Amended Complaint as if fully set forth herein.

383.    Vertol denies the allegations set forth in Paragraph 383 of the Second Amended Complaint.

384.    Paragraph 384 does not contain allegations against Vertol.  To the extent a response is required, Vertol lacks information sufficient to form a belief as to the truth of these allegations and, therefore, denies them.

385.    Vertol admits that it entered into a contract with FDOT to transport migrants. Vertol denies the remaining allegations set forth in Paragraph 385 of the Second Amended Complaint.

386.    Vertol admits that it hired Ms. Huerta as an independent contractor to identify immigrants who were willing to accept transportation outside of Texas.  Vertol denies the remaining allegations set forth in Paragraph 386 of the Second Amended Complaint.

387.    Vertol denies the allegations set forth in Paragraph 387 of the Second Amended Complaint.

388.    Vertol denies the allegations set forth in Paragraph 388 of the Second Amended Complaint.

389.    Vertol admits the allegations set forth in Paragraph 389 of the Second Amended Complaint.  Stating further, Vertol had no obligation to make arrangements or alert other individuals or entities about the Individual Plaintiffs' or Putative Class Members' arrival.

390.    Vertol denies the allegations set forth in Paragraph 390 of the Second Amended Complaint.

391.    Vertol denies the allegations set forth in Paragraph 391 of the Second Amended Complaint.

392.    Vertol denies the allegations set forth in Paragraph 392 of the Second Amended Complaint.

## COUNT XIV

**[Omitted from Second Amended Complaint]**

## RESPONSE TO "PRAYER FOR RELIEF"

The allegations under this heading merely describe the nature of relief sought by Plaintiffs, to which no response is required. To the extent that this Paragraph may be construed as containing factual allegations against Vertol that require a response, Vertol denies the allegations and denies that Plaintiffs are entitled to any relief in this action.

## <u>AFFIRMATIVE DEFENSES</u>

Vertol hereby asserts the following affirmative defenses to Plaintiffs' claims. Vertol expressly reserves the right to amend these affirmative defenses based on evidence that may be obtained during the course of discovery or trial.

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs have failed to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Court lacks personal jurisdiction over Vertol.

### THIRD AFFIRMATIVE DEFENSE

The Court lacks subject-matter jurisdiction over some or all of the Plaintiffs' claims.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs Alianza Americas lacks organizational standing to bring this action.

### FIFTH AFFIRMATIVE DEFENSE

Some or all of Plaintiffs did not suffer an injury-in-fact and therefore lack standing to bring this action.

## SIXTH AFFIRMATIVE DEFENSE

Any injury or damage suffered by any Individual Plaintiff was proximately caused by such Plaintiff's own negligent or intentional conduct or by the conduct of others, or both, not by the conduct of Vertol.

## SEVENTH AFFIRMATIVE DEFENSE

Vertol is immune from suit under the doctrine of qualified immunity because, at all times, Vertol acted in good faith and with a reasonable belief that it or its employees' or agents' actions were in accordance with the Constitution and the laws of the United States, the Commonwealth of Massachusetts, and the laws of any other applicable jurisdiction.

## EIGHTH AFFIRMATIVE DEFENSE

To the extent that any actions were taken by Vertol under the direction or authority of a governmental entity, Vertol is entitled to sovereign immunity.

## NINTH AFFIRMATIVE DEFENSE

Vertol is immune from liability under the government contractor defense to the extent it was acting under the direction and control of a governmental entity.

## TENTH AFFIRMATIVE DEFENSE

The Individual Plaintiffs consented to the actions taken and therefore cannot claim any injury or damages resulting from those actions.

## ELEVENTH AFFIRMATIVE DEFENSE

The Individual Plaintiffs have, through their representations and actions, waived some or all of their claims in this action.

**TWELFTH AFFIRMATIVE DEFENSE**

The Individual Plaintiffs are, by their own actions or omissions or both, estopped from asserting some or all of their claims against Vertol.

**THIRTEENTH AFFIRMATIVE DEFENSE**

To the extent that any Individual Plaintiffs have waived any claims in this action or are estopped from asserting any claims in this action, Alianza Americas is barred to the same extent.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs have failed to join indispensable parties necessary for the adjudication of this matter.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Vertol owed the Individual Plaintiffs no duty under the circumstances alleged in the Second Amended Complaint.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs have failed to mitigate their damages, if any, and any recovery should be reduced accordingly.

Respectfully submitted,

*/s/ Brian T. Kelly*
Brian T. Kelly (BBO No. 549566)
Ross MacPherson (BBO No. 705598)
NIXON PEABODY LLP
Exchange Place
53 State Street
Boston, Massachusetts 02109-2835
Tel: (617) 345-1000
Fax: (855) 714-9513
bkelly@nixonpeabody.com
rmacpherson@nixonpeabody.com

Christopher M. Mason (admitted *pro hac vice*)
NIXON PEABODY LLP
Tower 46
55 West 46th Street
New York, New York 10036
Tel: (212) 940-3000
cmason@nixonpeabody.com

*Counsel for Vertol Systems Company, Inc.*

Dated: April 23, 2025

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically on April 23, 2025, and thereby delivered by electronic means to all registered participants as identified on the Notice of Electronic Filing.

*/s/ Ross MacPherson*
Ross MacPherson