IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALIANZA AMERICAS, YANET DOE, PABLO DOE, and JESUS DOE, on behalf of themselves and all others similarly situated,<br><br>　　　　　　　　Plaintiffs,<br><br>　　　　v.<br><br>VERTOL SYSTEMS COMPANY, INC.,<br><br>　　　　　　　　Defendant. | Civil Action No.: 1:22-cv-11550-ADB |

**MOTION TO RECONSIDER THE COURT'S ORDER GRANTING PLAINTIFFS' *EX PARTE* MOTION TO PROCEED PSEUDONYMOUSLY**

Pursuant this Court's order permitting reconsideration, Defendant Vertol Systems Company, Inc. ("Vertol") respectfully moves this Court to reconsider its order permitting Plaintiffs Yanet Doe, Pablo Doe, and Jesus Doe ("Doe Plaintiffs") to proceed pseudonymously in this lawsuit. *See* ECF No. 7 (the "Order"). After repeatedly refusing to disclose the names of the Doe Plaintiffs as required under Fed. R. Civ. P. 26(a)(1)(i), Plaintiffs finally disclosed the Doe Plaintiffs' true identities in interrogatory responses served on December 17, 2025. That belated disclosure alerted Vertol's counsel that at least two of the three Doe Plaintiffs had revealed their identities to the media prior to requesting pseudonymous treatment in this action. These public disclosures invalidate the Doe Plaintiffs' basis for pseudonymous treatment in this action.

Upon reconsideration, Vertol respectfully asks that this Court issue an order: (1) denying Plaintiffs' motion to proceed pseudonymously as to Plaintiffs Pablo and Jesus Doe; (2) denying Plaintiff Yanet Doe's motion to proceed pseudonymously or, in the alternative, ordering Plaintiffs to present *particularized* factual evidence, not a generalized attorney affidavit,

1

supporting Plaintiff Yanet Doe's entitlement to pseudonymous treatment within fourteen days; (3) ordering the clerk of court to change the case caption to reflect the legal names of all Doe Plaintiffs who this Court determines are not deserving of pseudonymous treatment; and (4) ordering that any future named Plaintiff or putative class member who wishes to proceed pseudonymously must present particularized factual evidence, not just a generalized attorney affidavit, supporting their entitlement to such treatment.

<div style="padding-left: 50%;">

Respectfully submitted,

</div>

Dated: January 30, 2026

/s/ Brian T. Kelly
Brian T. Kelly (BBO No. 549566)
Ross MacPherson (BBO No. 705598)
NIXON PEABODY LLP
Exchange Place
53 State Street
Boston, Massachusetts 02109-2835
Tel: (617) 345-1000
Fax: (855) 714-9513
bkelly@nixonpeabody.com
rmacpherson@nixonpeabody.com

Christopher M. Mason (admitted *pro hac vice*)
NIXON PEABODY LLP
55 West 46th Street
New York, New York 10036-4120
(212) 940-3000
cmason@nixonpeabody.com

*Counsel for Defendant Vertol Systems Company, Inc.*

## LOCAL RULE 7.1(A)(2) CERTIFICATION

I hereby certify that counsel for Defendants Vertol Systems Company, Inc. conferred with counsel for Plaintiffs in attempt to resolve or narrow the issues presented before the Court but were unable to reach a resolution.

/s/ Ross MacPherson
Ross MacPherson

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was filed electronically on January 30, 2026, and thereby delivered by electronic means to all registered participants as identified on the Notice of Electronic Filing.

>                             */s/ Ross MacPherson*
>                             Ross MacPherson