IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALIANZA AMERICAS, YANET DOE, PABLO DOE, and JESUS DOE, on behalf of themselves and all others similarly situated,<br><br>       Plaintiffs,<br><br>       v.<br><br>VERTOL SYSTEMS COMPANY, INC.,<br><br>       Defendant. | Civil Action No.: 1:22-cv-11550-ADB |

## DECLARATION OF JASMINE N. BROWN

I, Jasmine N. Brown, hereby declare and state as follows pursuant to 28 U.S.C. § 1746:

1. I am an attorney and associate at the law firm Foley Hoag, LLP, co-counsel for Plaintiffs Yanet Doe, Pablo Doe, and Jesus Doe (the "Doe Plaintiffs"), on behalf of themselves and all others similarly situated (the "Class Plaintiffs"), and Alianza Americas ("Alianza" and, together, "Plaintiffs").

2. I submit this declaration on behalf of Plaintiffs in support of their Opposition to Vertol System Company, Inc.'s ("Vertol") Motion to Reconsider the Court's Order Granting Plaintiffs' *Ex Parte* Motion to Proceed Pseudonymously ("Motion to Reconsider"). I am familiar with the facts and information set forth herein based on my own personal knowledge.

3. On December 19, 2025, I received an email from counsel for Vertol addressing outstanding issues from a meet and confer. A true and correct copy of this December 19, 2025 email is attached hereto as Exhibit 1.

4. In the December 19 email, Vertol states, for the first time, that it was "reserv[ing] all rights, including seeking reconsideration or other relief as appropriate" on the "confidentiality / pseudonym protections" of the Doe Plaintiffs' identities.

1

5. On December 30, 2025, I received an email from counsel for Vertol stating, "We intend to file a motion to reconsider/modify, as invited by the Court . . .." A true and correct copy of this December 30, 2025 email is attached hereto as Exhibit 2.

6. On January 13, 2026, the parties conferred about Vertol's intended motion to reconsider. I attended this conferral, along with Attorney Madeleine Rodriguez, on behalf of Plaintiffs. Attorney Ross MacPherson attended the conferral on behalf of Vertol.

7. During the conferral, Attorney Rodriguez and I asked Attorney MacPherson for any public information, including news articles, that identified Yanet Doe, Pablo Doe, and Jesus Doe as the three named Plaintiffs in this lawsuit. Attorney MacPherson responded that he was unaware of any such public disclosure and, thus, could not provide us with that information.

8. Attorney Rodriguez and I also asked Attorney MacPherson about Vertol's basis for filing this Motion to Reconsider. Attorney MacPherson responded that he was not obligated to disclose Vertol's "litigation strategy" but invoked the "traditional justifications" for wanting Yanet Doe, Pablo Doe, and Jesus Doe to proceed under their legal names.

9. We stated that the "traditional justifications" under the First Amendment included subjecting litigants to public scrutiny, and asked Attorney MacPherson to confirm whether that was the justification for Vertol's motion. In response, Attorney MacPherson stated that public scrutiny was among the justifications, along with other "traditional justifications."

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 17, 2026
Boston, MA

                                                   */s/ Jasmine N. Brown*
                                                   Jasmine N. Brown

3

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing was filed electronically on February 17, 2026, and thereby delivered by electronic means to all registered participants as identified on the Notice of Electronic Filing.

                                            */s/ Kenneth S. Leonetti*
                                            Kenneth S. Leonetti

# EXHIBIT 1

| | |
|---|---|
| **From:** | MacPherson, Ross <rmacpherson@nixonpeabody.com> |
| **Sent:** | Friday, December 19, 2025 15:44 |
| **To:** | Brown, Jasmine N. |
| **Cc:** | Kerner, Rachel; Kelly, Brian; Mason, Christopher; Leonetti, Ken; Rodriguez, Madeleine; Zaleznik, Daniel; Oren Sellstrom; Mirian Albert |
| **Subject:** | RE: Alianza Americas et al. v. Vertol Systems Company, Inc. - Protective Order |

**[ EXTERNAL SENDER - rmacpherson@nixonpeabody.com ]**

Counsel,

We write to follow up on last week's meet and confer and regarding the motion for a protective order.

**Follow Up to Meet and Confer**

Thank you for meeting with us last week. We write to address a few items that remain open following our conference:

1. **Request Nos. 35-36:** Request 35 seeks documents concerning the decision or instruction that "Vertol recruit and/or provide transportation to immigrants located or residing in the State of Texas pursuant to the Immigrant Relocation Program." Request 36 seeks the same for "immigrants located outside the State of Florida." Vertol informed Plaintiffs that it would conduct a reasonable search for documents responsive to this request as it relates to the migrants who accepted transportation on the Martha's Vineyard flights. However, Vertol objected to this request on the grounds that it is overly broad and unduly burdensome to require the production of documents and communications regarding migrant transportation programs unrelated to the Class Plaintiffs. Plaintiffs were not satisfied with this answer because they argued that documents or communications seeking to recruit immigrants who did not board the Martha's Vineyard flights were relevant to whether there was a "scheme" to transport migrants more broadly.

    Vertol is not persuaded that materials related to other migrants is relevant or proportional to the needs of this case. Plaintiffs' surviving claims hinge on allegations that the Doe Plaintiffs and the putative class members were deceived into boarding the Martha's Vineyard Flights and suffered injuries because of the fact that they actually traveled to Martha's Vineyard. The complaint does not contain any allegations about migrants who were recruited, but did not board the Martha's Vineyard flights or who allegedly suffered similar injuries on any other flights. Accordingly, Plaintiffs define their proposed class to include only those migrants who boarded the Martha's Vineyard flights. *See* Compl. ¶ 282(c) & (d) (alleging that the class has common issues, including "[w]hether Defendants transported Class Plaintiffs to Martha's Vineyard from outside the state of Florida" and "[w]hether Defendants falsely imprisoned Class Plaintiffs when they confined them to a plan and then to an isolated island"). Vertol fails to see the relevance of recruitment information unrelated to the Martha's Vineyard flights. However, Vertol remains willing to confer with Plaintiffs regarding this response as Vertol continues to produce documents responsive to these requests.

2. **Request No. 43**. After further review, Vertol believes that it has already agreed to conduct a reasonable search for relevant documents responsive to this request. Request No. 41 seeks the production of documents "concerning or relating to efforts taken by Vertol to identify, locate, and recruit immigrants residing or located in the State of Florida for the Martha's Vineyard Flights and/or the Immigrant Relocation Program." Request No. 42 requests the same for "immigrants residing or located outside of the State of

Florida." Since any location is either inside or outside of Florida, these requests encompass all migrant recruitment efforts regardless of location. Vertol agreed to conduct a reasonable search for records responsive to these requests. Request No. 43 makes the same request for migrants "who wished to travel to Martha's Vineyard." Vertol does not know how this phrase encompasses a different set of documents than those requested under Request Nos. 41 and 42. We'd appreciate a further explanation as to how Request No. 43 is seeking documents that are not otherwise responsive to Request Nos. 41 and 42.

3. **Request No. 46.** Request No. 46 seeks "[a]ll documents and communications concerning or relating to the race, ethnicity, and/or national origin of immigrants recruited or to be recruited for Martha's Vineyard Flights and/or the Immigration Relocation Program, including the Class Plaintiffs." In its December 3, 2025 letter, Vertol objected to this request on the grounds that it is overbroad and not proportional to the needs of the case, and offered to limit the scope of this request to migrants who traveled to Martha's Vineyard. During our recent meet and confer, Plaintiffs explained that they were seeking information about other migrants who were recruited, but did not board the planes, because it could be evidence of disparate treatment. Vertol does not understand how documents or communications for immigrants who (1) were recruited and boarded the planes, and (2) were intended or actually were recruited, but did not board the planes, would provide evidence of disparate treatment because immigrants in both scenarios received the same treatment (i.e. recruitment). As above, Vertol remains willing to confer with Plaintiffs regarding this response as document productions continue.

4. **Request Nos. 81 and 82.** Vertol objected to producing its standard operating policies and procedures for two reasons: (1) Ultimate Jet was responsible for operating the flights from San Antonio, Texas to Martha's Vineyard, meaning their standard operating policies and procedures would have been in effect during the flights, so Vertol's SOPs would not be relevant or lead to discovery of admissible evidence; and (2) the production of Vertol's standard operating procedures is overbroad and unduly burdensome because it is not likely to result in the discovery of admissible evidence, particularly because the flights were not operated by Vertol. We understand that Plaintiffs disagree with this objection because they believe that the standard operating procedures could reveal Vertol's expectations about how their flights should be operated and it may identify custodians of information from which Plaintiffs could seek information through third-party subpoenas. The generic information set forth in standard operating procedures is plainly irrelevant to this case and will not identify other custodians of information with information relevant to this case. Vertol maintains its objections and does not intend to produce absent agreement/court order.

**Protective Order**

On December 17, Plaintiffs disclosed the true legal names of the Doe Plaintiffs to Vertol in their interrogatory responses. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ This raises doubts that the order permitting the Doe Plaintiffs to proceed pseudonymously is appropriate as it is currently construed.

Additionally, throughout the course of Plaintiffs' and Vertol's negotiations on the protective order, Plaintiffs have argued that they have good cause to install restrictive confidentiality measures with respect to the Doe Plaintiffs and the putative class members based on the Court's decision to grant pseudonymous protection to the Doe Plaintiffs. Confidentiality protections, however, are premised on the idea that information has not been made public previously. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

In light of the fact that Vertol is just now learning that the identity of one Doe Plaintiff was disclosed in public reporting, Vertol is reassessing the scope of any confidentiality / pseudonym protections as to identities that are no longer non-public. Vertol reserves all rights, including seeking reconsideration or other relief as appropriate,

but remains willing to work promptly with you on a protective order that appropriately reflects the current record. We will follow up with you promptly to schedule a meet and confer.

To be sure, Vertol will treat the information produced yesterday as directed in your interrogatory responses (i.e. the Doe Plaintiffs' names will be treated as "Confidential" and the dates of birth will be treated "Highly Confidential") until the Court enters a protective order or provides a similar ruling clarifying the confidential status of these records.

To the extent that Plaintiffs may argue that Vertol's decision today amounts to delay, we remind you that Plaintiffs declined to disclose the true legal names of the Doe Plaintiffs as required under Rule 26(a)(1)(A)(i) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 26(a)(1)(A)(i) (requiring parties, "without awaiting a discovery request," to provide the other parties with the "name, and if known, the address and telephone number of each individual likely to have discoverable information"). We also noted the serious due process concerns that Plaintiffs' withholding of the Doe Plaintiffs' identities presented. Vertol informed Plaintiffs of this violation by email on November 3, 2025, and, on November 21, 2025, Vertol also invited Plaintiffs to share the Doe Plaintiffs' identities on an "attorneys' eyes only" basis until entry of a protective order. Plaintiffs refused to do so as they continued to negotiate for "Highly Confidential – Attorneys' Eyes Only" protections for the Doe Plaintiffs' identities and identifying information.

Vertol reserves all rights.

Regards,
Ross



**Ross MacPherson**
**Associate**
rmacpherson@nixonpeabody.com
T/ +1 617.345.1057   M/ +1 781.308.5247   F/ +1 833.409.3947

Nixon Peabody LLP
Exchange Place, 53 State Street, Boston, MA 02109-2835
LinkedIn | Subscribe

This email message and any attachments are confidential and may be protected by the attorney/client or other applicable privileges. The information is intended to be conveyed only to the designated recipient(s) of the message. If you are not an intended recipient, please notify the sender immediately and delete the message from your email system. Unauthorized use, dissemination, distribution or reproduction of this message by other than the intended recipient is strictly prohibited and may be unlawful. Thank you.

# EXHIBIT 2

| | |
|---|---|
| **From:** | MacPherson, Ross <rmacpherson@nixonpeabody.com> |
| **Sent:** | Tuesday, December 30, 2025 17:49 |
| **To:** | Brown, Jasmine N. |
| **Cc:** | Kerner, Rachel; Kelly, Brian; Mason, Christopher; Leonetti, Ken; Rodriguez, Madeleine; Zaleznik, Daniel; Oren Sellstrom; Mirian Albert |
| **Subject:** | RE: Alianza Americas et al. v. Vertol Systems Company, Inc. - Protective Order |

**[ EXTERNAL SENDER - rmacpherson@nixonpeabody.com ]**

Jasmine,

To respond to your email from last night:

- Protective order. We agree we remain at impasse on the remaining issues. To confirm, we are still aligned on a joint submission presenting each side's position; our outreach was simply to give your team a chance to discuss issues that arose since our last conferral. We will have our updated insert to you by Friday, January 2, for inclusion in the joint filing.

- Pseudonym order. We intend to file a motion to reconsider/modify, as invited by the Court, based on information we recently learned in discovery, and to clarify that the pseudonym ruling governs public filings, not legitimate discovery use. Because our prior conferrals have overlapped these issues, we're happy to treat those conferrals as satisfying LR 7.1 for this motion if you agree; if you disagree, please advise.

- Documents. This is a separate issue. We are not "withholding" any responsive materials; we have been producing on a rolling basis, and our responses/objections are intended to tailor to relevance/proportionality and awaiting workable identity-handling rules. Plaintiffs' recent responses themselves assert broad relevance/proportionality limits and condition production on a protective order. We will address those issues in the ordinary course.

Please confirm by tomorrow whether (i) you agree to proceed as originally proposed, via a joint submission presenting each side's positions, and (ii) you are treating conferral on pseudonym reconsideration as complete. We'll circulate our updated PO insert and the reconsideration motion papers on January 2.

If you choose to move unilaterally on the protective order, please send us a Word version of your proposed protective order so that we can submit a redline in connection with our opposition. Please also reflect in your LR 7.1(a)(2)/LR 37.1 certificate that Vertol opposes and we will file an opposition.

Regards,
Ross



**Ross MacPherson**
**Associate**
rmacpherson@nixonpeabody.com
T/ +1 617.345.1057   M/ +1 781.308.5247   F/ +1 833.409.3947

Nixon Peabody LLP
Exchange Place, 53 State Street, Boston, MA 02109-2835
LinkedIn | Subscribe

This email message and any attachments are confidential and may be protected by the attorney/client or other applicable privileges. The information is intended to be conveyed only to the designated recipient(s) of the message. If you are not an intended recipient, please notify the sender immediately and delete the message from your email system. Unauthorized use, dissemination, distribution or reproduction of this message by other than the intended recipient is strictly prohibited and may be unlawful. Thank you.