UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALIANZA AMERICAS, YANET DOE, PABLO DOE, and JESUS DOE, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>VERTOL SYSTEMS COMPANY, INC.,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Civil Action No. 22-cv-11550-ADB |

ORDER ON PLAINTIFFS' MOTION TO COMPEL
[Docket No. 230]

May 22, 2026

Boal, M.J.

This case concerns the transport of nearly fifty immigrants from Texas to Martha's Vineyard. Pursuant to Rule 37(a)(3)(B) of the Federal Rules of Civil Procedure and Local Rule 37.1(b), plaintiffs Alianza Americas, Yanet Doe, Pablo Doe, and Jesus Doe, on behalf of themselves and all others similarly situated (collectively, "Plaintiffs") ask this Court to compel defendant Vertol Systems Company, Inc. to produce documents responsive to Plaintiffs' discovery requests. Docket No. 230. For the following reasons, I grant in part and deny in part the motion. [1]

---

[1] On April 7, 2026, Judge Allison D. Burroughs referred this instant motion to the undersigned. Docket No. 233.

I.       FACTUAL AND PROCEDURAL BACKGROUND

In the summer of 2022, the Florida Department of Transportation ("FDOT") sought bids from vendors to transport immigrants from Florida to other states.  Docket Nos. 137 ¶ 37; 189 ¶ 37.  After submitting a bid, Vertol secured the contract, and in late 2022, its employees and independent contractor Perla Huerta traveled to San Antonio, Texas, to perform its obligations.  Docket Nos. 137 ¶¶ 42, 64; 189 ¶¶ 42, 64.  While in San Antonio, Huerta, a Spanish speaker, asked immigrants if they would like to fly to Massachusetts or another state.  Docket Nos. 137 ¶ 73; 189 ¶ 73.  On September 14, 2022, Vertol transported nearly fifty immigrants from Texas to Martha's Vineyard, with an intermediate stop in Florida.  See, e.g., Docket Nos. 137 ¶¶ 135-136; 189 ¶ 136.  The relevant time period for these allegations covers only a number of months.

On September 20, 2022, Plaintiffs filed a complaint against the Florida governor, the FDOT secretary, the State of Florida, FDOT, and several unnamed individuals.  Docket No. 1.  On November 29, 2022, Plaintiffs amended the complaint to add defendants, including Vertol, and filed a second amended complaint on July 19, 2024.  Docket Nos. 21; 137.  Following several rounds of briefing, Judge Burroughs ultimately dismissed all defendants except Vertol for lack of personal jurisdiction, Docket No. 112.

Plaintiffs filed the instant motion to compel on April 7, 2026.  Docket No. 230.  Vertol filed an opposition on April 21, 2026.[2]  Docket No. 238.  On May 20, 2026, this Court held a hearing on the motion.  Docket No. 248.

---

[2] On May 12, 2026, this Court granted Plaintiffs' motion for leave to file a reply in support of their motion to compel.  Docket Nos. 245; 247.  Although Plaintiffs did not subsequently file a reply as a separate docket entry, this Court nonetheless considered the proposed reply attached as an exhibit to Plaintiffs' motion.  See Docket No. 245-1.

II.     STANDARD OF REVIEW

"Discovery procedures set forth in the Federal Rules of Civil Procedure seek to further the interests of justice by minimizing surprise at trial and ensuring wide-ranging discovery of information." Cartel Asset Mgmt. v. Ocwen Fin. Corp., No. 01-cv-01644-REB-CBS, 2010 WL 502721, at *9 (D. Colo. Feb. 8, 2010) (citing United States ex rel. Schwartz v. TRW, Inc., 211 F.R.D. 388, 392 (C.D. Cal. 2002)).  To that end, Rule 26(b) permits "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).  Factors that must be considered in weighing proportionality include "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Id.

"[T]he party seeking an order compelling discovery responses over the opponent's objection bears the initial burden of showing that the discovery requested is relevant." Torres v. Johnson & Johnson, No. 3:18-10566-MGM, 2018 WL 4054904, at *2 (D. Mass. Aug. 24, 2018) (citation omitted).  "Once a showing of relevance has been made, the objecting party bears the burden of showing that a discovery request is improper." Id. (citation omitted).

III.    ANALYSIS

Plaintiffs bring several counts against Vertol including:  substantive due process and unlawful seizure violations pursuant to 42 U.S.C. § 1983; civil rights conspiracy in violation of 42 U.S.C. § 1985(3); false imprisonment; negligent and intentional infliction of emotional distress; civil conspiracy; and aiding and abetting.  Docket No. 137 ¶¶ 290-302, 329-354, 355-392.  Vertol asserts various affirmative defenses, including that the individual Plaintiffs

consented to boarding the flight to Massachusetts.  Docket No. 189 at 73.  Plaintiffs move to compel discovery responsive to Requests for Production Nos. 35, 36, 40, 43, 46, 81, and 82. Docket No. 231 at 1.

A.  RFP Nos. 35 and 36

Request No. 35 seeks "[a]ll documents and communications concerning or relating to the decision or instruction that Vertol recruit and/or provide transportation to immigrants located or residing in the State of Texas pursuant to the Immigrant Relocation Program."  Docket No. 232-2 at 22.  Request No. 36 seeks the production of the same documents regarding "immigrants located or residing outside of the State of Florida."  Id.

This Court finds that the information sought by Plaintiffs is relevant.  The planning and decision-making process regarding recruitment outside of Florida is central to Plaintiffs' allegations of a coordinated, pre-meditated scheme.  The internal instructions and decisions to expand recruitment efforts outside of Florida are probative of Vertol's intent, methods, and the overall scope of the relocation plans.  Further, Vertol has failed to show the request is improper or that it would impose an undue burden.  Finally, Vertol's argument that RFP Nos. 35 and 36 are duplicative is unavailing.  Docket No. 238 at 5-6.  Although the requests overlap because Texas is necessarily "outside the State of Florida," RFP Nos. 35 and 36 are sufficiently distinct to warrant separate responses.  Accordingly, Vertol shall produce documents responsive to RFP Nos. 35 and 36.

B. RFP No. 40

RFP No. 40 requests "[a]ll documents and communications otherwise concerning or relating to the Recruiter's[3] involvement with the Martha's Vineyard Flights and/or the Immigrant Relocation Program."  Docket No. 232-2 at 24.  Plaintiffs allege the Recruiter was in contact with Huerta through electronic messaging applications during the recruitment process.  See Docket Nos. 137 ¶ 165; 231 at 17.  As a result of the parties' discussions, Plaintiffs are focused on Huerta's communications.  Plaintiffs argue that Vertol has control over these materials because it previously produced documents from Huerta.  Docket No. 231 at 18-19.  Vertol responds that Huerta is an independent contractor and her personal files are not within its possession, custody, or control.  Docket No. 238 at 11-12.

This Court finds that Vertol has the contractual right to obtain these records to the extent that they constitute confidential business information as defined by Vertol's contract with Huerta. See Docket No. 232-9 at 2-3, 7.  Accordingly, Vertol must produce such records as defined by the contract.

C. RFP No. 43

RFP No. 43 seeks "[a]ll documents and communications concerning or relating to efforts to identify, locate, and recruit immigrants, including the Class Plaintiffs, who wished to travel to Martha's Vineyard, including documents and communications between Vertol, Perla Huerta, Sam Miller, the Recruiter, and/or any other person regarding the same."  Docket No. 232-2 at 25.

This Court finds that the means and methodology of the pitch used to solicit immigrants is central to claims at issue here.  Vertol has not met its burden of showing that the discovery

---

[3] The "Recruiter" refers to an unknown person referenced in ¶ 165 of the Second Amended Complaint.  Docket No. 232-1 at 4 ¶ 14.

request is improper, particularly given the short duration of the alleged scheme.  Accordingly, Vertol shall produce documents regarding the recruitment process in San Antonio, irrespective of whether the individuals involved ultimately boarded the flights.

### D.  RFP No. 46

RFP No. 46 seeks "[a]ll documents and communications concerning or relating to the race, ethnicity, and/or national origin of immigrants recruited or to be recruited for Martha's Vineyard Flights and/or the Immigrant Relocation Program, including the Class Plaintiffs." Docket No. 232-2 at 27.  Plaintiffs argue this request is relevant to the surviving § 1985(3) conspiracy claim.  Docket No. 231 at 14.  Vertol initially objected to the request based on the dismissal of the Equal Protection claim but has since signaled a willingness to produce records limited to the named Plaintiffs.  Docket No. 238 at 8.  Because a § 1985(3) claim requires proof of discriminatory animus, the demographic data of those targeted, not just those who flew, is relevant.  Accordingly, Vertol shall produce documents related to the race, ethnicity, and national origin of individuals targeted for recruitment.

### E.  RFP Nos. 81 and 82

RFP No. 81 seeks "[a]ll documents and communications concerning or relating to information routinely provided to passengers on other flights operated by Vertol, including without limitation any training materials, pamphlets, or other documents used by Vertol with respect to such information."  Docket No. 232-2 at 42.  RFP No. 82 requests "[a]ll documents and communications concerning or relating to Vertol's standard operating procedures, other standards, and/or processes for flights operated by Vertol."  Id. at 43.  However, in their reply brief, Plaintiffs clarify that they seek "only documents from Ultimate Jet" within Vertol's possession, custody, or control.  Docket No. 245-1 at 8.  That is not what Plaintiffs originally

sought.  Plaintiffs may not alter their argument in a reply brief to seek discovery not contemplated by the initial document requests.  Nor is there any record evidence that Vertol has the right to access Ultimate Jet's documents.  Accordingly, Plaintiffs' motion with respect to RFP Nos. 81 and 82 is denied.

IV.    CONCLUSION

For all the reasons stated above, I grant in part and deny in part the motion to compel as set forth above.  Vertol is ordered to produce responsive documents by June 12, 2026.

/s/ Jennifer C. Boal
JENNIFER C. BOAL
U.S. MAGISTRATE JUDGE