**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| YANET DOE, PABLO DOE, and JESUS DOE, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>VERTOL SYSTEMS COMPANY, INC.,<br><br>Defendant. | Civil Action No. 22-cv-11550-ADB |

**DECLARATION OF YANET DOE**

I, Yanet Doe, declare under penalty of perjury that the following is true and correct:

1. I am one of the named plaintiffs in this action and my pseudonym is "Yanet Doe." I respectfully submit this declaration in support of my request to continue proceeding under a pseudonym.

2. I am a Venezuelan national.

3. I reside in Massachusetts.

4. I currently have an asylum application pending based on my experience surviving violence in Venezuela. Through my asylum application, I also have employment authorization.

5. I also have a pending U Visa petition seeking humanitarian immigration protection.

6. I previously held Temporary Protected Status ("TPS").

7. I fled Venezuela because I feared for my safety and the safety of my family after experiencing threats and violence at the hands of the Venezuelan police. Before leaving, police officers monitored my family and targeted us because they wrongly believed we had possessions of value. On one occasion, they broke into our home and threatened to harm us if we did not

1

give them our motorcycle, which was the only valuable possession we owned. Those experiences left me fearful of government authorities and convinced me that my family was no longer safe in Venezuela.

8. I still have close family members in Venezuela, including my mother.

9. I worry constantly about my mother's safety and the safety of my other family members in Venezuela.

10. Based on my own experiences with violence by government officials in Venezuela and the highly unstable conditions that continue to exist there, I fear that publicly identifying me as a named plaintiff and class representative in this high-profile lawsuit will expose my family to retaliation, intimidation, extortion, or other harm.

11. I am concerned that the highly public nature of this lawsuit may create the mistaken impression that I have acquired or stand to obtain influence or financial resources as a result of my participation as a named plaintiff and class representative in this case. In Venezuela, even inaccurate perceptions of that nature can expose family members to extortion, intimidation, or violence. Because my family continues to live there, where government corruption and criminal activity remain pervasive, I believe these risks are very real.

12. Because I have experienced violence at the hands of Venezuelan officials, I know that my family and I have already been identified, surveilled, and targeted. I escaped, but my mother and others remain there. Public disclosure of my identity as a named plaintiff and class representative in this lawsuit could renew attention to my family and increase the risk that they will be subjected to intimidation, retaliation, or other harm by government officials or those acting on their behalf.

13. My fear is also rooted in my personal experience in the United States. I fear that

2

publicly revealing my identity as a named plaintiff and class representative could subject me and my family to harassment because of the increasingly hostile climate towards Latino immigrants in the United States.

14. In light of the current anti-immigrant climate, if my identity were publicly connected to this case, I believe it would make me and my family targets for harassment and violence because of our background and immigration status. Since the planes landed, the polarizing debate over immigration has only become more intense.

15. But since the planes landed on Martha's Vineyard, our lives became the focus of national media coverage and political debate. We were pulled into the middle of something we never chose to be part of. We have tried to avoid it so we can live regular lives without our personal experience, becoming the subject of intense public and political scrutiny.

16. Since arriving on Martha's Vineyard, we have become the subject of intense public attention and the butt of jokes. Political commentators and others have used our experiences as part of broader debates over immigration, often treating us as political talking points rather than as people.

17. All this negative scrutiny and public attention that followed has been extremely challenging and difficult for my family, especially my minor child. The media coverage and public discussion of the flights followed my child into their everyday life and affected their ability to feel comfortable and safe at school.

18. In school, some students have recognized my child due to the intense and negative publicity surrounding the flights. Children have approached my child at school asking whether they were "one of the migrants on the planes."

19. Others have bullied and taunted my child for being tricked and lied to and ending

3

up in Martha's Vineyard. As a result, my child became withdrawn and stopped wanting to socialize with other children.

20.    The bullying caused my child significant distress. They became so intimidated, embarrassed, ashamed, and fearful that they did not want to attend school.

21.    My child missed several school days, fearing they were going to be singled out or harassed.

22.    My heart hurt watching my child go through this. My child had already experienced so much in their journey to the United States. Instead of simply being able to adjust to a new country and learn a new language, my child was forced to deal with ridicule and harassment because of a traumatic event that was not their fault.

23.    As a result of bullying and harassment my child experienced at school, I had to meet with school administrators and teachers to request that they avoid discussing the Martha's Vineyard scheme in class.

24.    No mother should have to worry about the safety of her child, especially after this ordeal.

25.    In this manner and many others, this scheme has stripped me and my family of our safety and dignity. That's why we pray that the court allow us to continue proceeding under a pseudonym.

26.    I also now have a younger child. I do not want them to experience the same shame, harassment, and intimidation that their older sibling has endured. I fear that if I am publicly identified as a plaintiff in this lawsuit, my younger child could also be singled out by others and forced to relive the same experience as my older child.

27.    I want both my children to be able to attend school, make friends, and enjoy a

normal childhood without being defined by the scheme and political stunt perpetrated against us.

28.     We are doing our part to stay safe. Since leaving Martha's Vineyard, my family has avoided speaking with reporters or participating in interviews. We have deliberately, intentionally, and successfully kept a low profile to protect our privacy and reduce scrutiny and harassment directed towards us.

29.     At this point, publicly identifying me as a named plaintiff and class representative in this lawsuit would be dangerous. It would expose me to a new level of public attention beyond what my family has already experienced as part of this unwanted political stunt.

30.     I fear that publicly linking my name and identity to my role as a named plaintiff and class representative in this lawsuit would make it much easier for people to identify me online, locate information about my immigration history, search for my address, target my children, and direct even more violence and harassment towards us.

31.     After the flights, I learned that Perla Huerta, the woman who recruited my family and others, was working on behalf of or along with officials from the State of Florida.  Learning this reinforced my fear that government officials could misuse their authority to deceive, monitor, target or retaliate against me. Because of my lived experience in Venezuela, these events re-triggered those fears and have left me with a continuing fear of being monitored or targeted by government authorities.

32.     This has made me very conscious of my whereabouts and who surrounds me, and hypervigilant about my children's safety.

33.     I am also concerned about being publicly identified as a named plaintiff and class representative because of my pending immigration applications. Although I have done nothing wrong, I worry that publicly tying me to this lawsuit could subject me to additional scrutiny or

negatively affect the outcome of my pending immigration applications.

34.     If I believed that filing this lawsuit required revealing my identity publicly, I would have had serious reservations about participating because of the risks to myself and my family. All these concerns remain today.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 13th day of July 2026.


/s/ Yanet Doe
Yanet Doe

**CERTIFICATE OF INTERPRETATION AND TRANSCRIPTION**

I, Mirian Albert, certify that I am fluent in English and Spanish, that I am competent to interpret between these languages, and that I transcribed the foregoing between English and Spanish accurately. I further certify that I provided a translation of the foregoing to Yanet Doe in Spanish and that he affirmed that it is true and correct.

Executed this 13th day of July 2026.

*Mirian Albert*
_____

Mirian Albert

1